**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

(1) Anthony Trupia, an Individual,

Plaintiff,

v.

(1) City of Oklahoma City, a municipal corporation;
(2) Oklahoma City Water Utilities Trust (OCWUT), a public trust;
(3) Chris Browning, individually and in his official capacity as Utilities Director and General Manager of OCWUT;
(4) James D. Couch, individually and in his official capacity as Chairman of OCWUT and Independent Trustee;
(5) David Holt, individually and in his official capacity as Mayor of Oklahoma City and OCWUT Trustee;
(6) Mark Stonecipher, individually and in his official capacity as Councilmember and OCWUT Vice Chairman/Surrogate Trustee;
(7) Craig Freeman, individually and in his official capacity as City Manager and OCWUT Trustee;
(8) Don E. Noble, individually and as Owner of Cimarron Construction Co., LLC;
(9) Gary Matthews, individually and as owner of Matthews Trenching;
(10) Rick Thompson, individually and as owner of Wynn Construction Co., Inc;
(11) Carollo Engineers, Inc.;
(12) Black & Veatch Corporation;
(13) Crossland Heavy Contractors, Inc.;
(14) Archer Western Construction Co., Inc;
(15) Wynn Construction Co, Inc.;

CIV-2026-____________

Oklahoma County District Court
Case No. CJ-2026-515

Jury Trial Demanded

(16) Cimarron Construction Co., LLC; )
(17) Matthews Trenching Co., Inc.; )
(18) Krapff-Reynolds Construction Company;)
and )
(19) John Doe Oklahoma City Police Officers )
1 through 4, individually and in their )
official capacities, )
)
Defendants. )

**NOTICE AND PETITION FOR REMOVAL**

**COMES NOW** Defendants, The City of Oklahoma City (City) and the Oklahoma Water Utilities Trust (OCWUT) by and through their Counsel, Katie Goff, and petition this Court for removal of this case to the United States District Court for the Western District of Oklahoma, from the District Court of Oklahoma County, where it was filed as Case Number CJ-2026-515, pursuant to 28 U.S.C. § 1441(a) and L.Cv.R. 81.2 of the Local Rules of the United States District Court for the Western District of Oklahoma. In support of this Petition, Defendants City and OCWUT state the following:

**A. Introduction**

1. Plaintiff is Anthony Trupia, an Individual, representing himself Pro Se in the Second Amended Complaint triggering this removal. (Ex. 1-Second Amended Complaint).

2. Plaintiff originally filed this action on January 21, 2026. (Ex. 2-Docket). Shortly thereafter, Plaintiff filed a Motion for Leave to File First Amended Complaint, and the state court granted this order, but Plaintiff never picked it up and filed it. (Ex. 2-Docket). Plaintiff also never actually filed the First Amended Complaint. (Ex. 2-Docket). However, for the sake of consistency and clarity, City and OCWUT will refer to the Complaint

subject to removal just as Plaintiff and the state court did: Plaintiff's Second Amended Complaint. [1]

3. There were eighteen defendants named in the first iteration of this lawsuit:

i. Oklahoma City
ii. OCWUT
iii. Chris Browning
iv. James Couch
v. David Holt
vi. Mark Stonecipher
vii. Craig Freeman
viii. Don Noble
ix. Gary Matthews
x. Rick Thompson
xi. Carollo Engineers
xii. Black & Veatch
xiii. Crossland Heavy Contractors
xiv. Archer Western Contractors
xv. Wynn construction
xvi. Cimarron Construction
xvii. Matthews Trenching Co., Inc
xviii. Krapff-Reynolds Construction

4. Between April 15, 2026 and August 7, 2026, most of the defendants filed Motions to Dismiss, except Crossland, who Answered. (Ex. 2-Docket). Further, Defendants Gary Matthews and Carollo do not appear to have been served nor have they filed anything.

5. On August 10, 2026, the court granted the Motions to Dismiss of Chris Browning, Craig Freeman, David Holt, James Couch, Mark Stonecipher, Matthews

[1] Many of the parties, in their Motions to Dismiss, treated Plaintiff's First Amended Complaint as if it had been filed. It had not been. He simply received permission to file it by way of a note on the docket sheet.

Trenching, Krapff-Reynolds, Archer Construction, and Black and Veach. (Ex. 2-Docket; Ex. 3 Order re: Matthews Trenching, Ex. 4-Order re: Individual City Defendants). The Court denied the Motions of Oklahoma City and OCWUT. (Ex. 5-Order re: City & OCWUT). Because all parties are re-named in the Second Amended Complaint, the lawsuit is effectively starting completely anew, *especially as to the dismissed but re-named defendants of whom the state court previously divested itself of personal jurisdiction.*

6. From the docket sheet alone, other than the City & OCWUT, it appears that the remaining parties include Don Noble, Rick Thompson, Crossland Contractors, Wynn Construction and Cimarron Construction. All of these parties, except Crossland, filed Motions to Dismiss the final disposition of which is not noted on the docket sheet nor is there an order reflecting the final disposition. Crossland filed an Answer to the initial complaint. Gary Matthews and Carollo Engineers are also remaining parties, however, nothing on the docket sheet indicates they were served nor did they file any sort of responsive pleadings. (Ex. 2-Docket).

7. At the August 10, 2026 hearing, the state court granted Plaintiff leave to file his Second Amended Complaint within twenty days, which he did. (Ex. 1-Sec. Am. Comp.). The state court also granted the City and OCWUT thirty days from August 10, 2026 to file a Responsive pleading which is September 9, 2026. (Ex. 5-Order re: City & OCWUT).

8. In Plaintiff's Second Amended Complaint, he named all of the original eighteen defendants, including re-naming all of those who had been previously dismissed.

(Ex. 1-Sec. Am. Complaint, p. 1). He also added four John Doe Oklahoma City Police Officers. (Ex. 1-Sec. Am. Complaint, p. 1).

9. The original basis for the lawsuit is essentially alleging negligence, nuisance, conspiracy, fraud and other various state law causes of action related to Oklahoma City's water service, infrastructure and construction. (Ex. 6-Original Complaint).

10. Plaintiff's original complaint did not include any allegations of civil rights; however, the Second Amended Complaint does: specifically, 42 USC §1983 allegations against the City and John Doe officers, thus prompting this Removal. (Ex. 1-Sec. Am. Com., p. 43-45). The §1983 allegations are based on police action which Plaintiff claims to be, in part, retaliation for this lawsuit.

**B. Basis for Removal**

11. Removal is proper under 28 U.S.C. § 1441 because the Second Amended Complaint asserts claims under the United States Constitution and United States Code, specifically allegations of unreasonable search, excessive force and First Amendment Retaliation under 42 U.S.C. §1983. Therefore, the Second Amended Complaint presents constitutional claims over which this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343.

12. Defendant City, joined by OCWUT, file this notice of removal within the 30-day time period required by 28 U.S.C. §1446(b) after City received notice of the claim of constitutional violations against it. Additionally, this notice is filed consistently with the

state court's order that the City and OCWUT file a responsive pleading by September 9, 2026.

13. Pursuant to 28 U.S.C. § 1446(a) and L.Cv.R. 81.2, a copy of the Docket Sheet from the District Court of Oklahoma County on Case No. CJ-2026-515 is attached as Exhibit 2.

14. Pursuant to 28 U.S.C. §1446(1), all known defense counsel for the eleven non-City defendants, including those who have been dismissed and not re-served, have been notified of this Removal, even if only as a courtesy, and they have not indicated an objection.

15. There were approximately fifty pleadings and documents filed which pre-date the Second Amended Complaint-the trigger for this Removal, but nothing but a Civil Docket Transfer Order was filed after the Second Amended Complaint. (Ex. 2-Docket). There is nothing reflecting service on the dismissed and renamed or newly named defendants in the Second Amended Complaint. (Ex. 2-Docket). The only thing that might reflect process on any defendant is the "Return of Service" Plaintiff filed for Defendant City for a previous iteration of the Complaint. (Ex. 7-Return). For the sake of efficiency and clarity, and because the Second Amended Complaint trumps all previous filings, the City has attached only copies of the dismissal orders that are available and the Second Amended Complaint and the "Return of Service."

16. Pursuant to the above, the City & OCWUT respectfully request this matter be removed to the Western District of Oklahoma.

Respectfully Submitted,

Kenneth Jordan
Municipal Counselor

/s/ Katie Goff
Katie Goff, OBA# 32402
Assistant Municipal Counselors
200 N. Walker, 4th Floor
Oklahoma City, OK 73102
(405) 297-2451
katie.goff@okc.gov
*Attorney for Defendant City & OCWUT*

**CERTIFICATE OF FILING IN**
**THE DISTRICT COURT OF OKLAHOMA COUNTY**

This is to certify that on the 9th day of September 2026, a true and correct copy of the above and foregoing Notice and Petition for Removal was hand-delivered to the Clerk of the Court of the District Court of Oklahoma County.

/s/ Katie Goff
Assistant Municipal Counselor

## CERTIFICATE OF MAILING

I hereby certify that on the 9th day of September, 2026, I filed the attached document with the Clerk of the Court and served the attached document by US Postal Service on the following who are not registered participants of the Electronic Case Filing System or who do not yet have entries of appearance in this case which would cause them to receive electronic notice.[2]

E. Brooke Boutwell
BASS LAW, PC
252 NW 70th Street
Oklahoma City, OK 73116
brooke@basslaw.net
Counsel for Don Noble & Cimarron Construction

Eric L. Combs
Matthew J. Becker
119 North Robinson Ave., Ste 1200
Oklahoma City, OK 73102
combs@lytlesoule.com
becker@lytlesoule.com
Counsel for Defendant Wynn Construction
and Rick Thompson

Christopher T. Combs
Cole B. Brown
Ethan Elrod
Hayes Magrini & Gatewood
1220 North Walker Ave
Oklahoma City, OK 73103
ccombs@hmglawyers.com
cole@hmglawyers.com
eelrod@hmglawyers.com
Counsel for Crossland Heavy Contractors

[2] Counsel for the parties who had counsel with EOA and/or a responsive pleading but not specifically noted on the docket sheet as being dismissed are included on the certificate of service herein. Those appear to be Don Noble, Rick Thompson, Crossland Contractors, Wynn Construction, and Cimarron Construction. This is subject to mistake and based solely on the docket sheet. It will be sent as a courtesy, via email, to all other counsel in the state court case even if their clients were dismissed.

Anthony Trupia
605 SE 21st Street
Oklahoma City, OK 73129
Pro Se Plaintiff

/s/ Katie Goff
Assistant Municipal Counselor