**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ANTHONY TRUPIA, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIV-2026-2422-R |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| CITY OF OKLAHOMA CITY,<br>A municipal corporation, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT OKLAHOMA CITY WATER UTIILITIES TRUST'S MOTION TO DISMISS AND BRIEF IN SUPPORT**

**COMES NOW** Defendant Oklahoma City Water Utilities Trust (OCWUT), by and through Katie Goff, Assistant Municipal Counselor, who moves this Court to dismiss Plaintiff's Second Amended Complaint against Defendant OCWUT pursuant to Rule 12 (B)(1), (2) and (6) and Federal Rules of Civil Procedure Rule 8 as set forth in the following brief.

## STATEMENT OF THE CASE

1. OCWUT is a political subdivision of the State of Oklahoma and is subject to the Governmental Tort Claims Act. 55 OS § 151 et seq.

2. Plaintiff initiated this action on January 21, 2026, by filing a Complaint against the City of Oklahoma City and OCWUT, as well as several other City employees and several non-City individuals and companies in the original iteration of this in state court. [Doc. 1-2, p. 1].

3. On March 24, 2026, Plaintiff filed a "Motion for Leave to File First Amended Complaint," and, forgetting to attach the proposed Amended Complaint, filed it separately, immediately afterwards labeling it, "Exhibit A: First Amended Complaint." [Doc. 1-2, p. 6].

4. On March 25, 2026, this court entered an order allowing the Plaintiff to amend his petition/complaint. [Doc. 1-2, p. 6].

5. On April 15, 2026, this Defendant, OCWUT, filed a Motion to Dismiss premised on failure to comply with the Governmental Tort Claims Act and the Plaintiff's inability to seek punitive damages against this Defendant. [Doc. 1-2, p. 7].

6. On August 10, 2026, the state court heard this Defendant's Motion to Dismiss and denied it. [Doc. 1-5]. The court also gave Plaintiff twenty (20) days to amend his Complaint, which he did, resulting in this matter being removed to this court. [Doc. 1-1, Doc. 1-5].

7. Related to this Defendant, in what he titled his Second Amended Complaint, Plaintiff repeated several of the allegations from his original complaint: negligence, breach of contract, fraud/misrepresentation, violations of the Open Records Act, and nuisance, and added an allegation of inverse condemnation.

8. This lawsuit is defective on its face as it is not well plead, it fails to state a claim, is not founded in law, lacks jurisdictional prerequisites, and for these reasons, among others, it must be dismissed as to Defendant OCWUT.

## ARGUMENT AND AUTHORITY

### I. PLAINTIFF HAS NOT COMPLIED WITH THE GOVERNMENTAL TORT CLAIMS ACT IN HIS ACTION AGAINST OCWUT AND THE ALLEGATIONS BASED IN TORT MUST BE DISMISSED.

a. OCWUT is separate and distinct entity from the City of Oklahoma City while still subject to the GTCA.

OCWUT is a public trust created pursuant to the Oklahoma Trust Act. 60 O.S. § 175 *et seq*. and 176 *et seq*. (*Harrison v. Barton,* 1960 OK 256; See also *Oklahoma City Municipal Improvement Authority v. HTB, Inc,* 1988 OK 149.) A public trust duly created in accordance with the provisions of Section 176, *et seq.* shall be presumed for all purposes of Oklahoma law to exist as a legal entity separate and distinct from the settlor and from the governmental entity that is its beneficiary. 60 O.S. § 176.1.

In Oklahoma, public trusts are separate legal entities from their trustor and their beneficiary. *Oklahoma City Zoological Trust v. State ex rel. Public Employees Relations Board*, 2007 OK 21, 158 P.3d 461. In the *Oklahoma City Zoological Trust* case, the Oklahoma Supreme Court determined the Zoological Trust to be an autonomous public entity and not mere appendage of the City of Oklahoma City municipal government.

> "Statutory law makes clear that the instrument creating a trust exclusively controls the relationship between the beneficiary and the trustee and '…public trust…shall be presumed for all purposes of Oklahoma law to [e]xist as a legal entity separate and distinct from the settlor and from the government entity that is its beneficiary…" Zoological Trust, 2007 OK 21, 158 P.3d 461, citing 60 O.S. § 178 (A) and § 176.1 (A)(2); *see also State v. Garrison*, 1959 OK 260, 348 P.2d 859.

The Zoological Trust, like the OCWUT, was not created by the State or by the City. "The provisions of 60 O.S. 2004 § 176 neither state nor imply that public trusts are to be

viewed as created by the State or by a municipality." *Zoological Trust*, 2007 OK 21, ¶ 10, 158 P.3d 461, 466. ***Except for tort liability purposes***, a public trust that has no government functions is not considered a government agency. *Id.*, n. 22; *see* 60 O.S. § 176.1(A) and (F). In the Second Amended Complaint, Plaintiff's assertions regarding OCWUT and the GTCA are directly contrary to the rule from *Zoological Trust*, as he specifically asserts they are not separate legal entities while admitting that he did not file a separate tort claim for OCWUT. [Doc. 1-1, ¶¶131-132].

The GTCA defines political subdivision in part as "a public trust where the sole beneficiary or beneficiaries are a city, town, school district, or county." 51 OS §152(11)(d). OCWUT is a public trust meeting this definition and thus is subject to coverage by the GTCA.

> "The liability of the state or a political subdivision under the Governmental Tort Claims Act shall be exclusive and shall constitute the extent of tort liability of the state, a political subdivision." 51 OS §153(B).

The Plaintiff's action against OCWUT is subject to and bound by the GTCA, and he has not complied with its jurisdictional prerequisites, warranting dismissal of OCWUT from the action as to the four tort allegations seemingly alleged against it: negligence, nuisance, fraud and misrepresentation.

b. Plaintiff has not complied with the requirements of the Governmental Tort Claims Act.

The GTCA has stringent requirements for pursuing legal action against political subdivisions, such as OCWUT. The GTCA requires any person who has a claim against a political subdivision to present written notice to the political subdivision prior to filing a

lawsuit, and that a lawsuit cannot be commenced until the claim is deemed denied. 51 O.S. § 156(A) & 157(A)(B). The Plaintiff has not filed a claim with or against OCWUT and admits as much in his Second Amended Complaint. [Doc. 1-1, ¶¶131-132].

The court in *Hall v. GEO Grp., Inc.,* 2014 OK 22, ¶ 1, 324 P.3d 399, 400 held "The notice required by the GTCA is a mandatory prerequisite jurisdictional requirement to filing a claim for tort damages." *See also Harmon v. Cradduck,* 2012 OK 80, ¶ 28, 286 P.3d 643, 652 ("Notice is a jurisdictional prerequisite to bringing an action under the GTCA.") Plaintiff is not in compliance with the GTCA, and this defendant should be dismissed on all tort causes of action.

Additionally, it is of note that Plaintiff does not even plead compliance with the GTCA, which is a standard recognized by Oklahoma Courts. Rather, he specifically pleads that he did not comply with the GTCA regarding this Defendant. [Doc. 1-1, ¶131-132]. In *Girdner v. Bd. of Comm'rs*, 2009 OK CIV APP 94, 227 P.3d 1111, the Oklahoma Court of Civil Appeals upheld this requirement, citing two Oklahoma Supreme Court cases:

> "Notice and timely commencement of suit are conditions precedent to the right to pursue judgment against a political subdivision. *Johns v. Wynnewood School Board of Education,* 1982 OK 101, 656 P.2d 248. Compliance with these provisions must be alleged by a claimant in the petition. 'The petition must factually allege either actual or substantial compliance with the notice provisions of the [GTCA].' *Mansell v. City of Lawton,* 1995 OK 81, 901 P.2d 826, n.2."

He is not in GTCA compliance, in more ways than one, and the torts alleged against OCWUT should be dismissed from this matter as this is a jurisdictional prerequisite.

## II. A PUBLIC TRUST CANNOT BE LIABLE FOR INTENTIONAL TORTS.

OCWUT while potentially liable for the alleged negligence of its employees in the course and scope of their employment, cannot be liable for intentional torts, such as fraud and misrepresentation. Inherently, an intentional tort requires malice and bad faith which would place an employee outside the course and scope of employment, if true, and thus outside the scope of the political subdivision's liability. *Tuffy's, Inc. v. City of Okla. City*, 2009 OK 4, 212 P.3d 1158. The court in *Jackson v. Okla. City Pub. Sch. (Indep. Sch. Dist. No. 89)*, 2014 OK CIV APP 61, ¶ 9, 333 P.3d 975 held, "It is settled that intentional torts are outside the scope of employment." See also *Shaw v. City of Okla. City*, 2016 OK CIV APP 55, 380 P.3d 894. The allegations of fraud and misrepresentation against this Defendant must be dismissed.

## III. AN ALLEGATION OF INVERSE CONDEMNATION BASED ON ALLEGED TORTIOUS ACTS IS IMPROPER AND MUST BE DIMISSED.

The right to bring a claim for inverse condemnation against the State of Oklahoma or a political subdivision that is governed by Article 2, § 24 of the Oklahoma Constitution, which states in relevant part:

> Private property shall not be taken or damaged **for public use** without just compensation. Just compensation shall mean the value of the property taken, and in addition, any injury to any part of the property not taken. Any special and direct benefits to the part of the property not taken may be offset only against any injury to the property not taken….When possession is taken of property condemned for any public use, the owner shall be entitled to the immediate receipt of the compensation awarded….. **In all cases of condemnation of private property for public or private use, the determination of the character of the use shall be a judicial question.**

(emphasis added).

Article 2, § 24 of the Oklahoma Constitution entitles private property owners to just compensation when the owners' property is taken by the government for a public use. *Id.* Inverse condemnation is the statutory special proceeding, initiated by the property owner, to ascertain the appropriate compensation to be paid when property is taken by the government. *Material Service Corp. v. Rodger s County Commissioners*, 2006 OK CIV APP 52, ¶7, 136 P.3d 1063.

Oklahoma courts, in interpreting Article 2, § 24 of the Oklahoma Constitution, have consistently found that private property owners cannot bring inverse condemnation claims for the tortious actions of the government. In *Sullivant v. City of Oklahoma City*, 1997 OK 68, 940 P.2d, 220, the Oklahoma Supreme Court analyzed the scope of a taking under Article 2, § 24 of the Oklahoma Constitution. *Id.* at ¶ 12-17. In *Sullivant*, the police damaged doors during the execution of a valid search warrant. *Id*. at ¶ 2. The landlord sued Oklahoma City and the Village for the actions of their officers al1eging, in part, that the damaged doors constituted a taking under Article 2, § 24 of the Oklahoma Constitution. *Id*. at ¶ 3. The Court, however, rejected this argument. The Court noted that the clear purpose of Article 2, § 24 is to compensate when real property is taken and used for a public project. *Id*. at ¶ 14. The Oklahoma Supreme Court stated, "[w]e have not allowed parties to use Art. 2, § 24 as a basis for recovery against for the alleged tortious actions of government employees." *Id*. at ¶ 15. A party cannot bring a claim for a taking under Article 2, § 24 when the alleged taking is purely a consequence of the government's tortious actions. *Id*.

The Court also found that a taking had not occurred because it did not find evidence that the defendants intended to take the property for public use. *Id*. at ¶ 17.

In this case, OCWUT denies that it committed any tortious action or that any tort is properly plead against it. Assuming however, *arguendo*, that Plaintiff's allegations against this Defendant are true, and a tortious action took place, Plaintiff has no inverse condemnation claim against the Defendant as a matter of Oklahoma law. Although the fact pattern is different, the holding in *Sullivant* applies to this matter. Here, though it is extremely difficult to ascertain, Plaintiff seemingly alleges the OCWUT, through either negligent or intentional torts, created a faulty water service connection, overbilled Plaintiff, and damaged Plaintiffs' property. Pursuant to *Sullivant*, Plaintiff cannot use inverse condemnation as a basis for recovery from OCWUT, as the tortious acts of the government are at issue. Furthermore, Plaintiff's property was not taken for public use or a public project. Plaintiff's allegations of a faulty water line connection are not a "public project." Accordingly, Plaintiffs' inverse condemnation claim against OCWUT must be dismissed as relief cannot be granted therein.

## IV. THE COMPLAINT, AS A WHOLE, DOES NOT MEET THE FEDERAL PLEADING STANDARDS.

Rather than provide a well pleaded complaint containing short plain plausible allegations, Plaintiff has filed what Judge Bernard Jones once referred to as a document "replete with irrelevant allegations and background information, personal attacks . . .and allegations made against parties collectively without distinguishing their roles or actions." See *Trupia v. Heritage Hard Assets LLC, CIV-24-498-J at Doc. 101, Order.* There, Judge

Jones was referring to one of Plaintiff's other pro se-complaints, which is nearly identical to this one in form and style. In dismissing a complaint filed by this Plaintiff against United States Supreme Court Chief Justice John Roberts, Judge Joe Heaton acknowledged Plaintiff's clear aversion to the *Twobly* standard. See *Trupia v. Roberts et al., CIV-2025-0621-HE at Doc. 17, Order.* This is not Mr. Trupia's first time in this court.

The present action is over 171 paragraphs long and nearly fifty pages. Just as in the *Hertiage Hard Assets* case described above, the bulk of this vast document is consumed nearly entirely by rambling background information, recitation of unrelated events, and personal attacks alleging a vast conspiracy and collusion between the defendants based on things like a councilperson and mayor living in the same large northwest Oklahoma City neighborhood at different times and Oklahoma City based lawyers and judges having both attended Oklahoma City University School of Law, at different times. [Doc. 1-1, ¶¶ 92, 129]. These are just two examples. The document is rife with this type of allegation. Plaintiff provides extensively detailed background information ranging from a "dead cat frozen to the side of the house" to a neighbor's loud music. [Doc. 1-1, ¶¶96, 98]. It is impossible to read this Complaint and glean any sense of exactly what each defendant is individually accused of doing.

In analyzing the sufficiency of Plaintiff's Complaint, "the court need accept as true only plaintiff's well-pleaded factual contentions, not [his] conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Fed. R. Civ. P. 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." The required "short and plain statement" must provide "fair notice of what the

claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The initial pleading must contain "[f]actual allegations [which are sufficient] to raise a right to relief above the speculative level." *Id*. It is the plaintiff's duty to allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. *Id*. at 570; *Slater v. A.G. Edwards & Sons, Inc.*, 719 F.3d 1190, 1196 (10th Cir. 2013) *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

The degree of specificity necessary to establish plausibility and fair notice depends on the type of case and on the context in which the motion was filed. *Robbins v. DHS*, 519 F. 3d 1242, 1248 (10th Cir. 2008). It is particularly important that the complaint make clear "exactly *who* is alleged to have done *what* to *whom.*" (emphasis by court) *Robbins* at 1250. The United States Supreme Court has held that, while the pleading standard of Fed. R. Civ. P. 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). In the present case, Plaintiff has failed to meet this bar.

This complaint is long, single spaced, and filled with unconnected and irrelevant background information. It is disorganized and incoherent. It places an undue burden on OCWUT to determine not only what the claims are against it, but even more so, what is the relevant factual basis. *See Hart v. Salois*, 605 F. App'x 694, 701 (10th Cir. 2015) (unpublished) (upholding dismissal of "shotgun pleading" because it violated Rule 8, noting that a court is not required to sift through factual allegations to match facts to

elements of a claim). While OCWUT can ascertain that the causes of action alleged against it are Counts I, II, III, IV, and VII, because Plaintiff wrote the defendants next to each count, it is impossible to tell what the factual basis is, and exactly what OCWUT is accused of doing when other defendants are grouped into the same causes of action.[1] For instance, in "Count III-Breach of Implied Contract," Plaintiff does not offer any distinction between OCWUT and the City, rather lumping them together into a collective and then making a broad and conclusory allegation of breach of implied contract without stating the terms of the contract, when the contract was created, when it was breached, how it was breached, or what either defendant specifically did to breach the contract.

As another example, in "Count VII—Violations of Oklahoma Open Records Act" plaintiff again does not offer any distinction between what the City allegedly did to violate

[1] It might be that it is unclear because Plaintiff does not want to sue OCWUT or the City at all. Plaintiff told undersigned counsel in writing that he doesn't *want* to pursue an action against the City corporate defendants, writing in an email on August 13, 2026 at 12:14 AM:

> "I am trying to sue the individuals involved here, this lawsuit is about corrupt use of public resources to enrich the individuals who just got dismissed off the case. <u>Instead what's happening is those individuals are being given a free pass at the tax payers' expense</u>." (emphasis in original)
> And
> "The other parties know I'm a big pain in the butt at this point [ . . .]so the workaround [. . .]was to grant leave to amend for this city orgs and dismiss off the individual players, **to protect them, at the expense of your client, the city.** "**<u>You're witnessing fraud and corruption, right in front of you, in real time, and your client, the city, is the victim.</u>** (emphasis in original).

the ORA versus what OCWUT allegedly did to violate the ORA. Rather, he makes a broad conclusory statement that the "Defendants violated the ORA [. . .]. [Doc. 1-1, ¶1¶152-155]. He then follows that with what Judge Jones called in *Heritage Hard Assets* referenced above: "redundant recitations of statutes and federal regulations" wherein he doesn't even apply specific facts to the laws he cites.

The remainder of the paragraphs containing allegations against OCWUT (and the City) are pleaded in a similarly inappropriate manner, and if not dismissed for the reasons stated in Propositions I and II, they should be dismissed as violating Rule 8. In an unpublished Tenth Circuit Opinion, the court wrote, "something labeled as a complaint but written more as a prolix in evidentiary and legal detail without simplicity, conciseness, and clarity fails to serve the essential functions of a complaint and is properly the subject of summary dismissal." *Hackford v. United States*, No. 24-4078, 2024 WL 3947014, at *1 (10th Cir. Aug. 27, 2024). There is no better way to describe what Plaintiff has labeled as his "Second Amended Complaint." For these reasons, not only must OCWUT be dismissed, but it must be dismissed as a whole.

**CONCLUSION**

Plaintiffs pursuing legal action against political subdivisions in Oklahoma, such as this one, must comply with the GTCA. Plaintiff has not met any GTCA requirements as related Defendant OCWUT. They are well established jurisdictional prerequisites. Further, inverse condemnation cannot result from tortious acts. Finally, this complaint is not well plead or compliant with Rule 8. OCWUT must be dismissed.

Respectfully submitted,

KENNETH JORDAN
Municipal Counselor

SHERRI KATZ
Litigation Division Head

/s/ Katie Goff
Katie Goff, OBA No. 32402
Assistant Municipal Counselor
200 North Walker, Suite 400
Oklahoma City, Oklahoma 73102
(405) 297-2451
katie.goff@okc.gov
Attorney for Defendant OCWUT

## CERTIFICATE OF MAILING

I hereby certify that on the 16th day of September, 2026, I filed the foregoing Motion to Dismiss of OCWUT with the Clerk of the Court and served the attached document by US Postal Service on the following who are not registered participants of the Electronic Case Filing. Otherwise, registered participants will receive automatic notice via ECF.

Anthony Trupia
605 SE 21st Street
Oklahoma City, OK 73129
Pro Se Plaintiff

/s/ Katie Goff
Assistant Municipal Counselor