**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ANTHONY TRUPIA, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIV-2026-2422-R |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| CITY OF OKLAHOMA CITY, | ) | |
| A municipal corporation, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF OKLAHOMA CITY'S**
**MOTION TO DISMISS**
**AND BRIEF IN SUPPORT**

**COMES NOW,** Defendant City of Oklahoma City (City), by and through Katie Goff, Assistant Municipal Counselor, who moves this Court to dismiss Plaintiff's Second Amended Complaint against Defendant City pursuant to Rule 12 (B)(6) and Federal Rules of Civil Procedure Rule 8 as set forth in the following brief.

## STATEMENT OF THE CASE

1. City is a political subdivision of the State of Oklahoma and is subject to the Governmental Tort Claims Act. 55 OS § 151 et seq.

2. Plaintiff initiated this action on January 21, 2026, by filing a Complaint against the City and OCWUT, as well as several other City employees and several non-City individuals and companies in the original iteration of this in state court. [Doc. 1-2, p. 1].

3. On March 24, 2026, Plaintiff filed a "Motion for Leave to File First Amended Complaint," and, forgetting to attach the proposed Amended Complaint, filed it separately,

immediately afterwards labeling it, "Exhibit A: First Amended Complaint." [Doc. 1-2, p. 6].

4. On March 25, 2026, this court entered an order allowing the Plaintiff to amend his petition/complaint. [Doc. 1-2, p. 6].

5. On April 15, 2026, this Defendant, City , filed a Motion to Dismiss premised on failure to plead compliance with the Governmental Tort Claims Act and the Plaintiff's inability to seek punitive damages against this Defendant. [Doc. 1-2, p. 7].

6. On August 10, 2026, the state court heard this Defendant's Motion to Dismiss and denied it. [Doc. 1-5]. The court also gave Plaintiff twenty (20) days to amend his Complaint, which he did, resulting in this matter being removed to this court. [Doc. 1-1, Doc. 1-5].

7. Related to this Defendant, in what he titled his Second Amended Complaint, Plaintiff repeated several of the allegations from his original complaint: negligence, breach of contract, fraud/misrepresentation, violations of the Open Records Act, and nuisance, and added an allegation of inverse condemnation and several 42 USC §1983 allegations.

8. This lawsuit is defective on its face as it is not well plead, it fails to state a claim, and contains allegations not allowable by law. For these reasons, among others, it must be dismissed as to Defendant City, and frankly, as a whole.

## <u>ARGUMENT AND AUTHORITY</u>

### I. A MUNICIPALITY CANNOT BE LIABLE FOR INTENTIONAL TORTS.

Concurrent with the filing of this Motion, Defendant OCWUT has also filed a Motion to Dismiss. In that Motion to Dismiss, OCWUT sets forth the same proposition

and provides supporting argument therein. In addition to the fraud and misrepresentation alleged against OCWUT, Plaintiff also seemingly alleges assault and battery, false imprisonment and intentional infliction of emotional distress against City. The City hereby adopts as its own and incorporates into its own Motion to Dismiss Defendant OCWUT's proposition and arguments regarding intentional torts. Accordingly, the allegations of fraud, misrepresentation, assault, battery, false imprisonment, and intentional infliction of emotional distress against this Defendant must be dismissed.

## II. AN ALLEGATION OF INVERSE CONDEMNATION BASED ON ALLEGED TORTIOUS ACTS IS IMPROPER AND MUST BE DIMISSED.

In its Motion to Dismiss, OCWUT sets forth the same proposition and provides supporting argument therein. The City hereby adopts as its own and incorporates into its own Motion to Dismiss Defendant OCWUT's proposition and arguments regarding Inverse condemnation. Accordingly, Plaintiff's inverse condemnation claim against City must be dismissed as relief cannot be granted therein.

## III. THE COMPLAINT, AS A WHOLE, DOES NOT MEET THE FEDERAL PLEADING STANDARDS.

### A. Breach of Contract, Open Records Violations, and the Intentional Torts.

Concurrent with the filing of this Motion, Defendant OCWUT has also filed a Motion to Dismiss. In that Motion to Dismiss, OCWUT sets forth the same proposition and provides supporting argument therein. The City hereby adopts as its own and incorporates into its own Motion to Dismiss Defendant OCWUT's proposition and arguments regarding the pleading issues as to the complaint as a whole, and specifically to the allegations of breach of contract, Open Records Act violations and the intentional torts.

The City offers the following related to additional causes of action against it.

B. Civil Rights Allegations

In this newest iteration of the Complaint, Plaintiff added what appear to be four civil rights causes of action against the City. Each one fails to meet the federal pleading standards articulated in OCWUT's motion. Further, following *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), the Tenth Circuit affirmed that a Complaint must contain sufficient factual allegations to put a defendant on fair notice of what he or she is alleged to have done that constitutes a claim under substantive law. See *Ton Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007) (noting that *Twombly* "articulated a new 'plausibility' standard under which a Complaint must include 'enough facts to state a claim to relief that is plausible on its face.'"); *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (noting *Twombly's* observation that the previous standard of evaluating motions to dismiss in federal court "has earned its retirement"). In actions brought under 42 U.S.C. § 1983, such as the present one, liability for damages for a constitutional tort under 42 U.S.C. § 1983 is personal, so each defendant's conduct must be independently assessed. *Wilson v. Northcutt*, 441 F.3d 586, 591 (8th Cir. 2006).

Though the actual allegations and basis are unclear, City can ascertain in the voluminous text of the Complaint that Counts IX, X, XI, and XII contain the following allegations premised in §1983: violations of the 4th and 14th Amendment, unreasonable search, excessive use of force, and First Amendment retaliation.

To hold a municipality liable under § 1983 for acts or omissions of its employees, a

plaintiff has the burden to establish (1) the existence of a municipal policy or custom by which a plaintiff was denied a constitutional right; and (2) a direct causal link between the policy or custom and the injury alleged. See *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 694 (1978); *Bryson v. City of Okla*. City, 627 F.3d 784, 788 (10th Cir. 2010).

Municipalities are not liable under § 1983 for constitutional violations committed by municipal employees unless those violations result directly from an unconstitutional municipal custom or policy. *Schneider v. City of Grand Junction Police Dept*., 717 F.3d 760, 769-70 (10th Cir. 2013); *Cordova v. Aragon,* 569 F.3d 1183, 1193-94 (10th Cir. 2009); *Moss v. Kopp*, 559 F.3d 1155, 1168 (10th Cir. 2009). The doctrine of respondeat superior liability is not available in actions arising under § 1983. *Schneider*, 578 F.3d at 770; *Cordova*, 569 F.3d at 1194; *Novitsky v. City of Aurora*, 491 F.3d 1244, 1259 (10th Cir. 2007); *Montana v. City of Chicago*, 535 F.3d 558, 570 (7th Cir. 2008) (A municipality is not vicariously liable under § 1983 for acts of its employees unless the acts arose out of a policy or custom.).

An official policy that would allow a claim of municipal liability to proceed is a policy, statement, ordinance, regulation, or decision that is officially adopted by the municipal lawmakers. This definition of policy can include a widespread practice that, even if it hasn't been officially adopted or promulgated, is so common and well-settled as to fairly represent a policy of the municipality. *Id.*

None of the individual causes of action found in Counts IX, X, XI, or XII (Doc. 1-1, ¶¶159-167) include any specific statement about what the alleged Policy is, rather they

all make conclusory unadorned statements and then point to the same paragraph in XII (First Amendment Retaliation) at Doc. 1-1, ¶ 168. That paragraph does not meet the pleading standard for a §1983 cause of action, rather Plaintiff just uses the buzz words of "customs practices, and deliberate indifference" and then states that an incident he alleges occurred on June 6 proves these elements. It is still not clear at all what the City, as a Defendant, allegedly did via policy, practice or custom, to violate Plaintiff's constitutional rights. Simply saying that a policy does exist, (or doesn't for that matter) does not establish a causal connection between police action and some illusory speculative alleged harm. These are simply unadorned, bald allegations not permitted by federal pleadings standards as articulated thoroughly in OCWUT's Motion to Dismiss. A*shcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Fed. R. Civ. P. 8. Further, neither ¶168 or the individual counts articulate what exactly the City did versus what each individual John Doe officer (four of whom are named among the 22 defendants) did. Rather, it lumps them all together and the City cannot ascertain "exactly *who* is alleged to have done *what* to *whom.*" R*obbins v. DHS*, 519 F. 3d 1242, 1250 (10th Cir. 2008). As such, Plaintiff has failed to state a claim against City on the civil rights causes of action and Plaintiff's claims against Defendant City should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and also the entire action should be dismissed as a whole.

C. Negligence and Nuisance Allegations

Because negligence and nuisance were not specifically addressed under the pleading standard proposition in OCWUT's brief, the City will do so here, still incorporating the

authorities and arguments made by OCWUT.

Regarding negligence at Count I, which he pleads against "all Defendants," Plaintiff again writes generalized statements and uses buzzwords like "duty" and "breach" but does not actually articulate plausible statements of breach instead simply references back to the prolix that is the first 133 paragraphs of the Complaint stating "the city breached each of these duties as pleaded in Parts One and Two [ . . .]. [Doc 1-1, p. 138-139, ¶ ¶134-138]. As argued clearly by OCWUT in its brief, those paragraphs are everything but a short plain statement. Fed. R. Civ. P 8. Additionally, ¶138 sets out the "damages" Plaintiff seeks for negligence, but just generally states them without explaining which of the twenty-two Defendants allegedly caused which damages. Defendant City (or any of these Defendants) cannot be expected to respond to every single sentence of all 171+ paragraphs of this Complaint. It is prejudicial to expect them to do so.

Regarding nuisance at Count II, Plaintiff named the City and OCWUT along with four other defendants but nowhere in the paragraph wherein he alleges nuisance does he distinguish between Defendants, rather he states, "Defendants [ . . .] created and maintained a continuing nuisance." [Doc. 1-1, ¶140]. In his damages paragraph related to nuisance, he does the same thing he did with negligence: offers a broad statement of damages without alleging "exactly *who* is alleged to have done *what* to *whom*." R*obbins* 519 F. 3d at 1250. As such, Plaintiff has failed to state a claim against City related to nuisance negligence and Plaintiff's claims against Defendant City should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and Rule 8 and also the matter should dismissed as a whole.

## CONCLUSION

Plaintiff has improperly pleaded inverse condemnation and intentional torts against the City. Further, the remainder of the petition does not comply with the federal pleading standards and must be dismissed. Notably, Plaintiff has failed to properly allege any civil rights cause of action. Not only should the City be dismissed from this action, but it should be dismissed as a whole.

Respectfully submitted,

KENNETH JORDAN
Municipal Counselor

SHERRI KATZ
Litigation Division Head

/s/ Katie Goff
Katie Goff, OBA No. 32402
Assistant Municipal Counselor
200 North Walker, Suite 400
Oklahoma City, Oklahoma 73102
(405) 297-2451
katie.goff@okc.gov
Attorney for Defendant City

**CERTIFICATE OF MAILING**

I hereby certify that on the 16th day of September, 2026, I filed the foregoing Motion to Dismiss of Oklahoma City with the Clerk of the Court and served the attached document by US Postal Service on the following who are not registered participants of the Electronic Case Filing. Otherwise, registered participants will receive automatic notice via ECF.

Anthony Trupia
605 SE 21st Street
Oklahoma City, OK 73129
Pro Se Plaintiff

/s/ Katie Goff
Assistant Municipal Counselor