DWD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

(1) Anthony Trupia, an Individual,

Plaintiff,

v.

CIV-2026-2422-R

(1) City of Oklahoma City, a municipal corporation;
(2) Oklahoma City Water Utilities Trust (OCWUT), a public trust;
(3) Chris Browning, individually and in his official capacity as Utilities Director and General Manager of OCWUT;
(4) James D. Couch, individually and in his official capacity as Chairman of OCWUT and Independent Trustee;
(5) David Holt, individually and in his official capacity as Mayor of Oklahoma City and OCWUT Trustee;
(6) Mark Stonecipher, individually and in his official capacity as Councilmember and OCWUT Vice Chairman/Surrogate Trustee;
(7) Craig Freeman, individually and in his official capacity as City Manager and OCWUT Trustee;
(8) Don E. Noble, individually and as Owner of Cimarron Construction Co., LLC;
(9) Gary Matthews, individually and as owner of Matthews Trenching;
(10) Rick Thompson, individually and as owner of Wynn Construction Co., Inc;
(11) Carollo Engineers, Inc.;
(12) Black & Veatch Corporation;
(13) Crossland Heavy Contractors, Inc.;
(14) Archer Western Construction Co., Inc;
(15) Wynn Construction Co, Inc.;
(16) Cimarron Construction Co., LLC;
(17) Matthews Trenching Co., Inc.;
(18) Krapff-Reynolds Construction Company;

and )
(19) John Doe Oklahoma City Police Officers )
1 through 4, individually and in their )
official capacities, )
)
Defendants. )

**MOTION TO DISMISS OF GARY MATTHEWS**
**AND MATTHEWS TRENCHING CO., INC.**

COMES NOW Defendants, Gary Matthews ("Mr. Matthews") and Matthews Trenching Co., Inc. ("Matthews Trenching"), and move to dismiss Plaintiff's Second Amended Petition. In support, Defendants state as follows:

## I. PROCEDURAL TIMELINE FACTS

1. On January 21, 2026, Plaintiff filed his original Petition in State Court. (Dkt. 1-2, p. 3.)

2. On March 24, 2026, Plaintiff filed his First Amended Petition. (Dkt. 1-2, p. 6.)

3. On April 15, 2026, Matthews Trenching filed its Motion to Dismiss Plaintiff's First Amended Petition. (Dkt 1-2, p. 7.; Motion to Dismiss attached as Ex. 1.)

4. Plaintiff did not respond to Matthews Trenching's Motion to Dismiss.

5. On August 10, 2026, the State Court granted a number of motions to dismiss including that of Matthews Trenching but only granted leave to amend as to Defendants Oklahoma City and Oklahoma City Water Utilities Trust ("OCWUT"). The State Court's Court Minute states in full:

> ANDREWS: PLAINTIFF APPEARS PRO SE. DEFENDANTS APPEAR THROUGH COUNSEL. **THE COURT GRANTS PLAINTIFF 20 DAYS OF LEAVE TO AMEND AS TO OKLAHOMA CITY AND**

> **OKLAHOMA CITY WATER UTILITIES TRUST** WITH 30 DAYS TO ANSWER. THE COURT **GRANTS DISMISSAL** OF DEFENDANTS CHRIS BROWNING, CRAIG FREEMAN, DAVID HOLT, JIM COUCH, MARK STONECIPHER, **MATTHEW'S TRENCHING CO., INC**., DRAPFF-REYNOLDS CONSTRUCTION CO., AND BLACK VEACH UNDER UNDER 2002 SEC 12B6. PRESERVATION OF RECORDS TO BE INCLUDED IN JOURNAL ENTRY

(Dkt 1-2, p. 10, emphasis added.)

6. Also, on August 10, 2026, the formal State Court's Order Granting Motion to Dismiss of Defendant Matthews Trenching was filed which states:

> This matter comes before the Court this 10th day of August 2026 on Matthews Trenching Company's Motion to Dismiss. The court finds there has been no response filed by Plaintiff. The court therefore grants the motion and **the <u>case</u> against Matthews Trenching Company, Inc. is hereby dismissed** pursuant to Title 12 OS §2012(B)(6).

(Dkt. 1-3.)

7. On August 13, 2026, Plaintiff filed—out of time—his Response in Opposition to Defendant Matthews Trenching's Motion to Dismiss. (Dkt. 1-2, p. 11.)

8. On August 31, 2026, Plaintiff filed his Second Amended Complaint. (Dkt. 1-1.)

9. To date, the individual Defendant Gary Matthews has never been served with process.

10. Plaintiff filed his Second Amended Complaint and named as Defendants both Mr. Matthews and Matthews Trenching despite Mr. Matthews having never been served and the case against Matthews Trenching being dismissed without leave to amend. (Dkt. 1-1.)

## II. ARGUMENTS AND AUTHORITY

### A. Mr. Matthews Was Never Served and is Deemed Dismissed

Plaintiff's original Petition was filed in State Court on January 21, 2026. (Dkt. 1-2, p. 3.) Pursuant to 12 O.S. § 2004(I), Plaintiff had 180 days to serve Mr. Matthews:

> I. SUMMONS: TIME LIMIT FOR SERVICE. If service of process is not made upon a defendant within one hundred eighty (180) days after the filing of the petition and the plaintiff has not shown good cause why such service was not made within that period, the action shall be deemed dismissed as to that defendant without prejudice….

Accordingly, Plaintiff until July 20, 2026, to serve Mr. Matthews which was not done. The statute further provides:

> The court shall enter a dismissal order of an action within two hundred (200) days after the filing of the action in which no service has been made on any defendant as required pursuant to this section and such order shall be mailed to the address of the party or the party's attorney of record.

*Id*.

Note, this provision removes the "good cause" exception. This provision required served on Mr. Matthews by August 9, 2026, which was not done.

Because Plaintiff failed to serve Mr. Matthews within 180 days and cannot show due diligence or good cause for why he could not perfect service and, additionally, failed to serve Mr. Matthews within 200 days, Plaintiff's Second Amended Petition against Mr. Matthews should be dismissed as a matter of law.

### B. Plaintiff Was Not Granted Leave to Amend as to Matthews Trenching

As detailed above (Facts 5 and 6), Matthew's Trenching's Motion to Dismiss was granted and the State Court's Minute Order makes it abundantly clear that in considering

the various motions before it, the State Court granted Plaintiff leave to amend only as to Oklahoma City and OCWUT. Leave to amend was not granted Plaintiff as to Matthews Trenching. This was further confirmed in the State Court's formal Order which expressly dismissed "the case" against Matthews Trenching, rather than just a particular version of Plaintiff's ever evolving Petition.

WHEREFORE Defendants, Gary Matthews and Matthews Trenching Co., Inc., respectfully pray the Court dismiss them both from this case, Gary Matthews without prejudice and Matthew Trenching with prejudice to refiling, and grant Defendants all other and further relief the Court deems just and equitable.

Respectfully submitted,

*/s/Don W. Danz*

MAURICE G. WOODS, II, OBA #16582
DON W. DANZ OBA #14607
MAURICE G. WOODS LAW, II, PLLC
4811 Gaillardia Parkway, Suite 100
Oklahoma City, OK 73142
(405) 628-0000
(405) 628-0001 Fax
mw@mwoodslaw.com
don@mwoodslaw.com
kaysie@mwoodslaw.com
***ATTORNEYS FOR DEFENDANTS***
***GARY MATTHEWS &***
***MATTHEWS TRENCHING CO., INC.***

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys and parties of record registered to receive electronic notices in this case. In addition, I mailed the foregoing document by US Postal Service on the following who are not registered participants of the Electronic Case Filing System:

Anthony Trupia
605 SE 21st Street
Oklahoma City, OK 73129
***Pro Se Plaintiff***

*/s/ Don W. Danz*
Don Danz