**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ANTHONY TRUPIA, an individual | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-26-02422-R |
| | ) | |
| CITY OF OKLAHOMA CITY, | ) | |
| A municipal corporation, et al. | ) | |

**DEFENDANTS RICK THOMPSON AND WYNN CONSTRUCTION CO. INC.'S**
**MOTION TO DISMISS "SECOND AMENDED COMPLAINT"**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Rick Thompson and Wynn Construction Co., Inc. (collectively the "Wynn Defendants") respectfully move this Court for an order dismissing Plaintiff Anthony Trupia's "Second Amended Complaint". In support, the Wynn Defendants state as follows:

## I. PROCEDURAL BACKGROUND

1. On January 21, 2026, Plaintiff filed his original "Complaint" in the District Court of Oklahoma County, State of Oklahoma. (Dkt. No. 1-2, p.3).

2. On March 24-25, 2026 Plaintiff received leave to file a First Amended Complaint, which was potentially "deemed filed" as of June 3, 2026. (Dkt. No. 1-2, p. 6).

3. On June 22, 2026, the Wynn Defendants filed a Motion to Dismiss the First Amended Complaint. (Dkt. No. 1-2, p. 8).

4. Plaintiff did not timely respond to the Wynn Defendants' Motion to Dismiss.

5. On August 10, 2026, the Honorable Don Andrews of the District Court of Oklahoma County granted a number of motions to dismiss, including the Wynn Defendants

by verbal Order from the bench, and granted leave to amend only as to defendants City of Oklahoma City and the Oklahoma City Water Utilities Trust. Exhibit 1, Defendants' Joint Motion to Settle Journal Entry.

6. On August 13, 2026, out of time and after the August 10 hearing, Plaintiff filed response briefs to numerous motions to dismiss. (Dkt. No. 1-2, pp. 10-11).

7. On August 31, 2026, Plaintiff filed his Second Amended Complaint in state court, re-asserting his already dismissed claims against the non-municipal defendants and asserting a new federal § 1983 claim against the municipal defendants. (Dkt. No. 1-1).

8. Given the new federal claim, the City of Oklahoma City removed this matter to federal court on September 9, 2026. (Dkt. No. 1).

9. Plaintiff's Second Amended Complaint asserts claims against the Wynn Defendants of Negligence, Unjust Enrichment and Civil Conspiracy (Counts I, V, and VIII). Dkt. No. 1-1.

## ARUGMENTS AND AUTHORITIES

### I. Legal Standard for a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557, 570 (2007)). Detailed factual allegations are not required, but the statement of the claim under Rule 8(a)(2) must be "more than an

unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555 (2007)); *see generally* Fed. R. Civ. P. 8(a)(2) (complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]").

"While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in h[is] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Thus, the appropriate inquiry is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement[.]" *Iqbal*, 556 U.S. at 678.

This Court has encountered such claims made by this Plaintiff before. The Honorable Judge Bernard Jones has referred to a previous filing of Plaintiff as "replete with irrelevant allegations and background information, personal attacks … and allegations made against the parties collectively without distinguishing their roles or actions." See *Trupia v. Heritage Hard Assets LLC*, CIV-24-498-J at Doc. 101, Order. There, the Court dismissed Plaintiffs "Petition for Civil Penalties, Permanent Injunction, [and] Other Equitable Relief" because the filing did not satisfy Federal Rule of Civil Procedure 8's pleading requirements. Similarly, the Honorable Judge Joe Heaton has also dismissed a

complaint filed by this Plaintiff against "all federal judges and all lawyers" including the "Chief Justice John Roberts and the current leaders of the American Bar Association and the Oklahoma Bar Association." See *Trupia v. Roberts et al*., CIV-2025-0621-HE at Doc. 17. The Court sustained the motions to dismiss and dismissed the case in its entirety. Id.

The same result should occur here.

## II. Plaintiff Has Failed to State a Claim Against the Wynn Defendants.

### A. Negligence.

The material elements of an actionable negligence claim are: (1) a duty owed by the defendant to protect the plaintiff from injury; (2) a failure to perform that duty; and (3) injuries to the plaintiff which are proximately caused by the defendant's failure to exercise the duty of care *Marshall v. City of Tulsa*, 2024 OK 78, ¶ 22, 558 P.3d 1220, 1228; *Cherokee Nation v. McKesson Corp*., 529 F. Supp. 3d 1225, 1237 (E.D. Okla. 2021). Plaintiff does not state Wynn's failure to perform its prescribed duty anywhere in the Second Amended Complaint. Instead, he broadly and vaguely alleges the Wynn Defendants (without specifying them by name) breached a duty "in performance of the water-system contracts". (Dkt. No. 1-1, ¶ 137).

Plaintiff offers no insight as to actual work performed by Wynn, only that it sits on a roster of contractors and therefore is a participant in a city-wide failure cycle that allegedly damaged plaintiff in some way. "In examining a complaint under *Fed. R. Civ. P.* 12(b)(6), a court will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable" *Khalik v. United Air Lines*, 671 F.3d 1188, 1189 (10th Cir. 2012). The *Twombly/Iqbal* standard recognizes

a plaintiff should have at least some relevant information to make the claims plausible on their face *Id*.

In this case, several of the Plaintiff's allegations (specifically against Wynn Defendants) are not entitled to the assumption of truth because they are entirely conclusory. The contention that because the Wynn Defendants are one of many who performed work on the City's general water system does not in itself describe a breach that can survive a Motion to Dismiss. According to the Supreme Court, the plausibility standard asks for more than a sheer possibility of unlawful conduct *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1212 (10th Cir. 2011).

**B. Unjust Enrichment.**

Unjust enrichment typically consists of "(1) the unjust (2) retention of (3) a benefit received (4) at the expense of another." *Cherokee Nation v. McKesson Corp*., 529 F. Supp. 3d 1225, 1241 (E.D. Okla. 2021) To recover for unjust enrichment, "there must be enrichment to another, coupled with a resulting injustice." *Id.* (quoting *Teel v. Public Service Co. of Oklahoma*, 797 P.2d 391, 398 (Okla. 1985). Plaintiff alleges that the Contractor Defendants were unjustly enriched by systemic failures that they helped perpetuate (Dkt. No. 1-1, ¶ 149). However, Plaintiff has failed to identify any plausibility of how Wynn Defendants helped perpetuate this "systemic failure" or that they unjustly benefited from it. Again, the singular assertion that the Wynn Defendants are one of many contractors involved in the water system does not sufficiently allege unjust enrichment. "A plaintiff must nudge his claims across the line from conceivable to plausible in order to survive a motion to dismiss" *Khalik v. United Air Lines*, 671 F.3d 1188, 1189 (10th Cir.

2012). A district court "must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 548, 127 S. Ct. 1955, 1961 (2007).

**C. Civil Conspiracy.**

Under Oklahoma law, a civil conspiracy requires a combination of two or more persons to perform an unlawful act, or a lawful act by unlawful means. *Brock v. Thompson*, 1997 OK 127, ¶ 39, 948 P.2d 279, 294; *Ommunity Resourcing Inc. v. Berkshire Hathaway Specialty Ins*., 2026 OK 53, ¶ 16, 593 P.3d 115, 120. The essential elements are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. *Id., citing Jurkowski v. Crawley*, 1981 OK 110, ¶16, 637 P.2d 56, 62; *State ex rel. Doak v. Providence Holdings, Inc*., 2015 Okla. Dist. 4147, *28. "To be liable the conspirators must pursue an independently unlawful purpose or use an independently unlawful means. There can be no civil conspiracy where the act complained of and the means employed are lawful" *Olson v. Cont'l Res., Inc*., 2005 OK CIV APP 13, ¶ 17, 109 P.3d 351, 356.

Plaintiff vaguely alleges that based on the Wynn Defendants' status as one of many contractors in a pool that places bids to perform water system maintenance within the city combined with its previous claims constitute Civil Conspiracy (Exhibit 1 ¶ 157, 158). However, Plaintiff fails to allege any factual information to distinguish any unlawful acts as to Wynn Defendants. "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point

of minimum expenditure of time and money by the parties and the court" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 548, 127 S. Ct. 1955, 1961 (2007). Plaintiff relies on generalized allegations that do not survive a motion to dismiss. The Civil Conspiracy claim should be dismissed as to the Wynn Defendants.

## CONCLUSION

For the foregoing reasons, Defendants Rick Thompson and Wynn Construction Co., Inc. respectfully request the Court grant this Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), with prejudice to refiling.

Respectfully submitted,

*/s/ Eric L. Combs*

Eric L. Combs, OBA No. 31024
119 North Robinson Avenue, Suite 1200
Oklahoma City, OK 73102
Telephone: 405/235-7471
Facsimile: 405/232-3852
combs@lytlesoule.com

**ATTORNEY FOR DEFENDANTS WYNN CONSTRUCTION CO., INC. AND RICK THOMPSON**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of September, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys and parties of record registered to receive electronic notices in this case. In addition, I mailed the foregoing document by US Postal Service on the following who are not registered participants of the Electronic Case Filing System.

Anthony Trupia
605 SE 21st Street
Oklahoma City, OK 73129
Pro Se Plaintiff

*/s/ Eric L. Combs*