**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ANTHONY TRUPIA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-2026-02422 |
| | ) | |
| | ) | Oklahoma County District Court |
| | ) | Case No. CJ-2026-515 |
| **CITY OF OKLAHOMA CITY, et al**., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ARCHER WESTERN CONSTRUCTION, LLC'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Archer Western Construction, LLC ("Archer Western") moves to dismiss Plaintiff Anthony Trupia's ("Plaintiff") Second Amended Complaint as to Archer Western [Doc. No. 1-1] for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6). In support of its Motion, Archer Western submits the following:

## BACKGROUND

This is Plaintiff's third attempt to plead a plausible claim. Despite two prior amendments, Plaintiff still fails to plead a claim against Archer Western.

Plaintiff filed the Complaint initiating this lawsuit on January 21, 2026, and filed an Amended Complaint on March 25, 2026. Archer Western, as well as several other Defendants, moved to dismiss the Amended Complaint. The District Court of Oklahoma County heard and orally granted the Motions to Dismiss on August 10, 2026. However, Plaintiff refused to sign off on a formal written Order for the dismissal of Archer Western,

as well as Don Noble, individually and as the owner of Cimarron Construction, Archer Western Construction, Rich Thompson and Wyn Construction Co., Inc., Black & Veatch Corporation, and Krapff-Reynolds Construction. The formal Order for dismissal is the subject of a pending Motion to Settle. Before the Motion to Settle could be heard, Plaintiff filed a Second Amended Complaint on August 31, 2026 ("Second Amended Complaint") and the case was removed to this Court.

In the Second Amended Complaint, Plaintiff asserts a civil-rights claim arising from an alleged encounter with officers from the Oklahoma City Police Department. Plaintiff also alleges that he has been damaged by overbilling for water services by the City of Oklahoma City ("OKC") and the Oklahoma City Water Utilities Trust ("OCWUT"), as well as a defective connection between his house and the water system, and alleged "systemic" issues with OKC and OCWUT's water infrastructure.

Plaintiff asserts claims against *twenty-six* different defendants in a shotgun approach to pleading. But as to Archer Western, Plaintiff does not assert any specific allegations about alleged tortious conduct. Archer Western is mentioned a handful of times in the forty-seven page Second Amended Complaint. At bottom, Plaintiff's *factual* allegations as to Archer Western show that it received a contract to perform work on Oklahoma City's water system, however limited and far-removed from Plaintiff's residence. The Second Amended Complaint is otherwise devoid of facts regarding alleged wrongdoing by Archer Western or well-plead facts that plausibly plead a cause of action. As a result, Plaintiff's claims against Archer Western should be dismissed.

## ARGUMENT AND AUTHORITIES

To survive dismissal, Plaintiff's claims against Archer Western "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires "more than labels and conclusions" or a "formulaic recitation of the element to a cause of action." *Twombly,* at 555. "[N]aked assertion[s] devoid of further factual enhancement" will not suffice. *Iqbal,* at 678. Such conclusions must be disregarded such that only "specific factual allegations, if assumed to be true" are considered and evaluated for whether they "plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). This is regardless of whether Plaintiff is *pro se,* because all pleadings must "raise a right to relief above the speculative level." *Twombly*, at 555.

In addition, "[w]hen there are multiple defendants, as there are here, the complaint should 'explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.'" *Ricks v. Hughey*, No. CIV-24-739-PRW, 2025 WL 1161463, at *1 (W.D. Okla. Apr. 21, 2015) (quoting *Nasious v. Two Unknown B.I.C.E. Agents*, 429 F.3d 1158, 1163 (10th Cir. 2007)). This ensures "the defendant [has] sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits." *Id.* (citations omitted). *See also ATS Group, LLC v. Legacy Tank and Industrial Services LLC*, 407 F. Supp. 3d 1186, 1196 (W.D. Okla. 2019) ("where there are multiple defendants, 'it is particularly important . . . that the complaint make clear exactly who is

alleged to have done what to whom'")(citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1242 (10th Cir. 2008)).

## I. Plaintiff's claims against Archer Western should be dismissed because he improperly alleges acts by all Defendants collectively.

Plaintiff fails to distinguish between the Defendants for each of his causes of action, nor does he identify any specific acts or omissions by Archer Western. Plaintiff impermissibly groups Archer Western as part of the "Contractor Defendants" group (containing six defendants), or All Defendants, (containing all twenty-six defendants) to plead in shotgun style. [Doc. No. 1-1, ¶¶ 36, 134-138, 148-149, 156-158.]

Plaintiff recites his "Causes of Action" but attributes violations to "All Defendants," "Contract Defendants" or other groupings of Defendants. For example, Plaintiff's first cause of action for Negligence is asserted against All Defendants [Doc. No. 1-1, ¶ 134-138.] Within Cause of Action, Plaintiff does make allegations as to the various sub-groups of Defendants, but Archer Western is still lumped together with both the Contractor Defendants and Engineer Defendants—a group containing *eight* different defendants. [Doc. No. 1-1, ¶ 137]. The only allegation as to Archer Western is that its "surge-tower and clearwell work left safety systems offline during transient event." [Doc. No. 1-1, ¶ 137]. Archer Western is still left to guess the when, where, and what Plaintiff is complaining about, as well as how Archer Western's actions, rather than the actions of all other Defendants, had any connection to or impact on Plaintiff's residence or alleged damages.

Similarly, Plaintiff asserts a claim for unjust enrichment against "All Contract Defendants" based on the allegation that all Contract Defendants "received and retained

benefits" of contracts-awarded and work performed. [Doc. No. 1-1, ¶ 149]. Curiously, Plaintiff's complaints in this Cause of Action seem to be directed about the way the City of Oklahoma City awards contracts, but it is nonetheless directed at the contractors themselves. In any case, it is again unclear what Archer Western (or any other Defendant) is alleged to have done or not done.

Simply put, Plaintiff impermissibly groups all Defendants together and it is impossible to determine which factual allegations are tied to which cause of action and to which Defendant. "Shotgun pleading" of this nature "'places an inordinate burden' on the parties responding to Plaintiffs' allegations and the Court in analyzing their claims" because "'the shotgun pleader foists off one of the pleading lawyer's critical tasks—sifting a mountain of facts down to a handful of those that are relevant to a given claim—onto the reader.'" *Parks v. AIG*, No. CIV-23-41-R, 2024 WL 3070194, at *3 (W.D. Okla. June 20, 2024) (quoting *Jacobs v. Credit Suisse First Bos.*, 11-CV-00042, 2011 WL 4537007, at *6 (D. Colo. Sept. 30, 2011)). Plaintiff's failure to plead claims against each of the *twenty-six* defendants after two attempted amendments warrants dismissal of the Complaint against Archer Western.

The Complaint does not connect Archer Western to the alleged defective service connection at Plaintiff's residence, the alleged meter issues, the alleged billing issues, the alleged inspection delays, or any alleged property damage. Plaintiff's individualized damages are alleged to arise from events at his home and from OKC/OCWUT's billing and inspection decisions. Likewise, Plaintiff's newly-asserted civil rights claims are wholly unrelated to Archer Western, which has no involvement in those events. The allegation that

Archer Western was contracted for surge tower rehabilitation is not a factual basis for liability, much less a basis to infer causation as to Plaintiff's claimed injuries.

There are no allegations that Archer Western engaged in any acts or omissions resulting in harm to Plaintiff. Instead, the "court is not required to speculate as to the role of each individual defendant 'because the burden rests of on the plaintiffs to provide fair notice of the grounds for the claims made against each of the defendants.'" *Legates v. Oklahoma*, No. 09-CV-644-FHM, 2010 WL 4941437 at *5 (N.D. Okla., Nov. 30, 2010) (citing *Robbins*, 519 F.3d at 12).

Across the causes of action, Plaintiff generally alleges that Defendants or some sub-group of Defendants owed duties, breached duties, and caused damages, without distinguishing among the numerous defendants. Such undifferentiated allegations do not provide fair notice of what Archer Western allegedly did wrong or how Archer Western's conduct satisfies the elements of any asserted claim. Where a petition fails to plead defendant-specific facts, dismissal is warranted.

## II. None of the counts against Archer Western state a plausible claim for relief.

### *A. Plaintiff has not pleaded a prima facie case for negligence against Archer Western.*

To state a negligence claim, Plaintiff must plead facts supporting the existence of a duty owed by Archer Western to Plaintiff, breach of that duty, and proximate causation of damages. *E.g., Marshall v. Tulsa*, 2024 OK 78, ¶ 22, 558 P.3d 1220, 1228. The Second Amended Complaint pleads none of these elements as to Archer Western. Plaintiff does not allege any facts supporting the existence of a duty owed by Archer Western to Plaintiff

because the only factual allegation as to Archer Western is regarding work done on "surge towers" and the "Draper clearwells project." [Doc. No. 1-1, ¶ 30]. If and how there is any connection between Archer Western and Plaintiff's complaints about his water utility services, Plaintiff certainly has not pleaded any facts to demonstrate that connection. While Plaintiff summarily recites that Archer Western (grouped with other Defendants) breached duties to Plaintiff, Plaintiff does not plead any *facts* suggesting that Archer Western breached any duty owed to Plaintiff, and Plaintiff does not plead any facts showing that any "surge tower rehabilitation" by Archer Western caused the specific defective connection or flooding alleged at Plaintiff's residence. In short, Plaintiff does not allege any facts that would support a negligence claim against Archer Western, but instead recites conclusory allegations lumping Archer Western with all other Defendants in this case. Plaintiff fails to state a negligence claim against Archer Western and Archer Western should be dismissed.

*B. Plaintiff fails to state a claim for unjust enrichment against Archer Western.*

Unjust enrichment under Oklahoma law requires proof of "1) the unjust 2) retention of 3) a benefit received 4) at the expense of another." *Orthman v. Premiere Pediatrics, PLLC*, 2024 OK CIV APP 7, ¶ 30, 545 P.3d 124, 136. Plaintiff alleges in conclusory fashion that "All Contractor Defendants" were unjustly enriched as a result of contracts and awards they received for work funded by ratepayers. [Doc. No. 1-1, ¶ 149]. But as to Archer Western, Plaintiff pleads no facts showing Plaintiff conferred any benefit on Archer Western, that Archer Western knowingly accepted and retained a benefit belonging to Plaintiff, or that it would be unjust for Archer Western to retain any identified benefit.

Plaintiff's generalized allegation that he pays water bills to OKC or OCWUT does not plead a benefit conferred on Archer Western. Count V fails to state an unjust enrichment claim against Archer Western and should be dismissed.

*C. Civil conspiracy is not a cognizable cause of action under Oklahoma law.*

Civil conspiracy is not an independent cause of action under Oklahoma law. Civil conspiracy consists of "a combination of two or more persons to do an unlawful act, or to do a lawful act by unlawful means," (*Gaylord Entm't Co. v. Thompson*, 1998 OK 30, ¶ 40, 958 P.2d 128, 148), but civil conspiracy "does not create liability" as a discrete action, and to be liable, conspirators must pursue an "independently unlawful purpose." *Id*; *see also Brock v. Thompson*, 1997 OK 127, 948 P.2d 279. In Oklahoma, a civil conspiracy consists of a combination of "two or more persons to do an unlawful act, or to do a lawful act by unlawful means. Unlike its criminal counterpart, civil conspiracy itself does not create liability." *Brock*, 1997 OK 127, 294. Because Plaintiff's other claims against Archer Western fail, there is no basis for a civil conspiracy claim. Without underlying liability, no relief can be granted, and the conspiracy claim against Archer Western necessarily fails as a matter of law.

**III. Plaintiff Should Not Be Granted Leave to Amend.**

Plaintiff has had nine months and multiple opportunities to amend its claims as to Archer Western and has failed repeatedly to state a plausible claim for relief. Although leave to amend is "freely give[n]…when justice so requires," the Court may deny leave where amendment would be futile. Fed.R.Civ.15(a)(2). *See also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bauchman v. West High Sch.*, 132 F.3d 542, 559 (10th Cir. 1997). Such is

the case here, as amendment will not alter the facts as they pertain to Archer Western. Moreover, Plaintiff has repeatedly flouted procedural rules, resulting in undue expense and burden on all other parties. Archer Western has already moved for and obtained dismissal in this action—but Plaintiff's refusal to sign a Journal Entry reflecting the Court's Order forced Archer Western, as well as several other Defendants, to file a Motion to Settle that remains pending and unresolved. Allowing Plaintiff a third chance at amendment would be futile and would only serve to harass and increase expense for the Defendants. Accordingly, the Court should dismiss Plaintiff's claims against Archer Western with prejudice and without leave to amend.

## CONCLUSION

For the foregoing reasons, Archer Western is entitled to dismissal of all claims asserted against it by Plaintiff.

Respectfully submitted,

*/s/ Jennifer B. Puckett*

Christian S. Huckaby, OBA #16131
Jennifer B. Puckett, OBA #33521
MCAFEE & TAFT A PROFESSIONAL CORPORATION
Eighth Floor, Two Leadership Square
211 N. Robinson Avenue
Oklahoma City, OK 73102
(405)235-9621
(405)235-0439
chris.huckaby@mcafeetaft.com
jennifer.puckett@mcafeetaft.com

***Attorney for Defendant Archer Western Construction, LLC***

**CERTIFICATE OF SERVICE**

This is to certify that on September 21, 2026, a true and correct copy of the foregoing document was mailed U.S. Mail to the following addresses:

Anthony Trupia
605 SE 21st Street
Oklahoma City, OK 73129
Trupiaar@gmail.com
***Plaintiff***

E. Brooke Boutwell
Bass Law, P.C.
252 NW 70th Street
Oklahoma City, OK 73116
brooke@basslaw.net
*Attorney for Don Noble and Cimarron Construction*

Eric L. Combs
Matthew J. Becker
119 N. Robinson Ave, Suite 1200
Oklahoma City, OK 73117
combs@lytlesoule.com
becker@lytlesoule.com
*Attorney for Krapff-Reynolds Construction*

Jennifer M. King
2400 NE 4th Street
Oklahoma City, OK 73117
jennifermking@krapff-reynolds.com
*Attorney for Krapff-Reynolds Construction*

Kiran A. Phansalkar
Presteon M. Sullivan
Elizabeth H. Attaway
McAfee & Taft A Professional Corporation
Eighth Floor, Two Leadership Square
Oklahoma City, OK 73102
Kiran.Phansalkar@mcafeetaft.com
Preston.Sullivan@mcafeetaft.com
Beth.Attaway@mcafeetaft.com
*Attorneys for Defendant Black & Veatch Corporation*

*/s/ Jennifer B. Puckett*