**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ANTHONY TRUPIA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF OKLAHOMA CITY, OKLAHOMA CITY WATER UTILITIES TRUST (OCWUT),CHRIS BROWNING, JAMES D. COUCH, DAVID HOLT, MARK STONECIPHER, CRAIG FREEMAN, DON E. NOBLE, GARY MATTHEWS, RICK THOMPSON, CAROLLO ENGINEERS, INC., BLACK & VEATCH CORPORATION, CROSSLAND HEAVY CONTRACTORS, INC., ARCHER WESTERN CONSTRUCTION, LLC, WYNN CONSTRUCTION CO., INC., MATTHEWS TRENCHING CO., INC., KRAPFF-REYNOLDS CONSTRUCTION COMPANY,<br><br>Defendants. | ) | Case No. CIV-2026-2422-R |

**<u>CROSSLAND HEAVY CONTRACTORS, INC.'S MOTION TO DISMISS</u>**

Defendant, Crossland Heavy Contractors, Inc. ("Crossland"), respectfully moves this Court for an order dismissing Plaintiff Anthony Trupia's "Second Amended Complaint" pursuant to Federal Rules of Civil Procedure Rule 8 and 12(b)(6). In support, Crossland states as follows:

**<u>BACKGROUND</u>**

1. On January 21, 2026, Plaintiff filed his original "Complaint" in the District Court of Oklahoma County, State of Oklahoma. (Dkt. No. 1-2, p.3).

2. On March 24-25, 2026 Plaintiff received leave to file a First Amended Complaint in state court, which was potentially "deemed filed" as of June 3, 2026. (Dkt. No. 1-2, p. 6). In that regard, Plaintiff separately filed the proposed First Amended Complaint labeling it "Exhibit A: First Amended Complaint" on March 24th, 2026.

3. On April 15th, 2026, Crossland filed its Answer to the First Amended Complaint out of an abundance of caution despite its concerns as to proper service and/or filing of the First Amended Complaint. Crossland denied Plaintiffs' allegations and asserted numerous affirmative defenses, including but not limited to Plaintiffs' failure to state a claim upon which relief may be granted.

4. On August 31, 2026, Plaintiff filed his Second Amended Complaint in state court, re-asserting and expanding his prior claims. Plaintiff also reasserted his already dismissed claims against several of the non-municipal defendants and added a new federal civil rights claim against the municipal defendants. (Dkt. No. 1-1).

5. On September 9, 2026, the City of Oklahoma City removed this matter due to Plaintiffs' newly asserted federal civil rights claim.

6. Plaintiff's Second Amended Complaint asserts three (3) claims against Crossland: Negligence, Unjust Enrichment and Civil Conspiracy (Counts I, V, and VIII). Dkt. No. 1-1.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" to survive a motion to dismiss. Claims have facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557, 570 (2007)). Detailed factual allegations are not required, but the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555 (2007)); *see generally* Fed. R. Civ. P. 8(a)(2) (complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]").

While Plaintiff is not required by Rule 12(b)(6) to establish a prima facie case in his complaint, the elements of each alleged cause of action help to determine whether a plausible claim has been set forth. *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Using that standard, the question is whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed. *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)). A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action is insufficient. By the same token, a complaint that offers nothing more than naked assertion[s] devoid of further factual enhancement is likewise insufficient to survive dismissal. *Iqbal*, 556 U.S. at 678.

In analyzing Plaintiff's Complaint, the court need accept as true only plaintiff's well-pleaded factual contentions, not his conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Fed. R. Civ. P. 8(a)(2) requires that a pleader provide "a short and

plain statement of the claim showing . . . entitle[ment] to relief." The required "short and plain statement" must provide "fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. 544, 555, 127 S. Ct. at 1964 (2007). To that end, the initial pleading must contain "[f]actual allegations [which are sufficient] to raise a right to relief above the speculative level." *Id*. It is the plaintiff's duty to allege "enough facts to state a claim to relief that is plausible on its face," not just conceivable. *Id*. at 570; *Slater v. A.G. Edwards & Sons, Inc.*, 719 F.3d 1190, 1196 (10th Cir. 2013); *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). As the 10th Circuit noted in 2008, it is particularly important that the complaint make clear "exactly *who* is alleged to have done *what* to *whom*." *Robbins* at 1250. While the pleading standard of Fed. R. Civ. P. 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *Twombly*, 550 U.S, at 555.

In 2024 another similarly overbroad and vague suit filed by Plaintiff was dismissed by Judge Bernard Jones. In that case, Judge Jones referred to Plaintiff's filings as "replete with irrelevant allegations and background information, personal attacks … and allegations made against the parties collectively without distinguishing their roles or actions." *See Trupia v. Heritage Hard Assets LLC*, CIV-24-498-J at Doc. 101, Order. There, Judge Jones dismissed Plaintiffs pleading styled as a "Petition for Civil Penalties, Permanent Injunction, [and] Other Equitable Relief" because the filing did not satisfy Federal Rule of Civil Procedure 8's pleading requirements.

The same Rule 8 concern that existed in *Heritage* exists here. Plaintiffs' 47 page Second Amended Complaint contains 171 paragraphs. Only a handful of those 171 paragraphs even reference Crossland. The few paragraphs that do contain nothing more than unadorned factual and legal conclusions. In fact, the majority of the Second Amended Complaint is occupied by irrelevant background narrative combined with conclusions, personal attacks and innuendo mixed into conspiracy theories that have nothing to do with Crossland. For these reasons, the Plaintiffs' Second Amended Complaint must be dismissed.

## ARGUMENT AND AUTHORITY

### I. Plaintiff Has Failed To State A Claim Against Crossland

#### A. Negligence

The elements to an actionable negligence claim in Oklahoma are: (1) a duty owed by the defendant to protect the plaintiff from injury; (2) a failure to perform that duty; and (3) injuries to the plaintiff which are proximately caused by the defendant's failure to exercise the duty of care. *Marshall v. City of Tulsa*, 2024 OK 78, ¶ 22, 558 P.3d 1220, 1228; *Cherokee Nation v. McKesson Corp*., 529 F. Supp. 3d 1225, 1237 (E.D. Okla. 2021). Plaintiff wholly fails to identify Crossland's alleged failure to perform its prescribed duty anywhere in the Second Amended Complaint. Instead, he vaguely alleges Crossland (grouped collectively amidst all "Contractor Defendants") breached a duty "in performance of the water-system contracts". (Dkt. No. 1-1, ¶ 137). What that breach is or how it allegedly damaged Plaintiff remains a mystery. Plaintiff alleges only that Crossland served as prime contractor on Project WT-0151, the Hefner Water Treatment Plant Ozone System

Expansion/Upgrades project, and later received a separate emergency loop-repair award at the same plant. (Dkt. 1-1, ¶¶ 29, 49, 72, 137). Plaintiff further alleges, in conclusory fashion, that WT-0151 "coincides with and contributed to" allegedly transient hydraulic conditions. [Id. ¶¶ 49, 137.]

Even with the most generous application of the law, those allegations do not state a negligence claim against Crossland. Rather than offer any insight as to the actual work performed by Crossland, Plaintiff asserts only that Crossland is on a roster of contractors on his way to concluding that it is therefore a participant in a city-wide failure cycle that allegedly damaged him in some way. By way of further example, the Second Amended Complaint identifies no work Crossland performed improperly; no project component Crossland designed, installed, operated, or controlled that allegedly generated a pressure transient; no contractual, statutory, or common-law duty Crossland owed Plaintiff; no standard Crossland allegedly violated; and no factual connection between Crossland's work and the alleged defective service connection at Plaintiff's home. By the same token, Plaintiff does not allege that Crossland installed, inspected, maintained, billed for, or repaired Plaintiff's service line, or that Crossland made the City's alleged billing, inspection, or response decisions.

Plaintiff's conclusory allegations offer no factual causal mechanism and are insufficient under Rule 8 and Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6) requires a court to disregard conclusory statements and look only to whether the remaining factual allegations plausibly suggest the defendant is liable. *Khalik v. United Air Lines*, 671 F.3d 1188, 1189 (10th Cir. 2012). In the same vein, the *Twombly/Iqbal* standard recognizes a plaintiff should have at least some relevant information to make the claims plausible on their face *Id*. Here,

Plaintiff's allegations against Crossland are entirely conclusory and not entitled to the assumption of truth. Correlation is not causation. The bald contention that Crossland is one of many contractors who performed work on the City's general water system does not in itself describe a breach that can survive a Motion to Dismiss. The plausibility standard asks for more than a sheer possibility of unlawful conduct *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1212 (10th Cir. 2011).

**B. Unjust Enrichment**

In Oklahoma, a claim for unjust enrichment typically consists of (1) the unjust (2) retention of (3) a benefit received (4) at the expense of another. *Cherokee Nation v. McKesson Corp*., 529 F. Supp. 3d 1225, 1241 (E.D. Okla. 2021). To recover for unjust enrichment, there must be enrichment to another coupled with a resulting injustice. *Id.* (quoting *Teel v. Public Service Co. of Oklahoma*, 767 P.2d 391, 398 (Okla. 1985). Plaintiff alleges that the Contractor Defendants (including Crossland) were unjustly enriched by systemic failures that they helped perpetuate (Dkt. No. 1-1, ¶ 149). However, Plaintiff has failed to identify how Crossland, or any of the individual Contractor Defendants for that matter, specifically helped perpetuate this "systemic failure". Nor has Plaintiff alleged that they unjustly benefited from it (much less how). As was the case with the negligence claim, a mere assertion that Crossland is but one of many contractors who performed work on the Oklahoma City water system does not sufficiently allege unjust enrichment.

Lastly, the Second Amended Complaint does not allege that Plaintiff conferred any benefit on Crossland. Plaintiff alleges that he paid water charges to the City/OCWUT and that Crossland was paid under distinct public contracts for WT-0151 and WE-0101. Yet,

Plaintiff identifies no payment from Plaintiff to Crossland and no benefit held by Crossland that belongs to Plaintiff. A general assertion that a ratepayer's utility payments ultimately funded public work does not plausibly establish that Crossland retained a benefit at Plaintiff's expense under circumstances making restitution equitable. To survive dismissal, Plaintiff must nudge his claims across the line from conceivable to plausible. *Khalik v. United Air Lines*, 671 F.3d 1188, 1189 (10th Cir. 2012). Here, Plaintiff's repeated attempts to meet this standard have failed.

**C. Civil Conspiracy**

A claim for civil conspiracy requires a combination of two or more persons to perform an unlawful act, or a lawful act by unlawful means. *Brock v. Thompson*, 1997 OK 127, ¶ 39, 948 P.2d 279, 294; *Community Resourcing Inc. v. Berkshire Hathaway Specialty Ins*., 2026 OK 53, ¶ 16, 593 P.3d 115, 120. The essential elements to a civil conspiracy claim are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. *Id., citing Jurkowski v. Crawley*, 1981 OK 110, ¶16, 637 P.2d 56, 62. Oklahoma law is exceedingly clear that, to be liable, the alleged conspirators must pursue an independently unlawful purpose or use an independently unlawful means. Where the act complained of and the means employed are lawful, there can be no civil conspiracy. *Olson v. Cont'l Res., Inc*., 2005 OK CIV APP 13, ¶ 17, 109 P.3d 351, 356.

Consistent with the remainder of his Second Amended Complaint, Plaintiff only vaguely alleges/concludes that Crossland participated in a civil conspiracy based solely on its' status as one of many contractors that places bids to perform water system maintenance

work for the City (Dkt. 1-1, ¶ 157, 158). However, Plaintiff's Second Amended Complaint fails to allege any specific information to distinguish any of Crossland's unlawful acts. Plaintiff alleges no communication, meeting, promise, instruction, coordinated action, or other facts plausibly suggesting that Crossland reached an agreement with any other defendant to accomplish an unlawful objective. Plaintiff also identifies no unlawful overt act by Crossland. The allegation that OCWUT awarded Crossland emergency work at a facility where Crossland was already performing a public project does not allege that Crossland controlled, directed, or knowingly participated in OCWUT's emergency declaration, procurement decision, notice practices, bidding process, or trustee ratification. As the Supreme Court has noted, an allegation of parallel conduct and a bare assertion of conspiracy will not suffice. *Twombly*, 550 U.S. at 544, 556. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality. *Id*.

Federal law encourages the efficient and timely disposal of claims that fail to meet required pleading standards. The Court in *Tw*ombly noted as much, stating that "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 548, 127 S. Ct. 1955, 1961 (2007). Here, Plaintiff relies once more on general allegations insufficient to survive a motion to dismiss after having been afforded another opportunity by the district court. As with the other claims, the Civil Conspiracy claim should be dismissed as to Crossland.

## CONCLUSION

For the foregoing reasons, Defendant, Crossland Heavy Contractors, Inc. respectfully request the Court grant this Motion to Dismiss, pursuant to Rule 8 and Fed. R. Civ.P. 12(b)(6) with prejudice to re-filing.

s/ Christopher T. Combs
Christopher T. Combs, OBA No. 21632
Cole B. Brown, OBA No. 34619
Ethan Elrod, OBA No. 36105
**HAYES MAGRINI & GATEWOOD**
1138 N. Robinson, Suite 102
Oklahoma City, Oklahoma 73103
Telephone: (405) 235-9922
E-Mail: ccombs@hmglawyers.com
cole@hmglawyers.com
eelrod@hmglawyers.com

*Attorneys for Defendant, Crossland Heavy Contractors, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on Monday, September 21, 2026, I filed the foregoing Motion to Dismiss with the Clerk of the Court and served the attached document by U.S. Mail, postage prepaid on the following who are not registered participants of the Electronic Case Filing system. Otherwise, registered participants will receive automatic notice via ECF.

Anthony Trupia
605 SE 21st Street
Oklahoma City, OK 73129
*Pro Se Plaintiff*

s/ Christopher T. Combs
Christopher T. Combs