**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

ANTHONY TRUPIA, an individual,

Plaintiff,

v.

CITY OF OKLAHOMA CITY; OKLAHOMA CITY WATER UTILITIES TRUST (OCWUT), a public trust; CHRIS BROWNING, individually and in his official capacity as Utilities Director and General Manager of OCWUT; JAMES D. COUCH, individually and in his official capacity as Chairman of OCWUT and Independent Trustee; DAVID HOLT, individually and in his official capacity as Mayor of Oklahoma City and OCWUT Trustee; MARK STONECIPHER, individually and in his official capacity as Councilmember and OCWUT Vice Chairman/Surrogate Trustee; CRAIG FREEMAN, individually and in his official capacity as City Manager and OCWUT Trustee; DON E. NOBLE, individually and as Owner of Cimarron Construction Co., LLC; GARY MATTHEWS, individually and as owner of Matthews Trenching; RICK THOMPSON, individually and as owner of Wynn Construction Co., Inc.; CAROLLO ENGINEERS, INC.; BLACK & VEATCH CORPORATION; CROSSLAND HEAVY CONTRACTORS, INC.; ARCHER WESTERN CONSTRUCTION CO., INC.; WYNN CONSTRUCTION CO., INC.; CIMARRON CONSTRUCTION CO., LLC; MATTHEWS TRENCHING CO., INC.; KRAPFF-REYNOLDS CONSTRUCTION COMPANY; and JOHN DOE OKLAHOMA CITY POLICE OFFICERS 1 THROUGH 4, individually and in their official capacities,

Defendants.

Case No.: CIV-2026-2422-R

# BLACK & VEATCH CORPORATION'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW, Defendant Black & Veatch Corporation ("**B&V**"), and hereby moves the Court to dismiss Plaintiff's *Second Amended Complaint* (Dkt. 1-1) for failure to state a claim upon which relief can be granted. In support, B&V states as follows:

## INTRODUCTION

After the Oklahoma County District Court ("State Court") dismissed Plaintiff's claims against B&V[1], the Plaintiff re-filed its 'shotgun' style forty-seven page Second Amended Complaint which alleges systematic overbilling for Plaintiff's water utility, a defective residential service connection, purported deficiencies in Oklahoma City's water infrastructure, emergency procurement practices, public records disputes, police conduct. Despite that length, the allegations directed at B&V remain sparse, conclusory, and disconnected from Plaintiff's alleged injury.

The Petition refers to B&V directly only by alleging that B&V was "responsible for corrosion control and chemical analysis" (Dkt. 1-1, ¶ 28) and B&V "supplied a decade of corrosion and degradation data documenting pipes that could not withstand transients, without effective mitigation." Dkt. 1-1, ¶ 137. Based on these limited allegations, Plaintiff asserts claims against B&V for negligence, professional negligence, and civil conspiracy. Despite Plaintiff now having three chances to sufficiently plead facts to support a claim against B&V, Plaintiff's Complaint still fails to demonstrate what B&V allegedly did to

[1] The Plaintiff refused to sign the journal entry submitted by B&V and the other Defendants memorializing the State-Court dismissal. Consequently, B&V and several of the other Defendants filed a Joint Motion to Settle which is currently pending. See, Ex. 2.

Plaintiff, when B&V allegedly did it, how B&V's alleged conduct harmed Plaintiff, or what legal duty B&V owed him.

The Petition does not allege that B&V connected Plaintiff's home to any water line, inspected Plaintiff's property, billed Plaintiff, communicated with Plaintiff, operated the City's system, made procurement decisions, or received any benefit directly from Plaintiff. B&V is instead swept into Plaintiff's far-fetched theory of alleged system-wide failures without any showing any conduct of B&V that harmed Plaintiff let alone any facts which show B&V owed Plaintiff a duty. Under Rules 8(a)(2) and 12(b)(6), that is not enough and this Court should dismiss Plaintiff's claims against B&V with prejudice.

## I. BACKGROUND

1. On January 21, 2026, Plaintiff filed his original Complaint in State Court. Dkt. 1-2, p. 3.

2. On March 24, 2026, Plaintiff filed his First Amended Complaint. Dkt. 1-2, p. 6.

3. On May 1, 2026, B&V filed its Motion to Dismiss Plaintiff's First Amended Complaint. Dkt 1-2, p. 8.; Motion to Dismiss attached as **Exhibit 1**.

4. Plaintiff did not timely respond to B&V's Motion to Dismiss.

5. On August 10, 2026, the State Court granted B&V's Motion to Dismiss. The State Court's Court ordered as set forth in the minute entry as follows:

> ANDREWS: PLAINTIFF APPEARS PRO SE. DEFENDANTS APPEAR THROUGH COUNSEL. THE COURT GRANTS PLAINTIFF 20 DAYS OF LEAVE TO AMEND AS TO OKLAHOMA CITY AND OKLAHOMA CITY WATER UTILITIES TRUST WITH 30 DAYS TO ANSWER. THE COURT GRANTS DISMISSAL OF DEFENDANTS CHRIS BROWNING,

> CRAIG FREEMAN, DAVID HOLT, JIM COUCH, MARK STONECIPHER, MATTHEW'S TRENCHING CO., INC., DRAPFF-REYNOLDS CONSTRUCTION CO., AND BLACK VEACH UNDER 2002 SEC 12B6. PRESERVATION OF RECORDS TO BE INCLUDED IN JOURNAL ENTRY

Dkt 1-2, p. 10.

6. On August 13, 2026, Plaintiff filed—out of time—his Response in Opposition to B&V's Motion to Dismiss. Dkt. 1-2, p. 11.

7. On August 31, 2026, Plaintiff filed his Second Amended Complaint. Dkt. 1-1.

8. On September 4, 2026, B&V along with several other dismissed Defendants filed a Joint Motion to Settle Journal Entry. Joint Motion to Settle Journal Entry, attached hereto as **Exhibit 2**.

## II. ARGUMENTS AND AUTHORITY

### 1. Motion to Dismiss Standard.

B&V moves for dismissal under Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6). Rule 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "At a basic level, Rule 8 requires that a complaint give the opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint . . . ." *Bralich v. Gayner*, No. 20-cv-3800-RMR-STV, 2021 WL 5763506, at *4 (D. Colo. Nov. 24, 2021); see also *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (noting a plaintiff's Rule 8 "burden . . . to provide fair notice of the grounds for the claims made against each of the defendants"). Under Rule 8 of the Federal Rules of Civil Procedure, a complaint "must

contain . . . a short and plain statement of the claim showing that [the plaintiff] is entitled to relief," Fed. R. Civ. P. 8(a)(2), and its allegations must be "simple, concise, and direct," Fed. R. Civ. P. 8(d)(1). Rule 8 further requires a plaintiff to "explain what each defendant did to him . . .; when the defendant did it; how the defendant's action harmed him . . .; and what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

If a complaint "fails to meet these basic pleading requirements, a district court may dismiss the action . . . for failure to comply with Rule 8." *Rodriguez v. Nationwide Homes, Inc.*, 756 F. App'x 782, 785 (10th Cir. 2018) (unpublished). A plaintiff must present his claims "discretely and succinctly" so that the opposing party may "frame a responsive pleading" and the Court "can determine which facts support which claims" and whether the plaintiff has "stated any claims upon which relief can be granted." *Cummings v. Direct Scaffold Supply, LLC*, No. CIV-25-01460-JD, 2025 WL 3527405, at *1 (W.D. Okla. Dec. 9, 2025); see also *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) ("Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."). Where, as here, a complaint asserts claims against multiple defendants, "it is particularly important . . . that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." *Bledsoe v. Carreno*, 53 F.4th 589, 607 (10th Cir. 2022) (citations omitted).

Even where a complaint satisfies Rule 8's threshold requirements, it may still warrant dismissal under Rule 12(b)(6) if it lacks "sufficient factual matter, accepted as true,

to state a claim to relief that is plausible on its face." *Stillwell v. Benson*, No. CIV-25-259-J, 2025 WL 1634898, at *4 (W.D. Okla. May 2, 2025) (internal quotation marks omitted); cf. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007) (discussing interplay of Rules 12(b)(6) and 8(a)(2)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context," *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011), "mere labels and conclusions and a formulaic recitation of the elements of a cause of action will not suffice; a plaintiff must offer specific factual allegations to support each claim," *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017).

Although a pro se litigant's pleadings are construed liberally and held to a less stringent standard than pleadings drafted by lawyers, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), pro se plaintiffs must still "follow the same rules of procedure that govern other litigants." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). A court may not assume the role of advocate for a pro se litigant, *Hall*, 935 F.2d at 1110, and "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Nor may the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). The Plaintiff has had two opportunities to amend their complaint and has failed each time to

sufficiently plead facts which support a plausible claim against B&V—the Court should dismiss the Plaintiff's claims against B&V accordingly.

### 2. Plaintiff's Allegations Amount to Impermissible Shotgun Pleading in Violation of Rule 8

Trupia's long-winded Complaint is a quintessential shotgun pleading that violates Rule 8. Multiple courts in the Tenth Circuit and beyond have disparagingly referred to pleadings that violate Rule 8(a)(2) as "shotgun pleadings." See *Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989); *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320–23 (11th Cir. 2015) (collecting cases); *Goode v. Nuance Commc'ns, Inc.*, No. 17-CV-00472-GKF-JFJ, 2018 WL 3371091, at *6 (N.D. Okla. July 10, 2018); *Greenway Nutrients, Inc. v. Blackburn*, 33 F. Supp. 3d 1224, 1242 (D. Colo. 2014); *Williams v. Berryhill*, 2018 WL 2234902, at *2 n.17 (D. Utah May 16, 2018); *Cook v. Baca*, 2011 WL 13157059, at *3 n.1 (D.N.M. July 8, 2011); *Allbrandt v. Bank of Am., N.A.*, 2015 WL 1186660, at *7 (D. Colo. Mar. 12, 2015); *Gabriel v. Melton Truck Lines*, No. 21-CV-493-JFH-SH, 2022 WL 3401949, at *5 (N.D. Okla. Aug. 16, 2022), appeal dismissed, No. 22-5070, 2022 WL 18674464 (10th Cir. Dec. 19, 2022), cert. dismissed, 143 S. Ct. 2630 (2023). "The law recognizes a significant difference between notice pleading and 'shotgun' pleading." *Glenn*, 868 F.2d at 371. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1320.

The Tenth Circuit has described shotgun pleading as the "recitation of an extended factual narrative followed by pleading numerous claims without adequately specifying which facts apply to which claims and which parties." *Fawley v. Lucero*, No. 22-2091, 2023 WL 2487323, at *1 (10th Cir. Mar. 14, 2023) (unpublished). Trupia does exactly that. His Complaint is littered with rambling and irrelevant allegations, then asserts multiple claims against groups of defendants without specifying which facts support which claims against B&V.

In *Weiland*, the Eleventh Circuit synthesized more than sixty published cases and identified four common categories of shotgun pleadings: "(1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is full of conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that does not separate into a different count each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which defendants are responsible for which acts or omissions, or which defendants the claim is brought against." *Weiland*, 792 F.3d at 1321–23. Trupia's Complaint falls in at least the second and fourth categories. It is filled with conclusory, vague, and immaterial allegations about municipal governance, procurement practices, public records disputes, police conduct, and civic relationships that are in no way connected to any viable claim against B&V; and it asserts claims against groups of defendants, including the "Engineer Defendants," without specifying what B&V allegedly did, when it did it, or how that conduct caused Plaintiff's alleged injuries.

To provide fair notice under Rule 8, a complaint must make clear "who is alleged to have done what to whom." *Robbins*, 519 F.3d at 1250 (emphasis in original). Because Trupia's Complaint fails to supply this crucial information by asserting generalized allegations against groups of defendants without identifying what B&V allegedly did, the Court should dismiss the Complaint under Rule 8. See, e.g., *Stillwell*, 2025 WL 1634898, at *4 ("Plaintiff's complaint fails to provide fair notice of the specific claims asserted against each named individual. Dismissal under Rule 8 is therefore appropriate.").

Allegations about B&V's alleged historical corrosion-control or chemical-analysis role do not plausibly connect B&V to Plaintiff's service connection, billing, inspection, flooding, mold, or claimed personal injuries.

**3. Each of Plaintiff's Claims Against B&V Fail as a Matter of Law.**

**A. Negligence (Count I)**

The elements of negligence are: "(1) a duty owed by the defendant to protect the plaintiff from injury; (2) a failure to perform that duty; and (3) injuries to the plaintiff which are proximately caused by the defendant's failure to exercise the duty of care." *Marshall v. City of Tulsa, 2024 OK 78, ¶ 22, 558 P.3d 1220, 1228.* "[A] duty of care may arise from a set of circumstances which would require the defendant to foresee the particular harm to the plaintiff." *Lowery v. Echostar Satellite Corp.*, 2007 OK 38, ¶ 13, 160 P.3d 959, 964 (citing *Delbrel,* at ¶¶ 9–10, 913 P.2d at 1321. "Whether the defendant owed the plaintiff a duty of care is a question of law for the court." *Id.* (citing *Delbrel v. Doenges Bros. Ford, Inc.*, 1996 OK 36, ¶ 7, 913 P.2d 1318, 1320). This is the first question for the Court to

answer. "If the defendant did not owe a duty of care to the plaintiff, there can be no liability for negligence as a matter of law." *Id.*

One of the most important factors considered in determining whether the duty of care exists is foreseeability of harm to the plaintiff. *Lowery,* 160 P.3d at 964. Generally, this "foreseeable risk of harm" will not be extended beyond "reason and good sense." *Rose v. Sapulpa Rural Water Co.*, 631 P.2d 752, 757 (Okla. 1981) (holding that the mere presence of a fire hydrant near plaintiff's property did not create a foreseeable risk that fire loss may occur if a latent defect in the hydrant rendered it inoperable).

Plaintiff alleges in the Second Amended Complaint that the City and OCWUT owed duties to provide safe and accurate water utility service, to connect his home to a sound service line, to meter and bill him accurately, to inspect competently, and to operate and maintain the distribution system. Dkt. 1-1, ¶ 135. He then attempts to extend negligence liability to the "Contractor Defendants and Engineer Defendants," including B&V, by alleging that they performed water-system contracts and owed duties to the foreseeably affected public. Dkt. 1-1, ¶ 137. There are no allegations of the work that B&V allegedly performed negligently, nor any allegations that the B&V's corrosion analysis somehow harmed Plaintiff. The only B&V-specific allegations concern historical corrosion-control and chemical-analysis work for the utility. It is not reasonably foreseeable that a consultant's alleged historical corrosion analysis for a municipal utility would cause an individual ratepayer for overbilling, a defective service connection, crawlspace flooding, or mold at a his residence. As a matter of law, such harm falls outside any conceivable zone

of foreseeability, and no duty can be imposed on B&V. Those allegations do not create a legal duty running from B&V to Plaintiff.

Even if a duty existed, the Second Amended Complaint alleges no non-speculative causal connection between any B&V corrosion-control or chemical-analysis work and Plaintiff's alleged damages. "A finding of proximate cause must be based on something more substantial than mere speculation and conjecture." *Worsham v. Nix*, 2006 OK 67, ¶ 32, 145 P.3d 1055, 1065 (citing *Gillham v. Lake Country Raceway*, 2001 OK 41, ¶ 8, 24 P.3d 858, 860). "[I]f the facts do not disclose a causal connection between the act of negligence and the injury alleged to have resulted therefrom, the existence of proximate cause is a question of law for the court." *Cheatham v. Van Dalsem*, 1960 OK 75, ¶ 7, 350 P.2d 593, 595. Plaintiff alleges only that B&V supplied historical information about corrosion and pipe degradation; he does not plead facts showing that any B&V act or omission caused the alleged misconnection, billing errors, flooding, mold, or personal injury. Accordingly, Plaintiff fails to state a negligence claim against B&V.

**B. Professional Negligence (Count VI)**

Plaintiff's professional-negligence claim fails for the same reasons. The Second Amended Complaint alleges that Carollo and B&V, as the "Engineer Defendants," owed a professional standard of care to the public served by the water system. Dkt. 1-1, ¶ 151. But the B&V-specific allegation is limited to the assertion that B&V supplied corrosion and degradation analysis documenting pipes allegedly unable to withstand transient pressures. Dkt. 1-1, ¶ 151. Plaintiff pleads no facts showing that B&V owed him a professional duty, breached any such duty, or proximately caused his alleged injuries. Conclusory references

to the "Engineer Defendants" and historical corrosion analysis do not plausibly state professional negligence against B&V.

The Second Amended Complaint identifies no B&V project, report, recommendation, omission, operational decision, or professional act that caused the specific defect at Plaintiff's home. The professional-negligence count therefore remains conclusory even after multiple amendments.

### C. Unjust Enrichment (Count V)

The Second Amended Complaint no longer pleads unjust enrichment against B&V. Count V is asserted against the "Contractor Defendants," while the Complaint separately defines the "Engineer Defendants" as Carollo Engineers, Inc. and B&V. Dkt. 1-1, ¶¶ 36, 148–149. To the extent Plaintiff's broader narrative attempts to suggest that B&V benefited from Plaintiff's rate payments, that theory still fails. Plaintiff does not allege that he conferred any benefit on B&V, that B&V received any payment from Plaintiff, or that B&V retained anything belonging to Plaintiff.

### D. Civil Conspiracy / Conflict of Interest (Count VIII)

"Civil conspiracy is not an independent cause of action under Oklahoma law." *Gaylord Entm't Co. v. Thompson, 1998 OK 30, ¶ 40, 958 P.2d 128, 148.* "To be liable the conspirators must pursue an independently unlawful purpose or use an independently unlawful means. There can be no civil conspiracy where the act complained of and the means employed are lawful." *Brock v. Thompson,* 1997 OK 127, ¶ 39, 948 P.2d 279, 294, as corrected (Apr. 3, 1998) (internal citations omitted). A claim for civil conspiracy requires " (1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds

on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result." *Schovanec v. Archdiocese of Oklahoma City,* 188 P.3d 158, 175 (Okla.2008) (quoting *Closs v. Goose Creek Consolidated Independent School District,* 874 S.W.2d 859, 871 (Tex.App.1994).

Plaintiff's civil-conspiracy claim in the Second Amended Complaint is asserted against the Individual City Defendants, the Contractor Defendants, and the Engineer Defendants. Compl. ¶¶ 156–158. As to B&V, however, the Complaint alleges no facts showing an agreement, a meeting of the minds, or any unlawful overt act by B&V. The pleading instead relies on generalized references to procurement practices, association memberships, alleged industry relationships, and purported system-wide failures. Allegations that B&V performed corrosion-control or chemical-analysis work for the municipal utility do not plausibly support a conspiracy to maintain a "failure-driven" procurement system or any other unlawful object. Dkt. 1-1, ¶¶ 74, 157. Because Plaintiff fails to state any underlying claim against B&V, the conspiracy claim necessarily fails.

Allegations that B&V belonged to industry groups, sponsored conferences, performed corrosion-related work, or existed within the same broad municipal-contracting environment do not plausibly allege a meeting of the minds, an unlawful overt act by B&V, or proximate injury to Plaintiff. Because the substantive claims against B&V fail, the derivative conspiracy claim fails as well.

### III. Plaintiff Should Not Be Granted Leave to Amend.

Plaintiff should not be granted further leave to amend. Although leave to amend is ordinarily "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), the Court

may deny leave where amendment would be futile, where the plaintiff has repeatedly failed to cure pleading deficiencies, or where further amendment would impose undue burden and expense. See *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bauchman v. West High Sch.*, 132 F.3d 542, 559 (10th Cir. 1997). That standard is satisfied here. Plaintiff has already amended his complaint twice. Plaintiff had months and multiple opportunities to plead viable claims against B&V, including after B&V previously moved to dismiss. Yet the Second Amended Complaint still fails to allege facts sufficient to support a claim for negligence, conspiracy, or any other plausible basis for relief against B&V.

Further amendment would not change the operative facts as they pertain to B&V. Plaintiff's allegations remain directed to generalized municipal water-system issues and undifferentiated groups of defendants, not actionable conduct by B&V toward Plaintiff. Allowing yet another amendment would therefore be futile and would only prolong litigation, increase expense, and prejudice B&V, which has already been required to defend against shifting and conclusory allegations despite the absence of any pleaded connection between B&V and Plaintiff's alleged injuries. Accordingly, the Court should dismiss Plaintiff's claims against B&V with prejudice and without leave to amend.

## CONCLUSION

WHEREFORE, premises considered, Black & Veatch Corporation moves the Court to enter an Order dismissing all claims asserted against Black & Veatch Corporation in Plaintiff's Second Amended Complaint, and for all other relief this tribunal deems just and equitable, including any award of attorneys' fees to be paid by Plaintiff to Black & Veatch Corporation.

Respectfully submitted,

*/s/ Preston M. Sullivan*

Kiran A. Phansalkar, OBA #11470
Preston M. Sullivan, OBA #33619|
Elizabeth H. Attaway, OBA #35539
Conner & Winters, LLP
1700 One Leadership Square
211 N. Robinson Ave.
Oklahoma City, OK 73102
Telephone: (405) 272-5711
Facsimile: (405) 232-2695
Email: kphansalkar@cwlaw.com
psullivan@cwlaw.com
battaway@cwlaw.com
***Attorneys for Defendant***
***Black & Veatch Corporation***

## CERTIFICATE OF SERVICE

I hereby certify that on Monday, September 21, 2026, I filed the foregoing Motion to Dismiss with the Clerk of the Court and served the attached document by U.S. Mail, postage prepaid on the following who are not registered participants of the Electronic Case Filing system. Otherwise, registered participants will receive automatic notice via ECF.

Anthony Trupia
605 SE 21st Street
Oklahoma City, OK 73129
Telephone: (516) 984-0142
Email: trupiaar@gmail.com
***Pro Se Plaintiff***

*/s/ Preston M. Sullivan*
Preston M. Sullivan