FILED IN DISTRICT COURT
OKLAHOMA COUNTY

MAY 1 2026

RICK WARREN
COURT CLERK
88 ______

**IN THE DISTRICT COURT OF OKLAHOMA COUNTY**
**STATE OF OKLAHOMA**

ANTHONY TRUPIA, an individual,

Plaintiff,

v.

CITY OF OKLAHOMA CITY, a municipal corporation, et al.,

Defendants.

Case No.: CJ-2026-515

Judge Don Andrews

**MOTION TO DISMISS**

COMES NOW, the Defendant, Black & Veatch Corporation ("**B&V**"), and hereby moves the Court to dismiss Plaintiff's *First Amended Complaint* (the "**Petition**") for failure to state a claim upon which relief can be granted. In support, B&V states as follows:

**INTRODUCTION**

Plaintiff filed this action for issues arising from alleged overbilling, a defective residential service connection, and purported "systemic" deficiencies in Oklahoma City's water infrastructure.

Plaintiff employs a shotgun pleading approach apparently naming any person or entity that ever touched the City of Oklahoma City's water infrastructure over the last decade regardless of any connection to Plaintiff's damages alleged. In total, there are only **3** paragraphs out of the 53 paragraphs of allegations that specifically mention B&V. Those are as follows:

- "BLACK & VEATCH CORPORATION is a corporation doing business in Oklahoma, responsible for corrosion control and chemical analysis, providing data on degraded pipes vulnerable to surges." Petition, ¶ 16.

- "Defendants possessed detailed knowledge of surge vulnerabilities for over a decade, via studies from CAROLLO ENGINEERS, INC. on surge analysis, hydraulic modeling, and Hefner-Draper interconnects, and BLACK & VEATCH CORPORATION on corrosion control showing degraded pipes unable to handle surges. Despite SCADA monitoring capabilities, Defendants failed to mitigate these risks, constituting negligence." Petition, ¶ 31.

- "Defendant Couch, as architect of the MAPS era, ensures persistence of surge-prone policies. Browning's ties to Water Environment Federation (WEF), sponsored by Carollo and BLACK & VEATCH CORPORATION, create conflicts in contract awards." Petition, ¶ 35.

Plaintiff alleges that Defendants (presumably the City of Oklahoma City and/or OCWUT) "possessed detail knowledge of surge vulnerabilities for **over a decade**, via studies from.... BLACK & VEATCH CORPORATION...." Petition, ¶ 31 (emphasis added). Plaintiff fails to show any connection with the study conducted over a decade ago, on the one hand, and Plaintiff's claims of overbilling, a defective residential service connection, and purported "systemic" deficiencies in Oklahoma City's water infrastructure, on the other. B&V is instead swept into a generalized theory of liability based on alleged historical knowledge of system conditions without showing any duty of B&V to Plaintiff or any way that B&V has been unjustly enriched to the detriment of Plaintiff. As Oklahoma law makes clear, these types of baseless allegations made by Plaintiff are insufficient to state claim upon which relief may be granted and should be dismissed as a matter of law.

## ARGUMENTS AND AUTHORITY

### I. Motion to Dismiss Standard.

The purpose of a motion to dismiss is to test the law that governs the claim in litigation. *Rogers v. Quiktrip Corp.*, 2010 OK 3, ¶ 4, 230 P.3d 853, 856 (citing *Zaharias v. Gammill*, 1992 OK 149, ¶ 6, 844 P.2d 137, 138). Generally, a petition may be dismissed as a matter of law for either of two reasons: (1) lack of any cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Ind. Nat'l Bank v. State Dep't of Human Servs.*, 1994 OK 98, ¶ 4, 880 P.2d 371, 375 (citing *Ky. Cent. Life Ins. Co. v. LeDuc*, 814 F. Supp. 832, 835 (N.D. Cal. 1992)).

In considering a motion to dismiss for failure to state a claim under 12 O.S. § 2012(B)(6), the Court should ask "whether relief is possible under any set of facts that could be established

***consistent*** with the allegations." *Benshoof v. Niles*, 2016 OK CIV APP 57, ¶ 19, 380 P.3d 902, 907 (quoting *Ind. Nat'l Bank*, 1994 OK 98, ¶ 4) (internal quotation marks omitted). Such a motion should be granted where it "appear[s] without doubt that the plaintiff can prove no set of facts in support of the claim for relief." *Darrow v. Integris Health, Inc.*, 2008 OK 1, ¶ 7, 176 P.3d 1204, 1208 (citations and footnote omitted). The Court must "disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011).* These principles apply equally to *pro se* plaintiffs.

## II. Plaintiff Improperly Groups All Defendants Together

Oklahoma law requires defendant-specific factual allegations: "When there are multiple defendants, as there are here, the complaint should 'explain what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.'" *Ricks v. Hughey, No. CIV-24-739-PRW, 2025 WL 1161463, at *1 (W.D. Okla. Apr. 21, 2015) (quoting Nasious v. Two Unknown B.I.C.E. Agents, 429 F.3d 1158, 1163 (10th Cir. 2007)).*

Plaintiff's claims throughout the Petition, including his claims for Negligence (Count No. I), Unjust Enrichment (Count No. V), Professional Negligence (Count No. VI) and Civil Conspiracy (Count No. VIII), lump all defendants together while failing to assert specific facts against B&V to support any cognizable legal theory. Accordingly, dismissal is warranted on this basis alone.

## III. Each of Plaintiff's Claims Against B&V Fail as a Matter of Law.

### A. Negligence (Count I)

The elements of negligence are: "(1) a duty owed by the defendant to protect the plaintiff from injury; (2) a failure to perform that duty; and (3) injuries to the plaintiff which are proximately

caused by the defendant's failure to exercise the duty of care." *Marshall v. City of Tulsa, 2024 OK 78, ¶ 22, 558 P.3d 1220, 1228.* "[A] duty of care may arise from a set of circumstances which would require the defendant to foresee the particular harm to the plaintiff." *Lowery v. Echostar Satellite Corp.*, 2007 OK 38, ¶ 13, 160 P.3d 959, 964 (citing *Delbrel,* at ¶¶ 9–10, 913 P.2d at 1321. "Whether the defendant owed the plaintiff a duty of care is a question of law for the court." *Id.* (citing *Delbrel v. Doenges Bros. Ford, Inc.*, 1996 OK 36, ¶ 7, 913 P.2d 1318, 1320). This is the first question for the Court to answer. "If the defendant did not owe a duty of care to the plaintiff, there can be no liability for negligence as a matter of law." *Id.*

One of the most important factors considered in determining whether the duty of care exists is foreseeability of harm to the plaintiff. *Lowery,* 160 P.3d at 964. Generally, this "foreseeable risk of harm" will not be extended beyond "reason and good sense." *Rose v. Sapulpa Rural Water Co.*, 631 P.2d 752, 757 (Okla. 1981) (holding that the mere presence of a fire hydrant near plaintiff's property did not create a foreseeable risk that fire loss may occur if a latent defect in the hydrant rendered it inoperable).

Plaintiff alleges (again without specifying which Defendant), that "Defendants owed duties to maintain safe, accurate water utility services, inspect infrastructure properly, respond promptly to notices, and mitigate known risks like transients and defects." Amended Complaint, ¶ 42. Those duties, if they exist, belong to the City and OCWUT—NOT B&V. There are no allegations that B&V had a contract or performed services on Plaintiff's behalf or had any involvement whatsoever with Plaintiff's defective hookup, flooding or billing issues which would lead to the establishment of a recognizable duty. Plaintiff pleads no facts establishing that B&V owed Plaintiff any duty at all. B&V is alleged only to have provided corrosion-related analysis at some unspecified time over a decade before the Plaintiff's claims were asserted.

Under foundational negligence principles, "the risk reasonably to be perceived defines the duty to be obeyed." *Palsgraf v. Long Island R.R. Co.*, 248 N.Y. 339, 344 (1928). The circumstances alleged here are even more attenuated than those in the oft-referenced scenario in *Palsgraf*. B&V is alleged only to have provided corrosion-related analysis to the City at some unspecified time more than a decade before Plaintiff's claims arose, with no allegation that such analysis concerned Plaintiff's property, service line, or meter. In such circumstances, it is far less foreseeable than the chain of events rejected in *Palsgraf* that a professional consultant's corrosion analysis—provided years earlier to a municipal utility—could result in Plaintiff's alleged overbilling, flooding, or mold. As a matter of law, such harm falls well outside any conceivable zone of foreseeability, and no duty can be imposed on B&V.

Even if there were a duty, Plaintiff alleges no proximate causation between any corrosion analysis performed by B&V years earlier and Plaintiff's alleged damages. "A finding of proximate cause must be based on something more substantial than mere speculation and conjecture." *Worsham v. Nix*, 2006 OK 67, ¶ 32, 145 P.3d 1055, 1065 (citing *Gillham v. Lake Country Raceway,* 2001 OK 41, ¶ 8, 24 P.3d 858, 860). "[I]f the facts do not disclose a causal connection between the act of negligence and the injury alleged to have resulted therefrom, the existence of proximate cause is a question of law for the court." *Cheatham v. Van Dalsem*, 1960 OK 75, ¶ 7, 350 P.2d 593, 595. Speculation and conjecture is all that Plaintiff has set forth in his Petition. B&V supplying a corrosion analysis study to the City of Oklahoma City cannot possibly, under any set of facts, be a causal connection or the proximate cause of Plaintiff's alleged injuries. Accordingly, Plaintiff fails to state a negligence claim as a matter of law.

**B. Professional Negligence (Count VI)**

A claim for professional negligence is no different than a claim for negligence; it still requires 3 basic elements: a duty, a breach of that duty, and the breach of the duty was the proximate

cause of Plaintiff's harm. Plaintiff asserts professional negligence as follows: "As licensed professionals, these Defendants failed to meet standards of care in designing surge-prone systems and analyzing corrosion, with foreseeable harm to Plaintiff." Petition, ¶ 51. Plaintiff's Professional Negligence claim fails on the same grounds as its negligence claim—there is no legal duty, no failure to perform a duty, and any alleged breach was not the proximate cause of Plaintiff's alleged harm. Conclusory references to failure in "analyzing corrosion" is insufficient to state a claim of negligence. No duty of care to Plaintiff exists here, there is no set of facts that Plaintiff could establish that it is foreseeable that a study conducted by B&V over a decade ago would in some way harm Plaintiff. Such an allegation cannot possibly move forward and should be summarily dismissed.

**C. Unjust Enrichment (Count V)**

Oklahoma defines unjust enrichment as: "(1) the unjust (2) retention of (3) a benefit received (4) at the expense of another." *Orthman v. Premiere Pediatrics, PLLC, 2024 OK CIV APP 7, ¶ 30, 545 P.3d 124, 136 (*citing *Dept. of Securities ex rel. Faught v. Blair*, 2010 OK 16, ¶ 22, 231 P.3d 645, 658-659). Plaintiff alleges only that "Contractors profited from the 'Break-Fix' cycle. Unjustly enriched by systemic failures they helped perpetuate, at Plaintiff's expenses as a ratepayer funding repairs."[1] The courtroom is no place for Plaintiff's far-fetched conspiracy theories. There are no facts alleged that support Plaintiff's ludicrous allegations concerning any "Break-fix" cycle much less B&V's involvement therein.

Furthermore, generalized allegations that Plaintiff, as a ratepayer in Oklahoma, has been harmed by "funding repairs" does not satisfy the "at the expense of another" requirement. Any

---

[1] B&V seeks to dismiss Plaintiff's Unjust Enrichment and Conspiracy/Conflict of Interest claims alleged against all "Contractor Defendants" out of an abundance of caution because Plaintiff fails to define this term in his Amended Complaint.

payments Plaintiff made as a ratepayer were to the City of Oklahoma City—not B&V. Plaintiff does not allege that he conferred any benefit on B&V or that B&V unjustly retained anything belonging to Plaintiff. As such, this claim fails as a matter of law.

**D. Civil Conspiracy / Conflict of Interest (Count VIII)**

"Civil conspiracy is not an independent cause of action under Oklahoma law." *Gaylord Entm't Co. v. Thompson, 1998 OK 30, ¶ 40, 958 P.2d 128, 148.* "To be liable the conspirators must pursue an independently unlawful purpose or use an independently unlawful means. There can be no civil conspiracy where the act complained of and the means employed are lawful." *Brock v. Thompson,* 1997 OK 127, ¶ 39, 948 P.2d 279, 294, as corrected (Apr. 3, 1998) (internal citations omitted). A claim for civil conspiracy requires " (1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result." *Schovanec v. Archdiocese of Oklahoma City,* 188 P.3d 158, 175 (Okla.2008) (quoting *Closs v. Goose Creek Consolidated Independent School District,* 874 S.W.2d 859, 871 (Tex.App.1994).

Plaintiff's claim for Conflict of Interest and Civil Conspiracy states: "Defendants conspired through revolving doors, sponsorships, appointments, and contracts to maintain the profitable failure cycle, breaching fiduciary duties and causing harm." First there is no allegation of a meeting of the minds, nor is there any specific unlawful or overt act. Plaintiff's vague and confusing claim for conspiracy is unsupported by the facts alleged particularly the facts alleged relating to B&V. Conducting a corrosion analysis on behalf of the City of Oklahoma City is simply insufficient to support a claim for conspiracy on a "profitable failure cycle." Because Plaintiff fails to state any underlying claim against B&V, the conspiracy claim necessarily fails.

Additionally, there is no cause of action in Oklahoma for "Conflict of Interest." To the extent that Plaintiff asserts a cause of action for breach of fiduciary duty, Plaintiff has failed to

(and is unable to) allege any sort of fiduciary relationship existed between B&V and Plaintiff. A breach of fiduciary duty claim requires a plaintiff to prove "(1) the existence of a fiduciary relationship; (2) a breach of a fiduciary duty; and (3) the breach of a fiduciary duty was the direct cause of damages." *Graves v. Johnson*, 2015 OK CIV APP 81, ¶ 15, 359 P.3d 1151, 1154. "A fiduciary relationship exists between two persons when one of them is under a duty to act or give advice for the benefit of another upon matters within the scope of that relation." *Id. at* ¶ 14. (citing *May v. The Oklahoma Bank and Trust Company,* 2011 OK 52, ¶ 15, n. 3, 261 P.3d 1138). A fiduciary duty "is based on the status of the parties and it arises from a relationship of trust and confidence." *Id.* (citing *Lowrance v. Patton,* 1985 OK 95, ¶ 18, 710 P.2d 108).

Plaintiff fails to allege that **<u>any</u>** relationship exists between B&V and Plaintiff much less a fiduciary relationship. Until the filing of this lawsuit B&V had no knowledge of Plaintiff's existence and as such owed **<u>no duty</u>** to Plaintiff. Plaintiff's claim therefore must be dismissed.

## CONCLUSION

WHEREFORE, premises considered, Black & Veatch Corporation moves the Court to enter an Order dismissing all claims against Black & Veatch Corporation, and for all other relief this tribunal deems just and equitable, including any award of attorneys' fees to be paid by Plaintiff to Black & Veatch Corporation.

Respectfully submitted,

Kiran A. Phansalkar, OBA #11470
Preston M. Sullivan, OBA #33619|
Elizabeth H. Attaway, OBA #35539
Conner & Winters, LLP
1700 One Leadership Square
211 N. Robinson Ave.
Oklahoma City, OK 73102
Telephone: (405) 272-5711
Facsimile: (405) 232-2695
Email: kphansalkar@cwlaw.com
psullivan@cwlaw.com
battaway@cwlaw.com
***Attorneys for Defendant***
***Black & Veatch Corporation***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of May 2026, a true and correct copy of the above and foregoing document sent via email and U.S. First-Class Mail, postage prepaid, to the following:

Anthony Trupia
605 SE 21st Street
Oklahoma City, OK 73129
Telephone: (516) 984-0142
Email: trupiaar@gmail.com
***Pro Se Plaintiff***

Christopher T. Combs, OBA #21632
Cole E. Brown, OBA #34619
Ethan Elrod, OBA #36105
Hayes Magrini & Gatewood
1220 N. Walker Ave
Oklahoma City, OK 73103
Telephone: (405) 235-9922
Email: ccombs@hmglawyers.com
cole@hmglawyers.com
eelrod@hmglawyers.com
***Attorneys for Defendant***
***Crossland Heavy Contractors, Inc.***

Maurice G. Woods, II, OBA #16582
Don W. Danz, OBA #14607
Deborah Russell, OBA #35480
Maurice Woods, II PLLC
4811 Gaillardia Parkway, Suite 100
Oklahoma City, OK 73142
Telephone: (405) 628-0000
Email: MW@mwoodslaw.com
don@mwoodslaw.com
deborah@mwoodslaw.com
***Attorneys for Defendant***
***Matthews Trenching Co., Inc.***

Christian S. Huckaby, OBA #16131
Jennifer B. Puckett, OBA #33521
McAfee & Taft A Professional Corporation
Eighth Floor, Two Leadership Square
211 N. Robinson Avenue
Oklahoma City, OK 73102
Telephone: (405) 235-9621
Email: chris.huckaby@mcafeetaft.com
jennifer.puckett@mcafeetaft.com
***Attorneys for Defendant***
***Archer Western Construction, LLC***

Eric L. Combs, OBA #31024
Matthew J. Becker, OBA #35057
Lytle Soulé & Felty, P.C.
119 North Robinson, Suite 1200
Oklahoma City, OK 73102
Telephone: (405) 235-7471
Email: combs@lytlesoule.com
becker@lytlesoule.com
***Attorneys for Defendant***
***Aynn Construction Co., LLC***

Jennifer M. King, OBA #17547
2400 NE 4th Street
Oklahoma City, OK 73117
Telephone: (405) 733-9682
Email: jennifermking@krapff-reynolds.com
***Attorneys for Defendant***
***Krapff-Reynolds Construction Company***

Kiran A. Phansalkar

#10838465v1