# McLaughlin v. Ford Motor Co.

United States District Court for the Northern District of Oklahoma

May 18, 2022, Decided; May 18, 2022, Filed

Case No. 21-CV-00096-GKF-SH

**Reporter**
603 F. Supp. 3d 1079 *; 2022 U.S. Dist. LEXIS 89139 **; 2022 WL 1571311

CHRISTOPHER MCLAUGHLIN and SARAH MCLAUGHLIN, individually, and as next parents and next friends of J.M., L.M., and F.M., Plaintiffs, v. FORD MOTOR COMPANY and FRN OF TULSA, LLC, Defendants.

**Counsel:** **[**1]** For Christopher McLaughlin, individually, and as parent and next friend of J.M., L.M., and F.M., minor children - JM - LM - FM, Sarah McLaughlin, individually, and as parent and next friend of J.M., L.M., and F.M., minor children - JM - LM - FM, Plaintiffs: Clark Otto Brewster, LEAD ATTORNEY, Brewster & De Angelis, P.L.L.C., Tulsa, OK; Mbilike Mwafulirwa, Montgomery Lloyd Lair, LEAD ATTORNEYS, Brewster & De Angelis, Tulsa, OK.

For Ford Motor Company, FRN of Tulsa, LLC, Defendants: Andrew Lee Richardson, Dru Aldric Prosser, Mary Quinn-Cooper, LEAD ATTORNEYS, McAfee & Taft (Tulsa), TULSA, OK.

**Judges:** GREGORY K. FRIZZELL, UNITED STATES DISTRICT JUDGE.

**Opinion by:** GREGORY K. FRIZZELL

## Opinion

**[*1080]** **OPINION AND ORDER**

This matter comes before the court on the Motion to Remand [Doc. 19] and Motion to Strike Defendant's Notice of Consent to Removal [Doc. 21] of plaintiffs Christopher McLaughlin and Sarah McLaughlin, individually, and as next parents and next friends of J.M., L.M., and F.M. For the reasons set forth below, the motions are denied.

**Background/Procedural History**

This is an automobile negligence case. Mr. McLaughlin alleges that, on April 4, 2019, he was driving a 2004 Ford F-150 southbound on Interstate 35 in Edmond, Oklahoma, **[**2]** when another vehicle attempted to make a sudden and unsafe lane change into his lane. Mr. McLaughlin asserts that he steered left to avoid being hit, lost control and, as a result, the vehicle rolled over. Mr. McLaughlin suffered permanent injuries in the incident.

The McLaughlins filed this case on January 27, 2021 in the District Court in and for Tulsa County against defendants Ford Motor Company and FRN of Tulsa, LLC. Ford removed the case to this court on March 3, 2021. In the Notice of Removal, **[*1081]** Ford represented, "FRN has consented to the removal of this action." [Doc. 2, p. 2, ¶ 4]. Additionally, Ford attached to the Notice an email from Troy McPherson, FRN's then-counsel, to Dru Prosser, Ford's counsel, in which Mr. McPherson states: "FRN of Tulsa, LLC consents to removal of this action to federal court." [Doc. 2-2]. The case was originally assigned to then-Chief Judge John E. Dowdell, but was reassigned to current-Chief Judge John F. Heil on March 5, 2021.

Ford filed an Answer to plaintiffs' Complaint. On March 10, 2021, FRN filed a Motion to Dismiss Plaintiffs' Complaint, pursuant to *Federal Rule of Civil Procedure 12(b)(6)*. Therein, FRN raises no objection to the court's jurisdiction.

On March 30, 2021, the McLaughlins **[**3]** filed the Motion to Remand premised on the unanimity requirement of *28 U.S.C. § 1446(b)*—specifically, FRN's failure to file a separate notice of its consent



EXHIBIT "2"

to removal of this action within thirty days. The next day, March 31, 2021, FRN filed a Notice of Consent to Removal. That same day, the McLaughlins filed the Motion to Strike Defendant's Notice of Consent to Removal.

Ford and FRN filed joint responses in opposition to both the motion to remand, and the motion to strike. The McLaughlins filed a reply in support of the motion to remand, as well as one in support of the motion to strike. Thus, both the motion to remand and motion to strike are ripe for determination.

On May 11, 2022, Chief Judge Heil recused, and this case was reassigned to Judge Terence Kern. That same day, Judge Kern recused, and the matter was reassigned to the undersigned.

**Legal Standard**

"A defendant may remove a civil action initially brought in state court if the federal district court could have exercised original jurisdiction." Salzer v. SSM Health Care of Okla., Inc., 762 F.3d 1130, 1134 (10th Cir. 2014) (citing 28 U.S.C. § 1441(a)). "However, a federal court must remand a removed action back to state court '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" *Id.* **[**4]** (quoting 28 U.S.C. § 1447(c)). "The party invoking federal jurisdiction has the burden to establish that it is proper, and 'there is a presumption against its existence.'" *Id.* (quoting Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)); *see also* Dutcher v. Matheson, 733 F.3d 980, 985 (10th Cir. 2013) ("As the parties removing this case to federal court, the defendants bear the burden of establishing jurisdiction by a preponderance of the evidence."); Middleton v. Stephenson, 749 F.3d 1197, 1200 (10th Cir. 2014) ("Start with the rule that a party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence.").

**Analysis**

The federal removal statute, 28 U.S.C. § 1446, provides, in part, as follows:

> **(a) Generally** — A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> **(b) Requirements; generally**.—(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action **[*1082]** or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> (2)(A) When a civil action **[**5]** is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

The McLaughlins' motion to remand turns on the "unanimity requirement"—that is, the requirement that all properly joined and served co-defendants "join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *see* Bruning v. City of Guthrie, 101 F. Supp. 3d 1142, 1144 (W.D. Okla. 2015) ("[Section 1446(b)(2)(A)] is the current statutory embodiment of the 'unanimity' rule long recognized in federal law, which requires that all defendants join in or consent to the removal."). The McLaughlins assert that unanimity requires the non-removing co-defendants (that is, those who do not formally join the Notice of Removal) to independently file a separate, written consent. In contrast, Ford and FRN argue that the requirement is satisfied if the removing defendant represents in the Notice of Removal, signed pursuant to Federal

Rule of Civil Procedure 11, that the properly joined and served co-defendants consent to removal.

Neither the U.S. Supreme Court nor the U.S. Court of Appeals for the Tenth Circuit has resolved what form a served co-defendant's joinder or consent must take to satisfy the unanimity requirement where the co-defendant has not formally join the Notice of Removal.[1] Further, a split **[**6]** exists among other Circuit Courts of Appeals.

The Second, Fifth, and Seventh Circuits require each non-removing co-defendant to file a separate, written indication of consent. *See* Pietrangelo v. Alvas Corp., 686 F.3d 62, 66 (2d Cir. 2012); Roe v. O'Donohue, 38 F.3d 298, 301 (7th Cir. 1994); Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262 n.11 (5th Cir. 1988). In the earliest case, the Fifth Circuit reasoned as follows:

> But while it may be true that consent to removal is all that is required under section 1446, a defendant must do so itself. This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record to "bind" the allegedly consenting defendant.

Getty Oil. Corp., 841 F.2d at 1262 n.11.

In contrast, the Fourth, Sixth, Eighth, and Ninth Circuits permit the removing defendant to unambiguously aver to the **[*1083]** non-removing co-defendant's consent in the Notice of Removal signed pursuant to Rule 11. *See* Griffioen v. Cedar Rapids & Iowa City Ry. Co., 785 F.3d 1182, 1187 (8th Cir. 2015) ("We therefore hold that a defendant's timely removal notice indicating consent on behalf of a codefendant, signed and certified pursuant to Rule 11 and followed **[**7]** by the filing of a notice of consent from the codefendant itself, sufficiently establishes that codefendant's consent to removal."); Mayo v. Bd. of Educ. of Prince George's Cnty., 713 F.3d 735, 741-42 (4th Cir. 2013) ("[W]e conclude that a notice of removal signed and filed by an attorney for one defendant representing unambiguously that the other defendants consent to the removal satisfies the requirement of unanimous consent for purposes of removal."); Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1224-25 (9th Cir. 2009) ("[W]e conclude that the filing of a notice of removal can be effective without individual consent documents on behalf of each defendant. One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient."); Harper v. AutoAlliance Int'l, Inc., 392 F.3d 195, 201 (6th Cir. 2004).

Likewise, district courts within the Tenth Circuit are split. Some courts require each defendant to "independently and unambiguously file their consent and intent to join in the removal." Kozel v. Okla. Dep't of Pub. Safety, No. CIV-12-274-FHS, 2012 U.S. Dist. LEXIS 105400, 2012 WL 3101403, at *2 (E.D. Okla. July 30, 2012) (quoting Jarvis v. FHP of Utah, Inc., 874 F. Supp. 1253, 1254 (D. Utah 1995)); *see also* 511 Couch LLC v. Travelers Prop. Cas. Co. of Am., No. CIV-14-1279-F, 2015 U.S. Dist. LEXIS 191881, 2015 WL 13567456 (W.D. Okla. Feb. 6, 2015); Choctaw Nation of Okla. v. Occidental Fire & Cas. Co. of North Carolina, No. CIV-14-182-KEW, 2015 U.S. Dist. LEXIS 3617, 2015 WL 154013 (E.D. Okla. Jan. 13,

[1] In reply, the McLaughlins direct the court to a statement in a footnote by the Tenth Circuit: "However, unlike the typical removal petition, *which requires joinder of all defendants*, § 1442 allows for independent removal of an entire case by only one of several named defendants." Bd. of Cnty. Comm'rs of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc., 965 F.3d 792, 819 n.16 (10th Cir. 2020) (emphasis added). The McLaughlins suggest that the statement "requires *joinder* of all defendants," and joinder requires a separate written filing. However, Suncor Energy is not precedential on this issue. First, the Tenth Circuit's judgment was vacated by the U.S. Supreme Court. ***Suncor Energy (U.S.A.) Inc. v. Bd. of Cnty. Comm'rs of Boulder Cnty., 141 S. Ct. 2667, 210 L. Ed. 2d 830 (2021).*** Second, the statement was *dicta* as the Circuit was not interpreting § 1446. Finally, the statement is contrary to the explicit language of § 1446, which, as previously stated, requires that non-removing co-defendants "join in *or consent*." 28 U.S.C. § 1446(b)(2)(A) (emphasis added).

2015); Forsythe v. City of Woodward, No. CIV-13-710-C, 2013 U.S. Dist. LEXIS 131656, 2013 WL 5230005 (W.D. Okla. Sept. 16, 2013); *NPI, Inc. v. Pagoda Ventures, Ltd.*, No. 08-CV-346-TCK-SAJ, 2008 WL 11380031 (N.D. Okla. June 25, 2008). Others hold that "a notice of removal signed and filed by an attorney for one defendant, representing unambiguously that the other defendants consent to the removal, satisfies the requirement of consent." Bruning, 101 F. Supp. 3d at 1144; *see also* Tresco, Inc. v. Cont'l Cas. Co., 727 F. Supp. 2d 1243 (D.N.M. 2010); Serna v. Cooksey, No. CIV-20-0689-JB-KRS, 2021 U.S. Dist. LEXIS 38170, 2021 WL 765415 (D.N.M. Feb. 27, 2021); Szuszalski v. Fields, No. 19-CV-0250-RB-CG, 2019 U.S. Dist. LEXIS 197703, 2019 WL 5964602 (D.N.M. Nov. 13, 2019); Levin v. Five Corners Strategies LLC, No. 19-CV-01164-DDD-KLM, 2019 WL 13032294 (D. Colo. Sept. 13, 2019).

Finally, although not explicitly adopting either approach, U.S. District Judge Claire V. Eagan **[**8]** of this court cited the Eighth Circuit's decision in Griffioen for the proposition that "[c]ourts have declined to remand cases under the rule of unanimity based on a defendant's statement of 'no objection to removal' and have found that a defendant's statement of 'no objection' is sufficient to show consent to removal."[2] **[*1084]** Moses v. Forkeotes, No. 16-CV-0303-CVE-PJC, 2016 U.S. Dist. LEXIS 112911, 2016 WL 4449654, at *2 (N.D. Okla. Aug. 24, 2016). Judge Eagan further cited an email from non-removing defendants' counsel attached to the Notice of Removal, stating it was sufficient to show consent. Moreover, the non-removing defendants had filed an Answer without objecting to jurisdiction, further indicating consent. *Id.*

Having reviewed the parties' briefs and the relevant law, the undersigned concludes that § 1446(b)'s unanimity requirement is satisfied by a Notice of Removal, signed pursuant to Rule 11 and filed by an attorney for the removing defendant, unambiguously representing that the non-removing co-defendants consent to the removal of the action. The following considerations inform the court's determination.

First, the plain language of § 1446(b)(2)(A) includes no independent filing requirement. Instead, it is silent as to the necessary form of consent. In contrast, § 1446 "lays out in detail the procedures for **[**9]** the notice of removal, including the form of the notice and the time frame for each defendant to file it in a multiple-defendant action. Congress could have defined with equal specificity the form of or time for consent but chose not to do so." Griffioen, 785 F.3d at 1187. Absent a clear congressional directive, the court is disinclined to adopt an interpretation that "places form over substance" and imposes a not insignificant procedural hurdle in the mine-run of removal cases. *Id.; see also* Tresco, Inc., 727 F. Supp. 2d at 1255 ("Strict construction and resolving doubts against removal does not mean the courts should be hostile to the Congressionally created right to removal, creating procedural hurdles that Congress did not create and that provide pitfalls for all but the most experienced federal court litigants.").

Insofar as the McLaughlins assert that section 1446(a)'s use of both the singular and plural term "defendant" in setting forth the requirements for the filing of a notice of removal requires an

[2] The McLaughlins assert that Judge Eagan has required each defendant to independently file a consent or joinder, citing Helm v. Drennan, No. 07-CV-0344-CVE-SAJ, 2007 U.S. Dist. LEXIS 54085, 2007 WL 2128404 (N.D. Okla. July 25, 2007). However, in Helm, Judge Eagan stated, "[t]he notice of removal must be signed by all of the defendants; in the alternative, all defendants must officially and unambiguously *indicate their desire* to remove the action." Helm, 2007 U.S. Dist. LEXIS 54085, 2007 WL 2128404, at *1 (emphasis added). Although Judge Eagan quoted a decision by U.S. District Judge Sam Crow for the proposition that "[e]ach party must independently and unambiguously file notice of its consent and its intent to join in the removal within the thirty-day period," she did not unambiguously adopt Judge Crow's position as doing so was unnecessary. Helm, 2007 U.S. Dist. LEXIS 54085, 2007 WL 2128404, at *1 (quoting Henderson v. Holmes, 920 F. Supp. 1184, 1186 (D. Kan. 1996)). Neither the Notice of Removal nor the Joint Status Report unambiguously indicated the non-removing co-defendants' consent such that the Notice of Removal was deficient even under the more flexible rule. Further, as the more recent decision, Moses is more persuasive.

independent filing for joinder, the court is not persuaded that the post-modifier requiring the filing and signing of removal papers applies to both a defendant and multiple defendants. Rather, it is clear that § 1446 requires that only a single notice of removal **[**10]** be filed, and "[t]he plural use of 'defendants' is apparently included to accommodate the situation where more than one defendant '*desire*' to remove." Mayo, 713 F.3d at 741 (emphasis in original). The court must then look to § 1446(b)(2)(A) to determine whether "all defendants who have been properly joined and served must join in or consent to the removal of the action," and nothing therein explicitly requires each defendant to sign the notice of removal or file a separate notice.

Second, § 1446(a) explicitly requires "[a] defendant . . . desiring to remove any civil action from a State court shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure." 28 U.S.C. § 1446(a). By submitting the Notice pursuant to Rule 11, the attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support" and, further, "it is not being presented for any improper purpose." Fed. R. Civ. P. 11(b)(1), (3). Significantly, "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an **[*1085]** appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). **[**11]** Thus, "[s]uch certification puts the signing attorney at risk for 'sanctions for making false averments.'" Szuszalski, 2019 U.S. Dist. LEXIS 197703, 2019 WL 5964602, at *6. Further, if allegedly consenting non-removing defendants do not, in fact, consent they may alert the court to the falsehood, including by timely filing a motion to remand. *Id.; see also* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."). The court agrees that "[t]he potential for Rule 11 sanctions and a codefendant's opportunity to alert the court to any falsities in the removing defendant's notice serve as safeguards to prevent removing defendants from making false representations of unanimous consent and forcing codefendants into a federal forum against their will." Griffioen, 785 F.3d at 1187; *see also* Mayo, 713 F.3d at 742; Bruning, 101 F. Supp. 3d at 1146; Szuszalski, 2019 U.S. Dist. LEXIS 197703, 2019 WL 5964602, at *6. Otherwise, the removing defendant's averment of consent is sufficient to "binding" non-removing co-defendants. *Cf.* Getty Oil. Corp., 841 F.2d at 1262 n.11.

Third, this court routinely accepts the representations of an attorney for one party that other parties either consent or object in other civil litigation contexts. *See generally* Mayo, 713 F.3d at 742; Bruning, 101 F. Supp. 3d at 1146. Given the procedural safeguards of Rule 11 sanctions and there being no statutory **[**12]** language to the contrary, the court is not persuaded that any policy considerations warrant deviation from that norm in notices of removal.

Finally, in this case, FRN clearly consented to removal, removal was proper, and remand is unwarranted. In addition to Ford's certification of FRN's consent in the Notice of Removal, as previously stated, Ford attached to the Notice an email from Mr. McPherson, FRN's then-counsel, in which Mr. McPherson states, "FRN of Tulsa, LLC consents to removal of this action to federal court." [Doc. 2-2]. "[T]he e-mail from [FRN's] counsel attached to the notice of removal was sufficient to show [FRN's] consent to removal."[3] Moses, 2016 U.S. Dist. LEXIS 112911, 2016 WL 4449654, at *2. Moreover, FRN subsequently filed a Notice of Consent to Removal, which is further evidence of FRN's consent.[4] [Doc. 20]. And FRN raises no

[3] Although not required, it is the better practice for a removing defendant to attach to its Notice of Removal a written document from non-removing co-defendants unambiguously expressing co-defendants' consent to removal or for the non-removing defendants to file a separate Notice of Consent.

[4] As previously stated, the McLaughlins have filed a Motion to Strike Defendant's Notice of Consent to Removal asserting that the Notice of Consent is a legal nullity because FRN was required to file a separate consent within thirty days. [Doc. 21]. However, for the reasons set forth above, FRN was not

objections to the court's jurisdiction in its motion to dismiss. [Doc. 14].

For the reasons set forth above, Ford's Notice of Removal satisfied *§ 1446*, including the unanimity requirement. Thus, the McLaughlins' motion to remand must be denied.

**Conclusion**

WHEREFORE, the Motion to Remand [Doc. 19] of plaintiffs Christopher McLaughlin and Sarah McLaughlin, individually, and as next parents and next friends of **[**13]** J.M., L.M., and F.M., is denied.

**[*1086]** IT IS FURTHER ORDERED that plaintiffs' Motion to Strike Defendant's Notice of Consent to Removal [Doc. 21] is denied.

DATED this 18th day of May, 2022.

/s/ Gregory K. Frizzell

GREGORY K. FRIZZELL

UNITED STATES DISTRICT JUDGE

---

End of Document

---

required to do so and Ford's affirmative representation that FRN consented to removal satisfied the unanimity requirement. Thus, the Notice of Consent is a not a "legal nullity" and no reason to strike the filing exists.