# Bruning v. City of Guthrie

United States District Court for the Western District of Oklahoma

April 21, 2015, Decided; April 21, 2015, Filed

NO. CIV-15-0003-HE

**Reporter**
101 F. Supp. 3d 1142 *; 2015 U.S. Dist. LEXIS 51926 **

MARK BRUNING, Plaintiff, vs. CITY OF GUTHRIE, OKLAHOMA, ET AL., Defendants.

**Subsequent History:** Motion granted by, in part, Motion denied by, in part, Dismissed by, in part Bruning v. City of Guthrie, 2015 U.S. Dist. LEXIS 108663 (W.D. Okla., Aug. 18, 2015)

Dismissed by, in part Bruning v. City of Guthrie, 2016 U.S. Dist. LEXIS 6271 (W.D. Okla., Jan. 20, 2016)

**Counsel:** **[**1]** For Mark Bruning, Plaintiff: R Scott Adams, LEAD ATTORNEY, Robert Warden Gray, Adams & Associates PC, Oklahoma City, OK.

For Guthrie City of, Oklahoma, a Municipal Corporation, Sereniah Breland, individually, Sereniah Breland, City Manager of the City of Guthrie, Jim Ahlgren, individually, Jim Ahlgren, Human Resources Director of the City of Guthrie, Damon Devereaux, individually, Damon Devereaux, former Chief of Police of the City of Guthrie, Gary Haddock, individually, Gary Haddock, member of the Guthrie Police Department, Jonathan Williams, individually, Jonathan Williams, member of the Guthrie Police Department, Defendants: John J Love, LEAD ATTORNEY, Law Office of Robert H Alexander Jr PC, Oklahoma City, OK; Margaret McMorrow-Love, Law Office of Margaret McMorrow-Love, Oklahoma City, OK.

For Kyle White, individually, Jill Ochs Tontz, individually, also known as, Jill Tontz White, Defendants: Gary J James, Gary J James & Associates, Oklahoma City, OK; Matthew C Frisby, Goolsby Olson & Proctor, Oklahoma City, OK.

For Ann Griffin, individually, Defendant: Gary J James, Gary J James & Associates, Oklahoma City, OK; Jeb E Joseph, Attorney General's Ofc-NE 21STREET-OKC, Oklahoma City, OK; **[**2]** Matthew C Frisby, Goolsby Olson & Proctor, Oklahoma City, OK.

**Judges:** JOE HEATON, UNITED STATES DISTRICT JUDGE.

**Opinion by:** JOE HEATON

## Opinion

**[*1143]** **ORDER**

Plaintiff Mark Bruning has moved to remand this case to state court. He argues the removal was procedurally improper because all defendants did not manifest their consent to it, either by joining in the notice of removal or by filing a separate document explicitly stating the consent. The motion is fully briefed and at issue.

### Background

Plaintiff filed this case in state district court, alleging that nine defendants violated his constitutional and other rights. Six of those defendants (the "removing defendants"), all represented by the same counsel, filed a notice of removal on January 2, 2015.[1] The notice alleged that "[t]he undersigned contacted counsel for [the remaining three defendants], and said counsel has advised that those Defendants consent to the removal of this case to this Court." Notice of Removal ¶ 5 [Doc. #1] . The notice was signed by

[1] *Plaintiff's submissions indicate all defendants were served between December 15, 2014, and December 17, 2014.* ***[**3]*** *There is no dispute as to the timeliness of the removal notice.*



EXHIBIT "3"

counsel for the removing defendants, but not by counsel (or any other representative) for the other three defendants.

Three days later, counsel for the other three defendants (the "consenting defendants") filed their entries of appearance in the case. Three days after that, on January 8, 2015, the consenting defendants filed unopposed requests for extensions of time to plead or answer, noting that, pursuant to the Federal Rules of Civil Procedure, their answers or responses were due by a particular date. The motions also noted that the extension would not impact any deadlines other than those applicable to disclosures "required by *Fed.R.Civ.P. 26* and *LCvR 16.1*."

On January 21, 2015, plaintiff filed the present motion to remand, asserting that removal was improper because the record did not adequately demonstrate that all nine defendants consented to removal, as is required by *28 U.S.C. § 1446(b)*.[2] Nine days later, and more than thirty days after they were served, the three consenting defendants filed explicit consents to the removal, noting and verifying that the representation in the removal notice as to their consent was accurate.

It is clear from the parties' filings and other submissions that the "consenting defendants" did in fact consent to the removal. The question is whether that consent was manifested in a way sufficient to comply with the removal statute.

Discussion

The general procedural requirements for removal of a civil case are set out in *28 U.S.C. § 1446*. **[*1144]** *Subsection (b)(2)(A)* of that section sets out the requirement at issue here, for cases involving multiple defendants: "When a civil action is removed solely under *section 1441(a)*, all defendants who have been properly joined and served must join in or consent to the removal of the action." This language is the current statutory embodiment of the "unanimity" rule long recognized in federal law, which requires that all defendants join in or consent to the removal. *See Lapides v. Bd. of Regents of Univ. Sys. of Ga., 535 U.S. 613, 620, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002)* (citing *Chicago, R.I. & P.R. Co. v. Martin, 178 U.S. 245, 248, 20 S. Ct. 854, 44 L. Ed. 1055 (1900))*.

To date, neither the Supreme Court nor the Tenth Circuit Court of Appeals have definitively addressed the question of how that consent must be manifested for defendants who did not join in the notice of removal. Other federal courts have reached differing conclusions as to the question. Many have required that the consent of the non-joining **[**5]** defendants (i.e. those who did not formally join in the notice of removal) be shown by a separate and unambiguous filing stating their consent, and there are persuasive reasons supporting such a view.[3] Other courts have concluded that an unambiguous recitation in the notice of removal that all other defendants consent, signed by an attorney for a removing defendant, satisfies the unanimous consent requirement, and there are persuasive reasons supporting that view. The courts of appeal which have addressed the issue appear to be split roughly down the middle.[4] A majority of the district courts in the Tenth Circuit have required that the consent be shown by a

[2] *Defendants have urged other arguments as to why they view the consent of the "consenting defendants" as unnecessary. In light of the court's [**4] disposition of the consent issue, it is unnecessary to consider the alternative arguments.*

[3] *See Henderson v. Holmes, 920 F.Supp. 1184, 1187 n. 2 (D.Kan. 1996).*

[4] *The Fourth, Sixth and Ninth Circuits appear to allow the consent to be shown based on representations in the notice of removal. Mayo v. Bd. of Educ. of Prince George's Cnty., 713 F.3d 735(4th Cir. 2014); Harper v. AutoAlliance, 392 F.3d 195, 201-202 (6th Cir. 2004); Proctor v. Vishay Intertechnology, 584 F.3d 1208, 1225 (9th Cir. 2009). The Second, Fifth and Seventh Circuits appear to require a separate filing by the consenting defendants. Pietrangelo v. Alvas Corp., 686 F.3d 62, 66 (2d Cir. 2012); Getty Oil Corp v Insurance Co of North America, 841 F.2d 1254, at n. 11 (5th Cir. 1988); Roe v. O'Donohue, 38 F.3d 298 (7th Cir. 1994), abrogated on other grounds. The Eighth and Eleventh Circuits have also grappled with the general issue, but not in a way that clearly places them in one camp or the other. Boone v. JP Morgan Chase Bank, 447 Fed. Appx. 961, 963 (11th Cir. 2011)(unpublished); Pritchett v. Cottrell, Inc., 512 F.3d 1057, 1062 (8th Cir. 2008).*

separate filing,[5] but there is authority to the contrary.[6]

The court concludes **[**6]** that the better view, and that most likely to prevail if addressed by the higher appellate courts, is that most recently expressed by the Fourth Circuit: a notice of removal signed and filed by an attorney for one defendant, representing unambiguously that the other defendants consent to the removal, satisfies the requirement of consent. *Mayo, 713 F.3d at 742*.

Several considerations suggest that result. The Supreme Court's treatment of somewhat similar questions in the removal context—in particular the manner in which the amount in controversy must be shown—suggests that the representation of one defendant, signed by a lawyer subject to *Fed.R.Civ.P. 11*, is sufficient to show consent. In *Dart Cherokee Basin Operating Co. LLC v. Owens, 135 S.Ct. 547, 190 L. Ed. 2d 495 (2014)*, the Court construed the language **[*1145]** of *§ 1446(a)* and its requirement that the notice of removal contain "a short and plain statement of the grounds for removal." The Court noted that, by "borrowing the familiar 'short and plain statement' standard" of *Rule 8*, Congress intended to simplify the pleading requirements for removal and to have courts "'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Id.* (quoting H.R.Rep. No. 100-889, p. 71 (1988)). Applying that standard to the amount-in-controversy issue, **[**7]** the Supreme Court concluded that "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id. at 553*. Stated otherwise, a party's representation as to the amount in controversy may be relied on as the basis for jurisdiction, unless it is contested. That is essentially the position that the consenting defendants urge here—one party's representation as to the consent of another party is sufficient to show that consent, subject to it being contested by another party. While the considerations involving allegations as to the amount in controversy do not precisely parallel those applicable to allegations of consent, they are substantially the same. Further, it would seem a rather anomalous result for the law to permit a party's representation as to a jurisdictional fact—the amount in controversy—to be sufficient to support removal, but to not allow such a representation as to a non-jurisdictional, procedural requirement.[7]

Relatively recent Supreme Court precedent **[**8]** also impacts the issue in other ways. Of the cases which have concluded a separate filing is necessary to show consent, virtually all of them, at least in this Circuit, have relied on statements in multiple Tenth Circuit cases to the effect that there is a presumption against removal, that removal statutes are to be construed narrowly, in light of the role of federal courts as limited tribunals, and that the burden is on the defendant to show a basis for jurisdiction. *See, e.g.*, *Pritchett v. Office Depot Inc., 420 F.3d 1090, 1094-95 (10th Cir. 2005)* ("It is well-established that statutes conferring jurisdiction upon federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals."); *Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001)* (party seeking removal has the burden of proof to establish jurisdiction); *Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995)* ("There is a presumption against removal jurisdiction..."). Plaintiff urges that those principles require remand here. However, many of the Circuit cases which recite these principles do so in explicit reliance on *Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S. Ct. 868, 85 L. Ed. 1214 (1941)* as the basis for them. *See, e.g. Pritchett, 420 F.3d at 1095*; *Fajen v. Foundation Reserve Ins. Co., 683*

---

[5] *See Swanson v. U.S. Bank, N.A., 2011 U.S. Dist. LEXIS 45097, 2011 WL 158134, at *2, n. 1 (D. Utah Apr. 26, 2011)(collecting cases).*

[6] *Tresco, Inc. v. Continental Cas. Co., 727 F.Supp.2d 1243 (D.N.M. 2010).*

[7] *See Farmland Nat'l Beef Packing Co., L.P. v. Stone Container Corp., 98 F. App'x 752, 756 (10th Cir. 2004)(citing SBKC Serv. Corp. v. 1111 Prospect Partners, L.P., 105 F.3d 578, 580 (10th Cir. 1997), noting that "the lack of unanimous consent is a procedural defect, not a jurisdictional defect."*

F.2d 331, 333 (10th Cir. 1982). The Supreme Court has suggested that Shamrock is no longer good law insofar as it suggests a strict construction of removal statutes.

In Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691, 123 S. Ct. 1882, 155 L. Ed. 2d 923 (2003), the Court upheld the removal of a Fair **[**9]** Labor Standards Act case to federal court notwithstanding the existence of a somewhat ambiguous phrase in the pertinent removal statute. It did so despite the plaintiff's reliance on Shamrock and its reference to the strict construction **[*1146]** of removal statutes. The Court stated:

> But whatever apparent force this argument might have claimed when *Shamrock* was handed down has been qualified by later statutory development. At the time that case was decided, § 1441 provided simply that any action within original federal subject-matter jurisdiction could be removed. Fourteen years later, however, it was amended into its present form, requiring any exception to the general removability rule to be express. . . .
>
> Since 1948, therefore, there has been no question that whenever the subject matter of an action qualifies for removal, the burden is on the plaintiff to find an express exception.

Id. at 697-98. This language seems plainly inconsistent with the suggestion that the burden to show a basis for removal is always on the removing party, or with the related formulation that all doubts are to be resolved against removal.[8] It appears that the Tenth Circuit has not had occasion to consider the impact of Breuer on its **[**10]** removal jurisprudence, but Breuer suggests that, when it does, the result is likely to be a formulation less restrictive of removal jurisdiction. In any event, the court concludes general principles of removal jurisdiction do not compel a conclusion that parties who did not join in the notice of removal must evidence their consent by a separate, unequivocal filing.[9]

Developments in federal pleading standards also provide some support for the view that consent might be shown by the statement of the removing party. The **[**11]** notice of removal must, of course, be signed by an attorney subject to the standards of Rule 11. This makes at least one of the attorneys for the removing defendants accountable to the court for representations that the removal is warranted by law, that it is not pursued for an improper purpose, and that the facts alleged—including the facts of the consent of other defendants to the removal—are justified or supported. Fed.R.Civ.P. 11(b). The representations of counsel as to the consent of opposing counsel or parties are routinely relied on by the courts in a variety of circumstances, and there is no apparent reason why some different approach makes sense here. Should a false statement of consent be made and then successfully contested by other parties, the court has ample means available both to deal with any attorney making the false representation and to correct any improper removal which results.

Finally, at least in this case, insisting on a separate filing would plainly exalt form over substance. There is no dispute here that the consenting defendants did in fact consent to the removal. Their actions taken immediately after the removal suggest their consent (though not unambiguously) and their later (post-30 **[**12]** day) filing makes it explicit. There is no reason here to doubt the accuracy of the representation of consent made by counsel for the removing **[*1147]** defendants in the notice of removal. To be sure, the law sometimes requires that particular formalities be observed regardless of the "substance" of the

---

[8] *This may have been the basis for the Supreme Court's reference in Dart, 135 S.Ct. at 554, to the "purported 'presumption' against removal" recognized by Tenth Circuit cases. The Court concluded any such presumption did not apply in CAFA cases like Dart, but left open the question whether one applied in other removal contexts.*

[9] *It is not clear that the principles articulated in Laughlin and similar cases would require a separate filing anyway. The pertinent statutory language might be viewed, as plaintiff suggests, as an ambiguity to be resolved by construction. It might as easily be viewed as a matter on which the statute is silent, where some additional court-imposed requirement is inappropriate.*

circumstances or of a party's intent as to them, but that is not the case here. What the statute requires is the "consent" of all defendants, not consent evidenced by a separate filing or document.

For the reasons stated, plaintiff's motion to remand [Doc. #21] is **DENIED**. In accordance with the order previously entered [Doc. #37], plaintiff's response to the pending motions to dismiss shall be filed within **ten (10) days**.

**IT IS SO ORDERED.**

Dated this 21st day of April, 2015.

/s/ Joe Heaton

JOE HEATON

UNITED STATES DISTRICT JUDGE

---

End of Document