**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ANTHONY TRUPIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-26-02422-R |
| | ) | |
| CITY OF OKLAHOMA CITY, et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS RICK THOMPSON AND WYNN CONTSTRUCTION CO. INC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND [DOC. NO. 17]**

Defendants Rick Thompson and Wynn Construction Co., Inc. (collectively the "Wynn Defendants") hereby provide this response and objection to Plaintiff's Motion to Remand and Brief in Support [Doc No. 17]. The Court should overrule Plaintiff's Motion to Remand, as all applicable defendants have consented to removal.

**I. The Wynn Defendants consented to removal of this action in multiple ways.**

A civil action within a federal district court's original jurisdiction may be removed from state court. Federal district courts possess original jurisdiction over civil actions arising under federal law. 28 U.S.C. § 1331 When removal is based solely on the general removal statute, every defendant who has been properly joined and served must join in or consent to removal. 28 U.S.C. § 1446. "To date the neither the Supreme Court nor the Tenth Circuit of Appeals have definitively addressed the question of how the consent must be manifested" *Bruning v. City of Guthrie*, 101 F. Supp. 3d 1142, 1144 (W.D. Okla. 2015) The Western District of Oklahoma, District Courts within the Tenth Circuit as well as

Circuit Courts of Appeals at large have split as to the requirement of how a co-defendant must manifest consent to removal in accordance with 28 U.S.C. § 1446.

The City of Oklahoma City (City) and the Oklahoma Water Utilities Trust (OCWUT) noted in their Notice and Petition for Removal [Doc. No. 1] that, pursuant to 28 U.S.C. § 1446(1), all known defense counsel for the other defendants have not objected to removal. Doc. No. 1, ¶ 14. This statement is accurate and sufficient to indicate the remaining defendants' consent to the removal. "The representations of counsel as to the consent of opposing counsel or parties are routinely relied on by the courts in a variety of circumstances, and there is no apparent reason why some different approach makes sense here". *Bruning v. City of Guthrie*, 101 F. Supp. 3d 1142, 1146 (W.D. Okla. 2015); *McLaughlin v. Ford Motor Co*., 603 F. Supp. 3d 1079, 1085 (N.D. Okla. 2022).

Further, the Wynn Defendants then appeared and filed their now-pending Motion to Dismiss the "Second Amended Complaint" on September 21, 2026 [Doc. No. 8]. Plaintiff has not formally objected to that Motion. In *Bruning,* the removal notice indicated consent from the co-defendants and the Court stated that actions taken immediately after the filing indicated their intent to consent. "Insisting on a separate filing would plainly exalt form over substance". *Bruning v. City of Guthrie*, 101 F. Supp. 3d 1142, 1146 (W.D. Okla. 2015) "What the statute requires is the 'consent' of all defendants, not consent evidenced by a separate filing or document". *Id.* As the Fourth Circuit has ruled, "[w]e can see no policy reason why removal in a multiple-defendant case cannot be accomplished by the filing of one paper signed by at least one attorney, representing that all defendants have consented to the removal. *Mayo v. Bd. of Educ*., 713 F.3d 735, 742 (4th Cir. 2013)

## II. The Wynn Defendants did not waive consent by filing motions in State Court.

The Wynn Defendants and other defendant's filing of a Joint Motion to Settle a Journal Entry in the original state court case does not equate to waiver of consent in the federal court. Plaintiff quotes *City of Albuquerque v. Soto Enters.*, 864 F.3d 1089 (10th Cir. 2017), and even outlines the exception that the case recognizes: when a state's procedural rules compel state court participation. The Court offered a rhetorical question: "[f]or instance, upon remand, would a defendant lose its opportunity to file a motion to dismiss because it failed to comply with a state's procedural rule"? *Id* at 1099.

The Wynn Defendants participated in the joint motion to settle a journal entry, as well as filing a motion to dismiss in the state court venue. This was the result of the procedural quandary regarding timing of responses. The Eleventh Circuit recognized this dilemma in its own rulings when the time periods were shorter in state court. "This discrepancy in the time periods places a state court defendant in a quandary" *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, Ltd. Liab. P'ship*, 365 F.3d 1244, 1246 (11th Cir. 2004). Therefore, "the filing of a motion to dismiss in and of itself does not necessarily constitute a waiver of the defendant's right to proceed in the federal forum." *Id.*

A defendant only waives its right to removal by "demonstrating a clear and unequivocal intent to remain in state court." *May v. Bd. of Cty. Comm'rs for Cibola Cty.*, 945 F. Supp. 2d 1277, 1299 (D.N.M. 2013) "Filing a motion to dismiss in state court is not enough to demonstrate a clear-and-unequivocal intent to remain in state court". *Id.* The same notion applies here. The Wynn Defendants have expressed their consent to proceed in the federal forum. *See, e.g.,* Doc. No. 30.

For the foregoing reasons, the Wynn Defendants respectfully request this Court overrule Plaintiff's Motion to Remand [Doc. No. 17].

Respectfully submitted,

/s/ *Eric L. Combs*

Eric L. Combs, OBA No. 31024
119 North Robinson Avenue, Suite 1200
Oklahoma City, OK 73102
Telephone: 405/235-7471
Facsimile: 405/232-3852
combs@lytlesoule.com

**ATTORNEYS FOR DEFENDANTS WYNN CONSTRUCTION CO., INC. AND RICK THOMPSON**

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of October, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys and parties of record registered to receive electronic notices in this case. In addition, I mailed the foregoing document by US Postal Service on the following who are not registered participants of the Electronic Case Filing System.

Anthony Trupia
605 SE 21st Street
Oklahoma City, OK 73129

**PRO SE PLAINTIFF**

/s/ *Eric L. Combs*
Eric L. Combs