**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) Anthony Trupia, an Individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | CIV-2026-2422-R |
| | ) | |
| (1) City of Oklahoma City, a municipal corporation, et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS CITY'S AND OCWUT'S AMENDED[1] RESPONSE TO MOTION TO REMAND AND BRIEF IN SUPPORT**

**COMES NOW** Defendants, The City of Oklahoma City (City) and the Oklahoma Water Utilities Trust (OCWUT) by and through their Counsel, Katie Goff, and responds to Plaintiff's Motion to Remand. In support of this Response, Defendants City and OCWUT state the following.

## STATEMENT OF THE CASE

1. On September 9, 2026, Defendants City and OCWUT filed a Notice removing this action to this court. [Doc. 1].

2. On September 8, 2026, undersigned counsel emailed all defense counsel in the state case, including counsel for dismissed and remaining defendants, saying "Good

[1] There was a scrivener's error in the title of the Argument and Authorities Section of the original response. The only Amendment is correcting that error.

Morning Counsel, Due to the Plaintiff including section 1983 allegations against my clients in this amended petition, I will be filing a notice of removal tomorrow, Sept. 9. Please let me know if you [sic] anyone has any objection." (Ex. 1—Email).

3. Having received no objection, the City and OCWUT proceeded with the Removal. [Doc. 1].

4. Plaintiff filed a Motion to Remand questioning the validity of the consent. [Doc. 17].

5. The only truly remaining Defendants to this action, who had been properly served, upon the most recent amendment are Oklahoma City, OCWUT, and Crossland. All other parties had been dismissed in the state court action and were improperly renamed in this Second Amended Complaint with no proof of service having been filed at the time of the Removal. [Doc. 1-2].

6. City and OCWUT obviously consent to the removal as the removing parties. Crossland filed a Consent to Removal. [Doc. 27].

7. Several other Defendants, though dismissed and not properly named or served herein, also filed Motions to Dismiss ***and*** Notices of Consent to Removal in the federal action: Matthews Trenching, Rick Thompson, Crossland, Black & Veatch, Archer and Wynn. [Docs. 6, 8, 9, 11, 12, 21, 25, 27, 29, 30, and 31].

8. Plaintiff also raised the issue of a state court filing being made after the Removal. The Certified Docket Sheet attached to the City's Removal was procured on

September 8, 2026 [Doc. 1-2, p. 13]. It does not reflect the Joint Motion to Settle which was filed by *dismissed defendants* on September 4, 2026, predating the Removal. It is unknown to counsel why this was not reflected on the Certified Docket Sheet, but it does nothing to invalidate the Removal as it was filed prior. It likely just had not been scanned in yet by the Court Clerk.

9. The Removal is proper and this court should maintain jurisdiction.

**ARGUMENT AND AUTHORITIES**

The precedence related to the issue of notations of unanimous consent is varied and nuanced; however, this Removal was proper and consistent with prior rulings in the Western District.

Firstly, to reiterate, the consent requirement for Removals is as follows: "When a civil action is removed solely under Section 1441(a), all defendants who have been ***properly joined and served*** must join in or consent to the removal of the action." 28 USC §1446 (b)(2). (emphasis added). The record in the lower court makes it abundantly clear the only properly joined and served parties to Plaintiff's Second Amended Complaint are City, OCWUT, and Crossland.[2] The City's and OCWUT's motions to Dismiss were denied and Plaintiff was granted leave to file this Second Amended Complaint. Crossland

[2] In the Notice of Removal, the City and OCWUT included Noble, Thompson, Wynn, and Cimarron on this list because the order on their Motion to Dismiss had not yet been filed. It is now apparent from the Motion to Settle Journal Entry they had also been previously dismissed.

Answered. Every other defendant was either never served or dismissed and then not re-served when Plaintiff filed his Second Amended Complaint. Thus, the only "properly joined and served defendant" other than City and OCWUT is Crossland, who filed a Consent to Removal [Doc. 27].

The is not clearly decided by the Tenth Circuit or the Supreme Court and the circuits are split. An opinion by Northen District of Oklahoma Judge Gregory Frizzell provides the history and status of this issue. *McLaughlin v. Ford Motor Co.*, 603 F. Supp. 3d 1079, 1082 (N.D. Okla. 2022). (Attached as Exhibit 2).

> "Neither the U.S. Supreme Court nor the U.S. Court of Appeals for the Tenth Circuit has resolved what form a served co-defendant's joinder or consent must take to satisfy the unanimity requirement where the co-defendant has not formally join the Notice of Removal." *Id.* at 1082.

Judge Frizzell goes on to explain,

> "The Second, Fifth, and Seventh Circuits require each non-removing co-defendant to file a separate, written indication of consent. See Pietrangelo v. Alvas Corp., 686 F.3d 62, 66 (2d Cir. 2012); Roe v. O'Donohue, 38 F.3d 298, 301 (7th Cir. 1994); Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262 n.11 (5th Cir. 1988)." *Id.*

and

> "In contrast, the Fourth, Sixth, Eighth, and Ninth Circuits permit the removing defendant to unambiguously aver to the non-removing co-defendant's consent in the Notice of Removal signed pursuant to Rule 11." *Id.* at 1083.

Judge Frizzell acknowledges that even "district courts within the Tenth Circuit are split."

*Id.* He provides several cases showing these varying decisions. He then goes on to specifically note that a Northern District Judge has adopted an Eighth Circuit Decision that

> "courts have declined to remand cases under the rule of unanimity based on defendant's statement of 'no objection to removal' and have found that a defendant's statement of 'no objection' is sufficient to show consent to removal." *Id.*

Turning to the Western District of Oklahoma, one case in particular stands out as being analogous to present matter: *Bruning v. City of Guthrie*, 101 F. Supp. 3d 1142 (W.D. Okla. 2015). (Attached as Exhibit 3). In *Bruning,* Judge Heaton acknowledged the Tenth circuit and Supreme Court have not "definitively addressed the question of how that consent must be manifested . . . ." *Id.* at 1144. Then Judge Heaton acknowledged the Circuit split and district court split. *Id.* In *Bruning* , the removing parties, represented by the same counsel, filed a Notice of Removal noting the consent of the other Defendants, then, outside of the statutory thirty day time frame, the other defendants all filed explicit consents to the removal. *Id.* at 1143. Judge Heaton held, "one party's representation as to the consent of another party is sufficient to show that consent, subject to it being contested by another party." *Id.* at 1145. Importantly, Judge Heaton ultimately concluded that despite ambiguity in the consent representation and despite late filings of consent to removal, the removal was proper and should not be remanded.

> "The notice of removal must, of course, be signed by an attorney subject to the standards of Rule 11. This makes at least one of the attorneys for the removing defendants accountable to the court for representations that the removal is warranted by law, that it is not pursued for an improper purpose, and that

> the facts alleged—including the facts of the consent of other defendants to the removal—are justified or supported. *Id.* at 1146

This is directly on point for this case. Here, undersigned counsel signed the Removal and is accountable to the court for representations made therein. Judge Heaton explained that it would not make sense to create a different rule here when representations of counsel regarding consent in other circumstances are routinely relied on by courts. *Id.* Judge Heaton then declines to adopt a rule exalting form over substance, writing "there is no dispute here that the consenting defendants did in fact consent to the removal. Their actions taken immediately after the removal suggest their consent (though not unambiguously) and their later (post-30 day) filing makes it explicit." *Id.* at 1146. Again, this is directly on point in the present matter as Crossland, the only non-City defendant who is a properly served party to the Second Amended Complaint, filed a notice of consent to Removal, although late.

The other Defendants filing consents, though not necessarily properly served with the Second Amended Complaint after their dismissal in state court, did so because they had already made appearances in the federal lawsuit. All of these actions, coupled with the City's and OCWUT's clear indication that no Defendant objected, show clear consent to the Removal. No one but Plaintiff has challenged the consent. The Removal was proper. This court has clear jurisdiction over the 42 USC §1983 allegations made by Plaintiff and

the Removal is in compliance with 28 USC §1446 (b)(2). This court should retain jurisdiction.

**CONCLUSION**

Though the Circuits are split, there is a clear foundation in the Western District that this Removal is proper. The City and OCWUT respectfully request this court retain jurisdiction over this matter due to Plaintiff's inclusion of federal causes of action in his Second Amended Complaint.

Respectfully Submitted,

KENNETH JORDAN
Municipal Counselor

KELEA RICHARDSON
Litigation Division Head

/s/ Katie Goff
Katie Goff, OBA# 32402
Assistant Municipal Counselors
200 N. Walker, 4th Floor
Oklahoma City, OK 73102
(405) 297-2451
katie.goff@okc.gov
*Attorney for Defendant City & OCWUT*

**CERTIFICATE OF MAILING**

I hereby certify that on the 22nd day of October, 2026, I filed the attached document with the Clerk of the Court and served the attached document by US Postal Service on the following who are not registered participants of the Electronic Case Filing System or who do not yet have entries of appearance in this case which would cause them to receive electronic notice.

Anthony Trupia
605 SE 21st Street
Oklahoma City, OK 73129
Pro Se Plaintiff

/s/ Katie Goff
Assistant Municipal Counselor