**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ANTHONY TRUPIA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF OKLAHOMA CITY, OKLAHOMA CITY WATER UTILITIES TRUST (OCWUT),CHRIS BROWNING, JAMES D. COUCH, DAVID HOLT, MARK STONECIPHER, CRAIG FREEMAN, DON E. NOBLE, GARY MATTHEWS, RICK THOMPSON, CAROLLO ENGINEERS, INC., BLACK & VEATCH CORPORATION, CROSSLAND HEAVY CONTRACTORS, INC., ARCHER WESTERN CONSTRUCTION, LLC, WYNN CONSTRUCTION CO., INC., MATTHEWS TRENCHING CO., INC., KRAPFF-REYNOLDS CONSTRUCTION COMPANY,<br><br>Defendants. | ) | Case No. CIV-2026-2422-R |

**CROSSLAND HEAVY CONTRACTORS, INC.'S RESPONSE AND OBJECTION TO PLAINTIFF'S MOTION TO REMAND**

Defendant, Crossland Heavy Contractors, Inc. ("Crossland"), respectfully objects to Plaintiff Anthony Trupia's Motion to Remand [Doc. 17]. The Court should deny Plaintiffs' Motion to Remand, as all properly joined and served Defendants have consented to removal. In support, Crossland states as follows:

## PROCEDURAL BACKGROUND

1. On August 31, 2026, Plaintiff filed his Second Amended Complaint in state court, re-asserting and expanding his prior claims. Of particular relevance here, Plaintiff added a new federal civil rights claim against the municipal defendants. [Doc. 1-1].

2. On September 9, 2026, the City of Oklahoma City ("City") and Oklahoma Water Utilities Trust ("OCWUT") removed this matter pursuant to 28 U.S.C. § 1441 based upon Plaintiffs' newly asserted federal civil rights claim [Doc. 1].

3. On September 16, 2026, Motions to Dismiss were filed by Defendants OCWUT[Doc. 1-1], City [Doc. 5] and Gary Matthews/Matthews Trenching Co., Inc. ("Matthews Trenching")[Doc. 6].

4. On September 21, 2026, Motions to Dismiss were filed by Defendants Rick Thompson/Wynn Construction Co., Inc. ("Wynn")[Doc. 8], Archer Western Construction, LLC ("Archer")[Doc. 9] and Crossland [Doc. 11]. On September 22, 2026, Defendant Black & Veatch Corporation ("B&V") filed its Motion to Dismiss [Doc. 12].

5. On October 1, 2026, Plaintiff filed his Motion to Remand and Brief In Support [Doc. 17]. In his Motion, Plaintiff does not dispute the Court has original subject matter jurisdiction. Instead, Plaintiff relies entirely on alleged procedural defects related to the purported failure of all Defendants to properly consent to removal.

6. On October 2, 2026 Archer filed a Notice of Consent to Removal [Doc. 21]. On October 6th, 2026 B&V filed a Notice of Consent to Removal [Doc. 25]. On October 7th, 2026 Defendants Crossland and Wynn each filed a Notice of Consent to Removal [Doc.

27; Doc. 30]. On October 8th, Matthews Trenching filed a Notice of Consent to Removal [Doc. 31].

## ARGUMENT AND AUTHORITY

### I. The Unanimity Requirement Has Been Satisfied.

#### A. § 1446 Does Not Specify Timing Or Form Of Consent To Removal

The general procedural requirements for removal of a civil case are set out in 28 U.S.C. § 1446. *Bruning v. City of Guthrie, Okl*., 101 F. Supp. 3d 1142, 1143–44 (W.D. Okla. 2015). Specifically, 28 U.S.C § 1446(b)(1) states that when a civil action is removed solely under section 1441(a), all defendants who have been ***properly joined and served*** must join in or consent to the removal of the action. *Id* (Emphasis Added). This language is the current statutory embodiment of the "unanimity" rule long recognized in federal law, which requires that all defendants join in or consent to the removal. All the statute requires is the 'consent' of all properly joined and served defendants, not consent evidenced by a separate filing or document. *Id*. Pursuant to 28 U.S.C. § 1441 (a), a defendant may remove a civil action initially brought in state court if the federal district court could have exercised original jurisdiction. *McLaughlin v. Ford Motor Co.*, 603 F. Supp. 3d 1079, 1081 (N.D. Okla. 2022). Neither the Supreme Court nor the Tenth Circuit Court of Appeals have definitively addressed the question of how consent to removal must be manifested for defendants who did not join in the notice of removal. *Bruning,* 101 F. Supp. 3d at 1144.

Views vary across the Tenth Circuit and amongst other federal circuit courts as to how and when consent must be registered. *Id*. However, recent decisions by federal district

courts and appellate courts in Oklahoma and surrounding jurisdictions involving similar facts offer persuasive support for retaining the case in this Court. In 2015, the Eighth Circuit Court of Appeals rendered a decision relied upon by several judges within Oklahoma. In *Griffioen v. Cedar Rapids & Iowa City Ry. Co.,* 785 F.3d 1182, 1187 (8th Cir. 2015), the Eighth Circuit recognized that the written indication of consent can come in various forms and refused to apply the unanimity requirement in a "hypertechnical and unrealistic manner" (quoting *Bradley v. Md. Cas. Co.,* 382 F.2d 415, 419 (8th Cir.1967)). A hyper technical and unrealistic application is precisely what Plaintiff seeks here despite any codified rule demanding that result. As the Court in *Griffioen* pointed out, § 1446(b)(1) does not prescribe the form or timing of consent when multiple defendants are involved. The Court observed that Congress could have defined with specificity the form of or time for consent but chose not to do so. *Id*. Its failure to do so led the court in *Griffioen* to refrain from adopting a rule that places form over substance.

The plain language of § 1446(b)(2)(A) includes no independent filing requirement, whether as to form or timing requirements for consent. The statute is silent as to the necessary form or timing of consent. *McLaughlin*, 603 F. Supp. 3d at 1084. The rule of unanimity has not been interpreted to require that each defendant actually sign the notice of removal, but defendants are typically required to "officially and unambiguously consent to a removal petition filed by another defendant within thirty (30) days of receiving the complaint." *Moses,* 2016 WL 4449654, at *2 (N.D. Okla. Aug. 24, 2016); *Jarvis v. FHP of Utah, Inc*., 874 F. Supp. 1253, 1254 (D. Utah 1995) (*citing Martin Oil Co. v. Philadelphia Life Ins. Co.*, 827 F. Supp. 1236, 1237 (N.D.W.Va. 1993)). Here, all properly

joined and served Defendants have now officially and unambiguously noted their consent within 30 days of removal. Adopting Plaintiffs' argument would exalt form over substance absent a clear statutory requirement to do so.

District courts in both the Western and Northern District of Oklahoma have adopted views either identical or similar to those expressed by the Eighth Circuit in *Griffioen*. Just a month prior to the Eighth Circuit's decision in *Griffioen*, Judge Heaton in the Western District rejected similar arguments in *Bruning* – whose facts are directly analogous and applicable here. In 2016, Judge Claire Egan in the Northern District adopted the views expressed by *Griffioen* in *Moses v. Forkeotes*, No. 16-CV-0303-CVE-PJC, 2016 WL 4449654, at *2 (N.D. Okla. Aug. 24, 2016). In 2022, Judge Frizzell rejected Plaintiff's motion to remand stating that "[c]ourts have declined to remand cases under the rule of unanimity based on a defendant's statement of 'no objection to removal' and have found that a defendant's statement of 'no objection' is sufficient to show consent to removal. *McLaughlin,* 603 F. Supp. 3d at 1083 (N.D. Okla. 2022).

As was the case in *Bruning*, there is no dispute that the defendants have in fact consented to removal. This is evidenced both by their actions taken immediately after removal, as well as their explicit consent filings. What the statute requires is the "consent" of all defendants, not consent evidenced by a separate filing or document. *Bruning* 101 F. Supp. 3d at 1147. Here, there is an abundance of consent more than sufficient to satisfy the statutory requirements and deny Plaintiff's motion.

**B. The Notice of Removal and Subsequent Filings Establish Consent and Alternatively Cure Any Defect in Its Documentation.**

The only relevant statutory timing requirements for removal are that it be accomplished within 30 days of the filing of the triggering pleading (in this case – Plaintiffs' Second Amended Complaint). OCWUT and the City timely removed Plaintiff's Second Amended Complaint within 30 days of its filing. The timing of removal and the timing of noting consent to that removal are two different issues. As discussed above, § 1446(b)(2)(A) specifies no form/timing requirements as to any Defendant's consent to removal. As such, there is no basis under 28 U.S.C. § 1447(c) to justify remand.

OCWUT and the City noted in their Notice and Petition for Removal [Doc. 1] that, pursuant to 28 U.S.C. § 1446(1), all known defense counsel for the other defendants have not objected to removal. [Doc. 1, ¶ 14]. This was accurate and effective. The Plaintiffs in *Moses* made a similar argument, which was rejected by Judge Egan whom noted there was no meaningful difference between a statement of "no objection" and consent to removal. *Moses*, 2016 WL 4449654, at *2 (N.D. Okla. Aug. 24, 2016). Other courts have likewise declined to remand cases under the rule of unanimity based on a defendant's statement of "no objection to removal" and have found that a defendant's statement of "no objection" is sufficient to show consent to removal. *Griffioen* 785 F. 3d at 1187; *York Hannover Holding A.G. v. American Arbitration Ass'n*, 794 F. Supp. 118, 122 (S.D.N.Y. 1992).

Even if this representation were somehow deemed insufficient for consent purposes, all properly joined and served Defendants' have taken actions since removal indicating their consent by filing various motions to dismiss and explicitly noted their consent. *See*

*Bruning v. City of Guthrie*, 101 F. Supp. 3d at 1143, 1146–47 (denying remand where non-joining defendants filed explicit consents more than thirty days after service, and holding that insisting on a timely separate filing "would plainly exalt form over substance" because "[w]hat the statute requires is the 'consent' of all defendants, not consent evidenced by a separate filing or document"); *McLaughlin v. Ford Motor Co.*, 603 F. Supp. 3d at 1085 & n.4 (denying motion to strike co-defendant's notice of consent filed after the thirty-day period as a "legal nullity," and treating it and the co-defendant's motion to dismiss as further evidence of consent). As such, even if the Court were to accept Plaintiffs' argument that a defect in consent existed, it can be and has since been cured. As such, Plaintiffs' motion should be denied.

**CONCLUSION**

For the foregoing reasons, Defendant, Crossland Heavy Contractors, Inc. respectfully request the Court deny Plaintiff's Motion to Remand [Doc. 17].

s/ Christopher T. Combs
Christopher T. Combs, OBA No. 21632
Cole B. Brown, OBA No. 34619
Ethan Elrod, OBA No. 36105
**HAYES MAGRINI & GATEWOOD**
1138 N. Robinson, Suite 102
Oklahoma City, Oklahoma 73103
Telephone: (405) 235-9922
E-Mail: ccombs@hmglawyers.com
cole@hmglawyers.com
eelrod@hmglawyers.com

*Attorneys for Defendant, Crossland Heavy Contractors, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on Thursday, October 22, 2026, I filed the foregoing Motion to Dismiss with the Clerk of the Court and served the attached document by U.S. Mail, postage prepaid on the following who are not registered participants of the Electronic Case Filing system. Otherwise, registered participants will receive automatic notice via ECF.

Anthony Trupia
605 SE 21st Street
Oklahoma City, OK 73129
*Pro Se Plaintiff*

s/ Christopher T. Combs
Christopher T. Combs