**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ANTHONY TRUPIA, an individual,<br>Plaintiff,<br>v.<br>CITY OF OKLAHOMA CITY, *et al*,<br>Defendants. | Case No.: CIV-2026-2422-R |

**DEFENDANTS ARCHER WESTERN CONSTRUCTION, LLC, CITY OF OKLAHOMA CITY, AND OKLAHOMA WATER UTILITIES TRUST'S MOTION FOR SANCTIONS**

Defendants Archer Western Construction, LLC ("Archer Western"), the City of Oklahoma City ("City"), and the Oklahoma Water Utilities Trust, ("OCWUT") mindful of the extreme nature of seeking sanctions, is compelled to file this motion against Plaintiff Anthony Trupia ("Plaintiff") as a result of Plaintiff's repeated and escalating pattern of abusive litigation communications, including personal attacks, threats of sanctions, and threats of extrajudicial pressure against counsel and their clients. The Court's intervention is now necessary to curb that conduct.

## ARGUMENTS AND AUTHORITIES

### I. This Court Has Inherent Authority to Address Plaintiff's Abusive Litigation Conduct.

"Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–631 (1962)). Those powers include "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers*

*v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). The Tenth Circuit has recognized its inherit powers allow for "a sanction for abuse of the judicial process, or, in other words, for bad faith conduct in litigation." *Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1256 (10th Cir. 2015).

Rule 11 prohibits an attorney or unrepresented party from presenting a pleading, written motion, or other paper for an improper purpose, including "to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). And the Tenth Circuit applies an objective-reasonableness standard in assessing Rule 11 conduct. *White v. Gen. Motors Corp.*, 908 F.2d 675, 680 (10th Cir. 1990). Plaintiff's repeated threats to seek sanctions are intertwined with personal attacks on opposing counsel, demands that counsel retract filings or make concessions, and threats to embarrass counsel and their clients through social media; this conduct is objectively unreasonable under the applicable standard. *See Robinson v. Oglala Sioux Tribe*, No. CIV-25-289-D, 2025 WL 2609573, at *6 (W.D. Okla. Sept. 9, 2025), aff'd, No. 25-6143, 2026 WL 2187234 (10th Cir. July 29, 2026) (Stating that a pro se party "is not entitled to any latitude when it comes to threatening and inappropriate conduct") (attached as Exhibit 1).

Rather than using litigation procedures solely to obtain relief from the Court, Plaintiff repeatedly invokes those procedures as leverage in abusive communications with opposing counsel. Such conduct serves no legitimate litigation purpose and instead reflects precisely the type of harassment that Rule 11 seeks to deter. Although Plaintiff's misconduct is not displayed through papers presented to the Court, that limitation does not place the broader course of conduct beyond this Court's reach. To the contrary, Plaintiff's

filings, threatened sanctions motions, and abusive communications form part of the same course of litigation conduct. This Court's inherent authority therefore supplies the appropriate basis to address that conduct as a whole and to prevent Plaintiff from using this litigation as a vehicle for harassment and abuse.

Other federal courts have recognized this authority in similar circumstances. In *Bakhtiari v. Kahn*, the Seventh Circuit affirmed dismissal of actions brought by a pro se plaintiff based on misconduct toward opposing counsel. No. 24-2782, 2026 WL 1239288, at *1 (7th Cir. May 6, 2026) (attached as Exhibit 2). The conduct included, among other things, a threatening email to opposing counsel as well as filings and conduct the court found concerning. *Id.* at *1—*2. "The court further contextualized this conduct by reviewing [Plaintiff's] prior litigation history, including cases involving similar threatening communications and abusive filings." *Id.* at *3. Ultimately, relying on its inherent authority instead of Rule 11, the district court made a finding of bad faith and dismissed the case with prejudice as a sanction. *Id.* The Seventh Circuit upheld the district court's ruling and particularly its reliance on its inherent authority where Rule 11 did not encompass the entire course of misconduct. *Id.*

Likewise, in In *Singer v. Indianapolis Metropolitan Police Department*, a pro se plaintiff engaged in a pattern of threatening and harassing email communications with opposing counsel during the litigation. No. 1:25-cv-00870-JRO-MKK, slip op. at 2–4, 7–8 (S.D. Ind. July 31, 2026) (attached as Exhibit 3). After defense counsel sought judicial intervention, the magistrate judge advised that "threatening, abusive, or harassing language in any form of communication" was unacceptable and further warned that "unprofessional,

disrespectful conduct towards others involved in the litigation" could result in dismissal with prejudice. *Id.* at 4. Despite that warning, the plaintiff continued sending threatening and harassing emails, which the court found constituted "an abuse of the judicial process undertaken in bad faith." *Id.* at 4, 7. The court further recognized that threats directed toward opposing counsel are among the types of bad-faith conduct warranting sanctions. *Id.* at 6.

Defendant seeks similarly tailored relief here. It does not ask the Court to restrict ordinary disagreement or vigorous advocacy, but only to prevent litigation-related communications from becoming a vehicle for personal abuse, harassment, or collateral pressure.

## II. Plaintiff's Repeated and Escalating Conduct Warrants Intervention.

Plaintiff's communications in this case cannot fairly be characterized as a single lapse in judgment or an isolated intemperate remark. They reflect a repeated course of conduct in which Plaintiff couples litigation-related communications with personal attacks, threatened sanctions, and threats of extrajudicial pressure.

On October 1, Plaintiff told opposing counsel that they had "screwed up" removal, stated that he would "enjoy reporting on your incompetence," asserted that he was "not your babysitter," and suggested that counsel should have been capable of properly removing the action "while you're drunk." *See* Email from Anthony Trupia to Defendants' Counsel (Oct. 1, 2026), attached as Exhibit 4. Plaintiff then invoked his social-media following, predicted that counsel's clients would call them "screaming" when the matter

appeared on social media, told counsel to advise their clients to "buckle up," and announced that he was "going to make sure everybody regrets it." *Id.*

The next day, Plaintiff again combined an ordinary litigation matter with a personal attack, directing counsel to "[t]ighten up" and provide disclosures or he would return to court "to alert the court you suck at this." *See* Email from Anthony Trupia to Defendants' Counsel (Oct. 2, 2026), attached as Exhibit 5.

By October 23, the rhetoric had escalated further. Plaintiff characterized counsels' filings as "sanctionable-terrible," advised counsel that he had prepared sanctions motions against them, told counsel, "You are not my equal in litigation, nor are you close," called counsel "bottom rung," and asserted that he was "so many steps ahead of you it's embarrassing." *See* Email from Anthony Trupia to Defendants' Counsel (Oct. 23, 2026), attached as Exhibit 6. Plaintiff again invoked his social-media audience, stating that he would "hit as hard on SM, when the time comes, as I'm hitting you now in court," while promising to continue "embarrassing" counsel. *Id.*

Plaintiff has also researched the personal and professional histories of all defense counsel involved in this matter to manufacture allegations of "fraud and corruption" extending beyond the litigants to counsel and to the Court itself. Plaintiff has compiled "memos" analyzing the alleged connections between counsel, Judge Heaton, Judge Andrews, counsel for all Defendants and their respective firms, and has attempted to leverage those memos to harass or intimidate counsel. Exhibit 7, Counsel Affiliation Memo.

These communications bear directly on the prosecution of this action. They concern removal, disclosures, pending briefing, threatened sanctions, settlement, and anticipated proceedings before this Court, but repeatedly interject personal attacks and threats. *See* Emails from Anthony Trupia to Defendants' Counsel (Oct. 1, 2 & 23, 2026). Plaintiff's conduct therefore presents more than discourteous correspondence between litigants; the challenged communications arise directly from, and are being used in furtherance of, Plaintiff's prosecution of this case. *See generally, Singer*, No. 1:25-cv-00870-JRO-MKK, slip op.; *Bakhtiari,* 2026 WL 1239288.

Nor does Plaintiff's conduct here appear in a vacuum. Similar concerns regarding Plaintiff's litigation conduct have been raised in other recent proceedings, both before the Tenth Circuit and in this District. *See Trupia v. Bob Moore Enterprises, L.L.C.*, No. 25-6130, 2026 WL 1506611, at *3 (10th Cir. May 29, 2026) (attached as Exhibit 8) (characterizing Trupia's conduct as "abusive litigation conduct," including correspondence containing "foul language, insults, personal attacks on BME's owners and counsel, and what could be construed as threats of physical harm to members of BME's ownership and their family"); *Trupia v. Onvoy, LLC*, No. CIV-25-1134-D, slip op. at 1–2 (W.D. Okla. Aug. 6, 2026) (attached as Exhibit 9) (finding, in connection with Plaintiff's frivolous sanctions filing, that it was "hard . . . to reach any other conclusion" than that Plaintiff was intentionally refusing to comply with the Court's repeated orders).

Defendants do not cite *Bob Moore* or *Onvoy* to seek punishment for conduct occurring in other proceedings. Rather, those proceedings provide context for Plaintiff's

conduct here, which reflects the same pattern of personal attacks, threatened sanctions, and abusive litigation tactics and, by Plaintiff's own statements, is likely to continue.

Although the Oklahoma Standards of Professionalism govern attorneys rather than pro se litigants, they articulate a basic standard of litigation conduct that does not depend on legal expertise: "reasonable people can disagree without being disagreeable," and effective representation neither requires nor benefits from conduct that is "uncivil, rude, abrasive, abusive, vulgar, antagonistic, obstructive or obnoxious." Okla. Standards of Professionalism § 2.7. Indeed, the Standard directs attorneys to impress that principle upon their clients, underscoring that civility in litigation is not uniquely an attorney obligation or a matter requiring legal expertise.

## CONCLUSION

For the foregoing reasons, Defendants request that the Court enter an order sanctioning Plaintiff for his abusive behavior, directing Plaintiff to communicate regarding this action without abuse, harassment, threats, or personal attacks, and warning Plaintiff that continued misconduct may result in additional sanctions, including dismissal with prejudice should the Court not deem dismissal appropriate at this time. Defendants request an award of costs and fees incurred with bringing this Motion, and such other and additional relief as the Court deems just and appropriate.

Respectfully submitted,

*/s Jennifer B. Puckett*
Christian S. Huckaby, OBA #16131

Jennifer B. Puckett, OBA #33521
McAFEE & TAFT A PROFESSIONAL CORPORATION
Eighth Floor, Two Leadership Square
211 N. Robinson Avenue
Oklahoma City, OK 73102
(405)235-9621
(405)235-0439
chris.huckaby@mcafeetaft.com
jennifer.puckett@mcafeetaft.com

***Attorney for Defendant Archer Western Construction, LLC***

KENNETH JORDAN
Municipal Counselor

KELEA RICHARDSON
Litigation Division Head

*/s Katie Goff*
Katie Goff, OBA #32402
Assistant Municipal Counselors
200 N. Walker, 4th Floor
Oklahoma City, OK 73102
(405) 297-2451
Katie.goff@okc.com

***Attorney for Defendant City & OCWUT***

**CERTIFICATE OF SERVICE**

This is to certify that on October 30, 2026, a true and correct copy of the foregoing document served via *ECF*, and was mailed via U.S. Mail to the following addresses:

Anthony Trupia
605 SE 21st Street
Oklahoma City, OK 73129
Trupiaar@gmail.com
***Plaintiff***

*/s/ Jennifer B. Puckett*