**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ANTHONY TRUPIA, an individual,<br>Plaintiff,<br>v.<br>CITY OF OKLAHOMA CITY, *et al*,<br>Defendants. | Case No.: CIV-2026-2422-R |

**DEFENDANTS'REPLY IN SUPPORT OF MOTION FOR SANCTIONS**

Defendants Archer Western Construction, LLC, the City of Oklahoma City, and the Oklahoma Water Utilities Trust have requested the Court's intervention to curtail Plaintiff's harassing and threatening communications toward participants in this litigation. Tellingly, Plaintiff immediately responded to the Motion for Sanctions by threatening bar complaints against defense counsel. Plaintiff's continued conduct demonstrates why sanctions and an order requiring Plaintiff to conduct himself with civility are necessary.

**I. Defendants Seek Relief Under the Court's Inherent Authority, Not Rule 11.**

The Court has the inherent authority to sanction litigation conduct that goes beyond the authority vested by Rule 11. Despite Plaintiff's mischaracterizations, this is not a Rule 11 Motion. Rule 11(b)(1) supports the general principle that litigation procedures may not be used "to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). But Rule 11 does not restrict the Court's ability to sanction abusive litigation conduct that falls outside of its purview. Plaintiff argues that sanctions are inappropriate here because his emails were never "presented to the court" and that Defendants did not comply with Rule 11's safe-harbor provision. Doc No. 42, p. 6–8. Both

arguments miss the Motion's fundamental basis: the Court's inherent authority to sanction bad-faith litigation conduct, including misconduct occurring outside court filings. Doc No. 41, p.2–3; *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46, 50 (1991); *Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1256–59 (10th Cir. 2015).

Plaintiff has repeatedly combined threatened sanctions and other litigation procedures with personal attacks, demands for concessions, and threats of collateral public pressure. Doc No. 41, p. 2–5. Since Defendants filed their Motion, Plaintiff has escalated that pattern by threatening to file bar complaints against defense counsel. *See* Email from Anthony Trupia to Defendants' Counsel (November 2, 2026), attached as Exhibit 1. Defendants do not contend that the emails themselves violate Rule 11. Rather, Plaintiff's use and threatened use of litigation procedures as part of abusive communications is relevant to whether his broader course of conduct constitutes bad-faith abuse subject to the Court's inherent authority.

Accordingly, Plaintiff's discussion of Rule 11's safe-harbor requirement does not resolve the issue before the Court. Whether Plaintiff properly served separate Rule 11 motions against other defense counsel is distinct from whether Plaintiff may use communications concerning this litigation as a vehicle for personal attacks, harassment, and collateral pressure.

**II. Plaintiff Does Not Dispute the Communications Underlying Defendants' Motion.**

Plaintiff does not deny sending the October 1, October 2, and October 23 emails on which Defendants principally rely. Nor does Plaintiff deny making the statements quoted

in Defendants' Motion. Instead, Plaintiff describes the communications as merely "blunt," admitting he told counsel they "screwed up" removal and he was "not your babysitter." Doc No. 42, p. 5.

Plaintiff responds principally that these emails contain no threat of physical violence. Doc No. 42, p. 5, 9–11. But physical violence is not the threshold for invoking the Court's inherent authority. That authority extends to bad faith conduct that abuses the judicial process. *Chambers*, 501 U.S. at 44–46; *Farmer*, 791 F.3d at 1256. Defendants therefore need not demonstrate a threat of physical injury before the Court may address litigation communications used to harass, personally attack, or improperly pressure opposing counsel.

Plaintiff's effort to distinguish *Singer v. Indianapolis Metropolitan Police Department* instead supports the relief Defendants seek. No. 1:25-cv-00870-JRO-MKK, slip op. at 2–4, 7–8 (S.D. Ind. July 31, 2026) (attached as Exhibit 2). Plaintiff emphasizes that the court in *Singer* warned the plaintiff before dismissing the case. Doc No. 42, p. 10–11. Defendants ask this Court to take that preliminary step now: set reasonable limits on Plaintiff's communications and warn that continued abusive conduct may lead to additional sanctions. The absence of a prior warning is no reason to deny that prospective relief.

**III. Plaintiff's Pro Se Status Does Not Excuse Abusive Litigation Conduct.**

Plaintiff argues that Defendants contradict themselves by citing the Oklahoma Standards of Professionalism while acknowledging that they do not govern him as a non-attorney. Doc No. 42, p. 16. Defendants invoke the Standards not as binding rules for Plaintiff, but to illustrate conduct unacceptable from counsel. Plaintiff's *pro se* status does

not place him beyond the Court's supervisory authority, nor does it permit him to send litigation communications that would be improper if sent by an attorney.

Plaintiff is not an unfamiliar participant in the judicial process; rather, he routinely files lawsuits and chooses to represent himself in those proceedings. Having elected to act as his own representative, Plaintiff cannot use that choice to obtain greater latitude to engage in conduct that would be unacceptable if undertaken through counsel. Whatever justification may exist for affording additional latitude to an inexperienced pro se litigant is substantially diminished here, where Plaintiff has considerable litigation experience and repeatedly elects to appear *pro se*. And while *pro se* status may warrant latitude on matters requiring legal knowledge or expertise, the conduct at issue here implicates neither. Basic civility requires no legal training, and a law degree is not required to understand that litigation does not permit abuse, harassment, threats, or personal attacks.

The Oklahoma Standards of Professionalism recognize that "reasonable people can disagree without being disagreeable" and that effective representation does not require, and is impaired by, behavior that is "uncivil, rude, abrasive, abusive, vulgar, antagonistic, obstructive or obnoxious." Okla. Standards of Professionalism § 2.7. Significantly, the Standard instructs attorneys not only to observe that principle themselves, but also to "impress [it] upon [their] client." *Id.*

That aspect of the Standard is particularly relevant here. Although the Standards govern attorneys, their basic principle requires no legal training—litigation can be adversarial without becoming personally abusive. Section 2.7 reinforces that principle by directing attorneys to encourage the same restraint in their clients. *Id.* Plaintiff should not

have greater latitude to send abusive communications merely because he represents himself rather than communicating through counsel.

Defendants cite the Standards not as an independent basis for sanctions, but to show that the requested limits on Plaintiff's conduct are neither novel nor burdensome. The Court's authority rests on its inherent power to regulate proceedings and address bad-faith abuse of the judicial process. *See Chambers*, 501 U.S. at 43–46.

**IV. Plaintiff's Prior Conduct Provides Context for the Relief Requested.**

Plaintiff's attempts to distinguish the *Bob Moore* and *Onvoy* cases do not undermine Defendants' Motion. Those offer context demonstrating that Plaintiff's conduct here is not isolated. *See Trupia v. Bob Moore Enters., L.L.C.*, No. 25-6130, 2026 WL 1506611, at *3 (10th Cir. May 29, 2026) (recounting allegations of Plaintiff's "abusive litigation conduct") (attached as Exhibit 3); *Trupia v. Onvoy, LLC*, No. CIV-25-1134-D, slip op. at 2 (W.D. Okla. Aug. 6, 2026) (finding it "hard . . . to reach any other conclusion" than that Plaintiff was intentionally refusing to comply with repeated court orders) (attached as Exhibit 4). The basis for relief remains Plaintiff's admitted conduct in this case.

Plaintiff also incorrectly suggests that Defendants' reference to Judge Heaton was based solely on the "Counsel Affiliation Memo." Doc No. 42, p. 15. But that memorandum was only one of several materials Plaintiff circulated, and the exhibits to Defendants' Motion were not exhaustive of Plaintiff's communications. Plaintiff also sent a separate document titled "The Nexus Register," which contains additional references underlying part of Defendants' characterization. *See* Email from Anthony Trupia to Katie Goff (Aug. 13, 2026), Doc No. 42, Exhibit 1; The Nexus Register, attached as Exhibit 5.

## V. Defendants Clearly Identified the Relief Requested.

Finally, Plaintiff contends that Defendants seek an "unspecified sanction." Doc No. 42, p. 16. That characterization cannot be reconciled with either the Motion or Plaintiff's own Response. Defendants expressly requested that the Court direct Plaintiff "to communicate regarding this action without abuse, harassment, threats, or personal attacks," warn that continued misconduct may result in additional sanctions, award Defendants the fees and costs incurred in bringing the Motion, and grant such other relief as the Court deems just and appropriate. Doc No. 41, p. 7. Plaintiff therefore has clear notice of the relief Defendants seek.

Indeed, immediately after asserting that Defendants failed to identify the requested sanction, Plaintiff addresses the communication restriction and argues that it would be improper. Doc No. 42, p. 16–17. Plaintiff cannot reasonably contend both that the requested relief is unspecified and that the particular relief requested should be denied.

The relief requested here is narrow. Defendants do not request an order prohibiting Plaintiff from criticizing their legal positions, pursuing legitimate remedies, or publicly discussing this litigation. The requested relief concerns Plaintiff's direct communications with Defendants and their counsel regarding this case. Defendants ask that those communications be professional, address legitimate litigation matters, and contain no abuse, harassment, threats, or personal attacks.

That request is particularly appropriate given Plaintiff's argument that no court has previously directed him to refrain from such conduct. The requested order would establish that boundary now, while preserving Plaintiff's ability to advocate his claims.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion for Sanctions and impose such sanctions as the Court determines appropriate under its inherent authority. Defendants further request that the Court enter an order directing Plaintiff to communicate with Defendants and their counsel regarding this action without abuse, harassment, threats, or personal attacks and warning Plaintiff that continued misconduct may result in additional sanctions, including dismissal where appropriate. Defendants also request their reasonable fees and costs incurred in bringing the Motion and such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

*/s Jennifer B. Puckett*
Christian S. Huckaby, OBA #16131
Jennifer B. Puckett, OBA #33521
MCAFEE & TAFT A PROFESSIONAL CORPORATION
Eighth Floor, Two Leadership Square
211 N. Robinson Avenue
Oklahoma City, OK 73102
(405)235-9621
(405)235-0439
chris.huckaby@mcafeetaft.com
jennifer.puckett@mcafeetaft.com

***Attorney for Defendant Archer Western Construction, LLC***

KENNETH JORDAN
Municipal Counselor

KELEA RICHARDSON
Litigation Division Head

*/s Katie Goff*
Katie Goff, OBA #32402
Assistant Municipal Counselors
200 N. Walker, 4th Floor
Oklahoma City, OK 73102
(405) 297-2451
Katie.goff@okc.com

***Attorney for Defendant City & OCWUT***

**CERTIFICATE OF SERVICE**

This is to certify that on November 6, 2026, a true and correct copy of the foregoing document served via *ECF*, and was mailed via U.S. Mail to the following addresses:

Anthony Trupia
605 SE 21st Street
Oklahoma City, OK 73129
Trupiaar@gmail.com
***Plaintiff***

*/s/ Jennifer B. Puckett*