2026 WL 1506611
Only the Westlaw citation is currently available.
United States Court of Appeals, Tenth Circuit.

Anthony TRUPIA, Plaintiff - Appellant,
v.
BOB MOORE ENTERPRISES, L.L.C., Defendant - Appellee.

No. 25-6130
|
FILED May 29, 2026

(D.C. No. 5:25-CV-00568-HE) (W.D. Oklahoma)

**Attorneys and Law Firms**

Anthony Trupia, Oklahoma City, OK, Pro Se.

Jared R. Boyer, Evan James Edler, Rodney K. Hunsinger II, HB Law Partners, Norman, OK, for Defendant - Appellee.

Before MATHESON, MORITZ, and FEDERICO, Circuit Judges.

**ORDER AND JUDGMENT** [*]

Richard E.N. Federico, Circuit Judge

***1** Anthony Trupia, appearing pro se, appeals the district court's order dismissing his claims under the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227, remanding his state-law claims, and denying his pending motions. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I

Trupia filed an action in Oklahoma state court, alleging as follows. After he arranged for defendant Bob Moore Enterprises, L.L.C. (BME), to service his vehicle, BME enrolled him "in a marketing campaign involving automated text messages" without his "prior express written consent." R. at 10. BME then sent two text messages to Trupia's cell phone several months apart informing him that it was time for another service visit: "Hello Anthony, this is Amber at [BME]. Our records indicate that it's already time for your next service visit. Can I help you schedule an appointment? Opt-out reply STOP." *Id.* (internal quotation marks omitted). Trupia alleged that these "text messages were sent using an automatic telephone dialing system (ATDS) or prerecorded messages, as evidenced by their generic, automated nature and the identification of 'Amber' as an AI virtual assistant by a [BME] employee." *Id.*

Based on these allegations, Trupia asserted four TCPA claims, four claims under Oklahoma's Telephone Solicitation Act of 2022, Okla. Stat. tit. 15, §§ 775c.1–775c.6, and a claim under Oklahoma common law for intrusion upon seclusion. He sought damages, injunctive relief, and an order that BME pay fines to the United States and the State of Oklahoma.

BME removed the action to federal district court and thereafter filed a motion to dismiss all claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

The district court granted BME's motion to dismiss as to the TCPA claims. In two of those claims, Trupia asserted the text messages violated a TCPA provision that makes it unlawful to use an ATDS or "an artificial or prerecorded voice" to call a cellular telephone number without the recipient's "prior express consent," § 227(b)(1)(A)(iii). [1]

The district court first addressed the claim based on the statutory prohibition on using an ATDS. The TCPA defines an ATDS as "equipment which has the capacity" both "to store or produce telephone numbers to be called, using a random or sequential number generator," and "to dial such numbers." § 227(a)(1). The district court concluded no reasonable inference could be drawn from Trupia's conclusory allegations that the equipment BME used to send text messages fell within this definition. The court further explained that because Trupia alleged BME had enrolled him "in a marketing campaign involving automated text messages," R. at 10, his "telephone number was not automatically or randomly generated, but selected from information [BME] possessed after [Trupia] arranged for vehicle service," R. at 188. Consequently, the district court concluded Trupia could not establish BME used an ATDS to send him text messages.

***2** The district court next considered the claim based on the TCPA's prohibition on using an "artificial or prerecorded voice" to make calls to cell phones without the recipient's consent. The court concluded text messages do not fall within

the meaning of "artificial or prerecorded voice"; therefore, Trupia could not prevail on this claim, and allowing an opportunity to amend the claim would be futile.

In two other TCPA claims, Trupia asserted the text messages violated § 227's requirement that all artificial or prerecorded telephone messages must state the caller's telephone number and address, *see* § 227(d)(3)(A), and its prohibition on transmitting "misleading or inaccurate caller identification information," § 227(e)(1). But in response to BME's motion to dismiss, Trupia conceded he did not have a private right of action to enforce these requirements. After independent review, the district court agreed with that concession and dismissed those claims.

Having dismissed the federal claims, the district court declined to exercise supplemental jurisdiction over the state-law claims and remanded them to state court. The district court also denied Trupia's motion to remand all claims and struck other pending motions as moot, including BME's motion for sanctions, Trupia's motion to strike that motion, and Trupia's motions to disqualify BME's counsel and for sanctions. Trupia appeals.

## II

Although we afford Trupia's pro se filings a liberal construction, he must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted). One of those procedural rules is Federal Rule of Appellate Procedure 28(a)(8)(A). It requires an appellant's opening brief to include an "argument, which must contain ... appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). Thus, an appellant's "brief must contain more than a generalized assertion of error, with citations to supporting authorities." *Garrett*, 425 F.3d at 841 (alteration and internal quotation marks omitted). "When a pro se litigant fails to comply with that rule, we cannot fill the void by crafting arguments and performing the necessary legal research." *Id.* (alteration and internal quotation marks omitted).

Trupia's opening brief does not comply with Rule 28(a)(8)(A). In that brief, Trupia lists 42 issues. Some cite a statute or a case in support (many do not), but he provides no supporting argument, only a conclusion; and he provides no record citations. With one exception discussed below, he fares no better in the argument section of his brief, advancing conclusory allegations of error with no substantive analysis of the district court's reasoning. In his reply brief, he attempts to remedy these shortcomings, but that effort comes too late. *See* *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 676 n.9 (10th Cir. 2016) ("We generally do not consider arguments raised for the first time in a reply brief").

Thus, we conclude Trupia has waived appellate review of the district court's order dismissing his TCPA claims, remanding his state-law claims, and denying his pending motions. *See* *Becker v. Kroll*, 494 F.3d 904, 913 n.6 (10th Cir. 2007) ("An issue or argument insufficiently raised in the opening brief is deemed waived."); *Garrett*, 425 F.3d at 841 ("We do not consider merely including an issue within a list to be adequate briefing." (internal quotation marks omitted)); *Christian Heritage Acad. v. Okla. Secondary Sch. Activities Ass'n*, 483 F.3d 1025, 1031 (10th Cir. 2007) ("Where an appellant lists an issue, but does not support the issue with argument, the issue is waived on appeal.").

***3** The lone exception to our waiver conclusion based on inadequate briefing is Trupia's argument that the *Twombly*/*Iqbal* plausibility standard [2] used to assess the legal sufficiency of a complaint at the pleading stage violates the Seventh Amendment's right to a jury trial and the Fourteenth Amendment's guarantee of due process. But Trupia did not raise this argument in the district court. Rather, he relied on the *Twombly*/*Iqbal* standard in his opposition to BME's motion to dismiss. *See* R. at 148. And because he has not argued for plain-error review on appeal, he has forfeited appellate review of this issue. *See* *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011) ("[T]he failure to argue for plain error and its application on appeal ... surely marks the end of the road for an argument for reversal not first presented to the district court."). [3] In any event, the Supreme Court has not overturned *Twombly* or *Iqbal*; they remain controlling law, and like the district court, we are bound to apply them. *See* *United States v. Venjohn*, 104 F.4th 179, 186 (10th Cir. 2024) ("The Supreme Court ... makes plain the law that we and our district courts are bound to follow.").

## III

BME filed, in this court, a motion for sanctions against Trupia for his abusive litigation conduct, which includes correspondence using foul language, insults, personal attacks

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

on BME's owners and counsel, and what could be construed as threats of physical harm to members of BME's ownership and their family. In its motion, BME relies on the inherent authority of federal courts to sanction conduct that " 'abuses the judicial process.'" Mot. at 5 (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017)). But that authority stems from courts' "inherent power[ ] ... to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Haeger*, 581 U.S. at 107 (internal quotation marks omitted).

Here, the conduct BME says is sanctionable occurred between the parties in relation to their litigation in Oklahoma state court, after the federal district court remanded the state-law claims. Thus, there is an insufficient connection between that conduct and this appeal such that we may sanction Trupia under our inherent power. Instead, it appears the Oklahoma state court was the appropriate forum to entertain a motion for sanctions relating to Trupia's post-remand conduct. And in fact, BME informs us that, contemporaneously with the motion for sanctions here, it filed a similar motion for sanctions with the Oklahoma state court. *See* Mot. at 2 n.2. Accordingly, we deny BME's motion for sanctions.

## IV

We affirm the district court's order dismissing Trupia's federal claims, remanding his state-law claims, and denying his pending motions. We deny BME's motion for sanctions (Dkt. No. 20).

### All Citations

Not Reported in Fed. Rptr., 2026 WL 1506611

## Footnotes

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

1 A text message qualifies as a call within the ambit of this provision. *See* *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016).

2 *See* *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3 For the same reason, and in addition to inadequate-briefing waiver, Trupia has forfeited appellate review of any other issues he did not present to the district court.

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.