Case 5:26-cv-02124-R Document 43-4 Filed 10/09/26 Page 1 of 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ANTHONY TRUPIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-1134-D |
| | ) | |
| ONVOY, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On July 10, 2026, the Court entered an Order [Doc. No. 90], overruling Plaintiff's objection to the Court's prior order [Doc. No. 81], and allowing Plaintiff to file individual responses (not to exceed 30 pages) to Defendants' motions to dismiss [Doc. Nos. 49, 51, 52, 56, 58, 60, 65] on or before July 22, 2026. The Court also struck Plaintiff's previously-filed responses to the motions to dismiss [Doc. Nos. 83-89] for exceeding the Court's 30-page limit. [Doc. No. 90]. The Court advised Plaintiff that it would not grant any further relief with respect to Plaintiff's response deadline or page limitations. *Id.* at 2.

On July 21, 2026, instead of filing individual responses to the motions to dismiss as ordered, Plaintiff filed a "Motion for Sanctions under 28 U.S.C. § 1927" [Doc. No. 92] and a "Motion for Leave to File Oversized Brief in Support of Motion for Sanctions under 28 U.S.C. § 1927" [Doc. No. 91]. Plaintiff requests that he be permitted to file a 56-page (not including the table of contents) brief in support of his motion for sanctions "because addressing seven separately-signed filings with the specificity sanctions practice requires cannot be done within the default limit." *Id.* at 2. He adds, in a declaration attached to his

motion, that he is "not refusing to comply with the Court's thirty-page limitation" but is "unable to comply with it without giving up substantive rights and meritorious claims that [he has] carefully researched and prepared." [Doc. 91, Att. 3, at 2].[1]

The Court has repeatedly advised Plaintiff that his individual responses to Defendants' motions to dismiss may not exceed 30 pages.[2] [Doc. Nos. 78, 81]. The Court also has previously advised Plaintiff that requesting additional pages or other relief on the deadline to file a brief is improper. [Doc. Nos. 78, 81]; *see also* LCvR 7.1(e). Despite Plaintiff's assurances to the Court that he is not intentionally refusing to comply with the Court's orders, it is hard for the Court to reach any other conclusion given its repeated admonishments to Plaintiff regarding the page limit for his responses. And Plaintiff's Motion for Sanctions also violates LCvR 7.1(c) because he intends for his Motion for Sanctions to serve as both a combined response to the motions to dismiss and a request for the imposition of sanctions. *Id.* ("A response to a motion may not also include a motion or a cross-motion made by the responding party.").

---

[1] Although styled as a Motion for Sanctions, it appears that Plaintiff intends for the Motion to serve as his response to Defendants' motions to dismiss. *See* Doc. 91, Att. 3, at 2 ("I have attempted to reduce each response to thirty pages. I cannot do so without omitting arguments, facts, or legal authority that are necessary to answer the grounds raised against me and to preserve claims I have confirmed to be valid.").

[2] The Court notes that on July 17, 2026, it gave Plaintiff the options of either filing individual 25-page responses to the motions to dismiss, or filing one consolidated response, not to exceed 85 pages. [Doc. No. 78, at 2]. Plaintiff chose the former when he filed his now stricken 30-page responses to Defendants' motions to dismiss, *see* Doc. Nos. 83-89, and the Court extended his deadline to submit his responses, in compliance with the 25-page requirement, to July 22, 2026. [Doc. No. 90].

For these reasons, Plaintiff's Motion for Sanctions [Doc. No. 92] is **STRICKEN**, and Plaintiff's Motion for Leave to File Oversized Brief [Doc. No. 91] is **DENIED**.[3]

**IT IS SO ORDERED** this 6th day of August, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3] In its order of July 10, 2026 [Doc No. 90], addressing an earlier failure by Plaintiff to abide by this Court's orders, Plaintiff was warned that future such failures would result in sanctions. The Court hereby reiterates that warning, and adds that such sanctions could include dismissal of this action with prejudice.