**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ANTHONY TRUPIA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2422-R** |
| | ) | |
| **CITY OF OKLAHOMA CITY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Before the Court is Plaintiff's Motion to Remand [Doc. No. 17]. The motion is fully briefed [Doc. Nos. 33, 34, 35, 36, 37, 38, 39] and at issue.

Defendant City of Oklahoma City and the Oklahoma City Water Utilities Trust (OCWUT) removed this action citing to federal question jurisdiction under 28 U.S.C. § 1441. The Notice of Removal [Doc. No. 1] filed by the City and OCWUT states "all known defense counsel for the eleven non-City defendants, including those who have been dismissed and not re-served, have been notified of this Removal, even if only as a courtesy, and they have not indicated an objection." After removal, several defendants, including the City, OCWUT, Rick Thompson, Wynn Construction Co. Inc., and Crossland Heavy Contractor's, Inc., filed separate motions seeking to dismiss the Second Amended Complaint [Doc. Nos. 4, 5, 6, 8, 9, 11, 12]. Plaintiff timely moved for remand, arguing that the Notice of Removal was procedurally defective because it does not reflect that all defendants consented to the removal. Subsequently, several defendants – including those

noted above – filed notices stating that they consent to the removal [Doc. No. 21, 25, 27, 30, 31 .

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." "This is known as the rule of unanimity and 'lack of unanimity is a procedural defect clearly established by statute as precluding removal.'" *Robertson v. State Farm Fire & Casualty Co.*, 2026 WL 2643720, at *2 (W.D. Okla. Sept. 8, 2026) (quoting *Harvey v. UTE Indian Tribe of the Uintah & Ouray Rsrv.*, 797 F.3d 800, 805 (10th Cir. 2015)). Importantly, the removing defendant "bears the burden to show compliance with removal statute requirements, and to explain affirmatively the absence of any co-defendants in the notice of removal." *First Am. Bank v. Kashi Hosp. LLC*, 820 F. Supp. 3d 1218, 1222 (D.N.M. 2026) (quotation marks omitted).

Here, the Court agrees with Plaintiff that the removal was defective and requires remand. The Notice of Removal states only that the non-removing defendants "have not indicated an objection." Even assuming that a removing defendant can vouch for another defendant, this statement does not reflect consent to removal.[1] To state the obvious, "not

[1] "The failure of one defendant to join in the notice renders the removal notice procedurally defective, which requires that the district court remand the case." *Brady v. Lovelace Health Plan*, 504 F. Supp. 2d 1170, 1172–73 (D.N.M. 2007). The City and OCWUT contend that the only other proper defendant to this action is Crossland. Thus, the failure to reflect that Crossland affirmatively consented renders the removal

objecting to a filing is not the same as joining the filing." *Baldy v. First Niagara Pavilion, C.C.R.L., LLC*, 149 F. Supp. 3d 551, 562 (W.D. Pa. 2015). To show consent, the City and OCWUT submitted an email from their counsel to counsel for the non-removing defendants in their response brief. The email states "I will be filing a notice of removal tomorrow" and "let me know if [] anyone has any objection." However, they did not include any evidence showing that the other defendants responded, or even had a chance to respond, to the email. If anything, this supplemental evidence suggests that the City and OCWUT removed the case prior to receiving the affirmative consent of the other defendants.[2]

The removal statutes require consent, and "[a]n approach to the unanimity requirement that countenanced something less than an expression made directly by all those whose unanimous concurrence is required would quite possibly invite more mischief than it would avoid." *511 Couch LLC v. Travelers Prop. Cas. Co. of Am.*, No. CIV-14-1279-F, 2015 WL 13567456, at *8 (W.D. Okla. Feb. 6, 2015). The Notice of Removal does not reflect that all properly joined and served defendants consented to the removal and the Notice is therefore procedurally defective.[3] *See Griffin v. State Farm Fire & Cas. Co.*, No. CIV-25-916-SLP, 2026 WL 279379, at *2 (W.D. Okla. Feb. 3, 2026) (concluding that

---

procedurally defective and there is no need to resolve the parties' dispute as to whether any other defendant was properly joined and served or waived their ability to remove the action.

[2] The lack of any evidence establishing consent at the time of removal distinguishes this case from *Moses v. Forkeotes*, No. 16-CV-0303-CVE-PJC, 2016 WL 4449654, at *2 (N.D. Okla. Aug. 24, 2016), where the removing defendant included an email from the nonremoving defendant clearly reflecting consent to removal.

[3] In arguing otherwise, Defendants rely heavily on *Bruning v. City of Guthrie*, 101 F. Supp. 3d 1142, 1146 (W.D. Okla. 2015). That case is distinguishable because, unlike here, the notice of removal in *Bruning* unambiguously stated that the non-removing defendants "consent to the removal." *Id.*

where the Notice of Removal is "silent with respect to the issue of [nonremoving defendant's] consent" that "defect alone would support a remand."); *Horschler v. Gonzales*, No. CIV-07-1318-HE, 2007 WL 9710737, at *1 (W.D. Okla. Dec. 28, 2007) (finding "the case must be remanded" where notice did not indicate consent of non-removing defendant even though removing defendant argued that it was informed before removal that defendant consented).

Defendants nevertheless contend that the removal was proper because Defendants (or at least the Defendants that have been properly joined and served) subsequently indicated their consent. But the Court will "not infer consent from the mere fact that [a non-removing defendant] filed his answer [or motion to dismiss] in federal court." *Henderson v. Holmes*, 920 F. Supp. 1184, 1187 (D. Kan. 1996). Further, Defendants' consent notices were filed over thirty days after they were served with the Second Amended Complaint and only in response to the motion to remand. Although there is some disagreement as to the appropriate time frame for filing a separate consent to removal, courts in this district have endorsed the position that defendants must provide their consent to removal not later than the date on which the last-served defendant had to file a notice of removal. *See Trupia v. Sentry Credit, Inc.*, CIV-26-2374-J (W.D. Okla. Oct. 30, 2025) (collecting cases); *see also Zambrano v. New Mexico Corr. Dep't*, 256 F. Supp. 3d 1179, 1185 (D.N.M. 2017) ("[A]ll Defendants in this matter were required to file their notices of consent thirty days from when the last Defendants were served with process."); *Spigner v. Singh,* No. CV 21-123 SCY/LF, 2021 WL 3033331, at *3 (D.N.M. July 19, 2021) (remanding case where non-removing defendant "did not file his consent to removal until

after Plaintiffs filed their motion to remand and, it appears, only filed the consent in response to Plaintiffs' motion to remand"); *Hood v. PowerPay, LLC*, No. 1:22-CV-00018-RJS, 2023 WL 184167, at *4 (D. Utah Jan. 13, 2023) (a removing defendant's "late explanation for the absence of the Non-Removing Defendants does not save an otherwise defective petition").

"[I]t is well established that defendants in a multi-defendant case must join in the notice of removal." *511 Couch*, 2015 WL 13567456, at *7. Given that the burden of proof rests on the removing party, the Court concludes that the City and OCWUT's Notice of Removal is insufficient to establish that each properly joined and served defendant consented to the removal. *Id*. Further, the Court is not persuaded that Defendants' belated notices cure the defect. The Court has "significant doubts as to whether the removal procedure was properly effectuated in this case, so the matter must be resolved in favor of remand." *Zambrano*, 256 F. Supp. 3d at 1185. Although Defendants suggest that remand is a harsh result that would elevate form over substance, "this Court does not believe that requiring adherence to the basic mandate of the unanimity rule constitutes 'legal flaw-picking.'" *State Farm Fire & Cas. Co. v. Dunn-Edwards Corp*., 728 F. Supp. 2d 1273, 1278 (D.N.M. 2010). The Court "has no discretion to ignore Congressionally mandated procedure on the basis that its application leads to a harsh result." *Spigner*, 2021 WL 3033331, at *7.

"Because unanimous consent is a statutory condition of proper removal, the removal is procedurally defective" and remand is required. *First Am. Bank*, 820 F. Supp. 3d at 1226.

Accordingly, Plaintiff's Motion to Remand is GRANTED and this action is REMANDED to the District Court of Oklahoma County. Plaintiff's request for attorney fees and costs is denied because there was a reasonable basis for debating the propriety of the removal.

IT IS SO ORDERED this 24th day of November, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE